LAW OFFICES OF

# TIMOTHY J. O'CONNOR

MEMBER OF BAR IN
NEW YORK AND FLORIDA

29 WARDS LANE
ALBANY, NEW YORK 12204
TJO@TJOLAW.COM

TEL 518-426-7700
FAX 518-426-7770

August 15, 2005

William A. Rome, Esq.
Hoffman & Pollok, LLP
260 Madison Avenue, 22nd Floor
New York, New York 10016

*Re:*  *Devora Tilson v. Thomas R. Kershner, Kennerman Associates, Inc. and Wachovia Securities, Inc., et al*
*NASD Dispute Resolution Arbitration No. 04-08119*

Dear Mr. Rome:

I am in receipt of your documents bearing dates numbered T653-T2725.

I note in your pagination T01212 through T01953, you are apparently producing a packet of documentation which might purport to have some unity to the extent that it was all wrapped by the same rubber band and the documentation appears to have come from certain files belonging to Frank Yula. Is this the entirety of his working file? Notably, there is no correspondence component and to the extent that Mr. Yula was acting as a co-guardian and accountant, there surely must have been a correspondence component, in addition to Mr. Yula's billing component for whatever services he was performing as an accountant, co-guardian, or otherwise.

With respect to the Morgan Stanley information in monthly account statements, we would appreciate receipt of new account forms and correspondence with Morgan Stanley for the entirety of the maintenance of the subject accounts with Morgan Stanley through the correspondence, margin call notifications, investment solicitation and the like (see pages T-01972 – T02428).

Further, interspersed in your production, I see documentation entitled "Jack and Devore Tilson-Devore personal (i.e. T01083). Are these reconciliations, profit and loss, previous year comparisons, balance sheet previous year comparisons, vendor balance details, transaction detail by account, general ledgers, guardian account chronologies, and the like? They all appear to be in a similar software spreadsheet format and, thus, I am sure you can understand my desire to ascertain the mode of their generation. Likewise, there are certain handwritten notations on certain documents. For example, page T01174 contains a number of notes at the bottom of the page, and

Tilson v. Kershner, et al
August 15, 2005
Page 2

page T01138 contains handwritten references to a "Mr. Nagel," with another reference to a "tuition contract," etc., and, thusly, I am interested in ascertaining the author/transcriber of those notations.

The very diary/calendar entries memorialized in your bates pagination T00970 – T1000 only appear to cover a short period of time and I would likewise be interested in procuring the entirety of the time continuum.

Bill, I still have not received the lion's share of the supporting documentation for the various loans which she engaged in. I am sure can understand my desire for more substantive responses to our outstanding demands, particularly as they relate to the various loans engaged in by Mrs. Tilson, as well as Mr. Yula's involvement as co-guardian. Also, I still have not been provided with the particulars of certain wire transfers to France, Granada, Canada and the like, and I also have concerns as to whether or not Ms. Tilson maintained financial accounts which we have not yet been provided with, whether they be in the United States or overseas.

At this point, I suggest we schedule a three-way telephone conference with yourself and Mr. Rice so that we may discuss all of our respective outstanding discovery-related concerns in order to obviate the necessity of motion practice, the involvement of the Arbitration Panel, and all of the attendant costs.

Please feel free to call me if you have any questions. Looking forward to working with you as matters proceed, I am

Very truly yours,

TIMOTHY J. O'CONNOR
TJO/sfd
cc:   David J. Rice, Esq.
      Wachovia Securities, LLC
      Legal Division
      901 East Byrd Street, 10th Floor
      Richmond, Virginia 23219

V:\Tilson\Letters and Memos\Rome 3.doc