

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 23, 2005

BY FACSIMILE

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

      Re:    United States. v. Alberto William Vilar and Gary Alan Tanaka,
                  S1 05 Cr. 621 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in response to the Court's request for additional briefing on the questions of whether: (1) to satisfy *Miranda* v. *Arizona*, 384 U.S. 436 (1966), an individual must be advised that a decision to remain silent or to invoke his or her *Miranda* rights cannot be used against that individual; and (2) the evidence adduced at the hearing was sufficient for the Court to infer that Mr. Vilar waived his *Miranda* rights.

I.
Compliance With *Miranda* Does Not Require Law Enforcement
Agents To Notify An Individual Subject To Custodial Interrogation
That The Failure To Speak To Law Enforcement Can Not Be Used Against Him

      It is black letter law that the Government may not use post-arrest, post-*Miranda* silence against the defendant at trial. *See Doyle* v. *Ohio*, 426 U.S. 610, 618 (1976) (post-arrest, post-*Miranda* silence may not be used to impeach an explanation subsequently offered at trial); *c.f. Griffin* v. *California*, 380 U.S. 609 (1965) (Fifth Amendment prohibits prosecutorial comment on defendant's refusal to testify). However, it is equally well-established that *Miranda* does not require that an individual be advised of that legal fact as part of the *Miranda* litany. Indeed, the Supreme Court has made clear that, "while it is true that the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings." *Doyle*, 426 U.S. at 618. Indeed, it was based on that *implicit* assurance that the Court in Doyle held that "it would be fundamentally unfair and a deprivation of due process to allow the arrested persons's silence to be used to impeach an explanation subsequently offered at trial." *Id*. In *South Dakota* v. *Neville*, 459 U.S. 553 (1983), the Supreme

Hon. Kenneth M. Karas
December 23, 2005
Page 2

Court further explicated *Doyle* as follows: "[T]he *Miranda* warnings emphasize the dangers of choosing to speak ('whatever you say can and will be used as evidence against you in court'), but give no warning of adverse consequences from choosing to remain silent. This imbalance in the delivery of *Miranda* warnings, we recognized in *Doyle*, implicitly assures the suspect that his silence will not be used against him." *Id*. at 565; *see also Wainwright* v. *Greenfield*, 474 U.S. 284, 292 (1986) ("The point of the *Doyle* holding is that it is fundamentally unfair to promise an arrested person that his silence will not be used against him and thereafter to impeach his trial testimony. It is equally unfair to breach that promise by using silence to overcome a defendant's plea of insanity. In both situations, the State gives warnings to protect constitutional rights and *implicitly* promises that any exercise of those rights will not be penalized. In both situations, the State then seeks to make use of the defendant's exercise of those rights in obtaining his conviction. The *implicit* promise, the breach, and the consequent penalty are identical in both situations.") (emphases supplied). The Government is unaware of any legal authority requiring that an individual explicitly be advised that silence or the invocation of *Miranda* rights can not be used against that individual. That "advise" is implicit in the required warnings. Accordingly, the Court should find that the warnings given to Mr. Vilar were legally sufficient under *Miranda*.

II.
The Court May Properly Draw The Inference
That Vilar Waived His *Miranda* Rights

In *North Carolina* v. *Butler*, 441 U.S. 369 (1979), the Supreme Court made clear that waivers of *Miranda* rights need not be explicit:

> An express written or oral statement of waiver of the right to remain silent or of the right to counsel is unusually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case. As was said in Miranda, mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver may be clearly inferred from the actions and words of the person interrogated.

*Id*. at 373. *See, e.g., United States* v. *Scarpa*, 897 F.2d 63, 68 (2d Cir. 1990) ("While merely answering questions after *Miranda* warnings have been given does not necessarily constitute a waiver, no express statement of waiver is required."); *United States* v. *Matsushita*, 794 F.2d 46, 50 (2d Cir. 1986) ("A defendant's actions and words may constitute a waiver of *Miranda* rights, even absent an explicit statement as to waiver."); *United States* v. *Frankson*, 83 F.3d 79, 82-83 (4th Cir. 1996) (valid waiver where defendant cooperated with investigator after acknowledging

Hon. Kenneth M. Karas
December 23, 2005
Page 3

understanding his *Miranda* rights); *United States* v. *Velasquez*, 626 F.2d 314, 320 (3d Cir. 1980) (a willingness to answer questions after acknowledging understanding *Miranda* rights "is sufficient to consitute an implied waiver under *Butler*"). In determining whether or not a defendant has waived his rights, courts examine the totality of the circumstances, including the "background, experience, and conduct of the accused." *Butler*, 441 U.S. at 374-75.

      At the hearing, the Court credited the testimony of U.S. Postal Inspectors Wright and Feeney, and found that Mr. Vilar was informed of his rights prior to making any of the post-arrest statements that the defendant is seeking to suppress . (Tr. 206-09). The Court noted that Mr. Vilar affirmed understanding those rights (Tr. 207), and found that Mr. Vilar is "very sophisticated," "educated," had no language barriers to understanding, and "clearly was not intimidated by the situation." (Tr. 208). The Court further credited the Postal Inspectors' testimony concerning Mr. Vilar's controlled and professional demeanor throughout the arrest and interview. Accordingly, here, as in *Frankson* and *Velasquez*, the record shows that Mr. Vilar cooperated with law enforcement and participated in a substantive interview about the offense after having acknowledged his understanding of his rights pursuant to *Miranda*. Given the totality of these circumstances, the Court should find that Mr. Vilar knowingly waived his rights under *Miranda*, and should deny the defendants' motion to suppress.

      Should the Court believe that there is insufficient evidence on the record from which to imply Vilar's waiver of his *Miranda* rights, the Government would offer the following evidence by proffer or, if necessary, through additional testimony: At Division Headquarters, U.S. Postal Inspector Fraterrigo introduced herself to Mr. Vilar as the case agent involved in the investigation. Inspector Fraterrigo asked Mr. Vilar if he would like to discuss the investigation against him. Mr. Vilar agreed, and subsequently both volunteered information and responded to questions concerning matters pertinent to the investigation. (*See* 3501-G).

Hon. Kenneth M. Karas
December 23, 2005
Page 4

      For all the foregoing reasons, as well as the arguments advanced at the December 14, 2005 hearing, the Government respectfully contends that the defendant's motion to suppress statements should be denied.

                                                 Respectfully submitted,

                                                 MICHAEL J. GARCIA
                                               UNITED STATES ATTORNEY

                                   By:   /s/
                                               Marc Litt
                                               Assistant United States Attorney
                                               (212) 637-2295

cc:     Susan C. Wolfe, Esq. (By facsimile)