

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 4, 2006

BY HAND

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

    Re: United States. v. Alberto William Vilar and Gary Alan Tanaka,
       S1 05 Cr. 621 (KMK)

Dear Judge Karas:

  The Government respectfully submits this letter brief in further opposition to defendant Alberto Vilar's motion to suppress statements.

  In his December 23, 2005 memorandum, Vilar contends that the warnings he was given by U.S. Postal Inspector Feeney were insufficient under *Miranda* v. *Arizona*, 384 U.S. 436 (1966) because Inspector Feeney failed specifically to inform Vilar that he had the right to speak to an attorney prior to answering any questions, and that he had the right to have an attorney present during questioning. As the Second Circuit has repeatedly made clear, *Miranda* requires no more explanation than that provided to Vilar by Inspector Feeney. Accordingly, Vilar's motion should be denied.

  Inspector Feeney testified that he told Vilar, "[t]hat he had the right to remain silent and that anything he said could be used against him. And that he had the right to an attorney and if he cannot afford one, one would be provided to him." (Tr. 40). The Court found that Inspector Feeney was credible. (Tr. 206-07). The Court further found that, "with respect to the testimony of Inspector Feeney regarding the advice of rights, I credit that he advised him of the rights that he testified he advised him of, and I also credit his testimony that he asked Mr. Vilar if he understood his rights, and Mr. Vilar affirmed he did." (Tr. 207).

  The Second Circuit has consistently denied claims such as those made here by Vilar, and has made clear that the rights explained to Vilar by Inspector Feeney were sufficient under *Miranda*. In *United States* v. *Burns*, 684 F.2d 1066 (2d Cir. 1982), Burns contended that he recieved inadequate *Miranda* warnings because he was not told that he had the right to have an

Hon. Kenneth M. Karas
January 4, 2006
Page 2

attorney present during questioning. The Second Circuit denied that challenge because the defendant had been told "among other things, that he had a right to remain silent, that he had the right to an attorney, and that if he was not able to afford a lawyer one would be appointed for him." *Id*. at 1074-75. In so holding, the court cited as authority *United States* v. *Lamia*, 429 F.2d 373, 376-77 (2d Cir. 1970). In *Lamia*, the defendant had been told that, "he need not make any statement to us at that time, that any statement he would make could be used against him in court; he had a right to an attorney, if he wasn't able to afford an attorney, an attorney would be appointed by the court." *Lamia*, 429 F.2d at 374-75. In the face of a challenge alleging, as Vilar alleges here, that the failure to inform the defendant of his right to the presence of an attorney during questioning rendered the warnings insufficient under *Miranda*, the court found that "Lamia had been told without qualification that he had the right to an attorney and that one would be appointed if he could not afford one. Viewing this statement in context, Lamia having just been informed that he didn't have to make any statement to the agents . . ., Lamia was effectively warned that he need not make any statement until he had the advice of an attorney."

The Second Circuit reaffirmed the holding of *Lamia* on several occasions prior to the 1982 *Burns* decision. *See United States* v. *Diggs*, 497 F.2d 391, 392 n. 1 (2d Cir. 1974) (rejecting a claim that the *Miranda* warnings the defendant was given were insufficient solely because "he was not expressly advised he had the right to counsel during the immediate interrogation."); *United States* v. *Floyd*, 496 F.2d 982, 988-89 (2d Cir. 1974) (holding that advising the defendant that "he had a right to remain silent, anything he said can and would be used in a court of law, that he had a right to an attorney, [and] if he could not afford an attorney, an attorney would be appointed for him by the court" was sufficient notwithstanding the failure to specifically state that the defendant had the right to have an attorney present before any questioning commenced); *United States* v. *Pacelli*, 470 F.2d 67, 72 (2d Cir. 1972) (citing *Lamia* and holding that warning the defendant "that he had a right to remain silent, that he did not have to make any statements to the officer, that he had a right to an attorney and that if he couldn't afford one the court would appoint an attorney for him . . . fully informed [the defendant] of his rights."); *United States* v. *Cusumano*, 429 F.2d 378, 380 (2d Cir. 1970) (issued the same day and by the same panel that decided *Lamia*, and reaching the same result); *see also Jett* v. *Mitchell*, No. 92 Civ. 0313 (PKL), 1993 WL 478396 at *2 (S.D.N.Y. Nov. 15, 1993) (denying a *habeas* petition based in part on the New York State trial court's failure to suppress statements on the ground that the defendant had not been advised that he had a right to have an attorney or to have an attorney present during questioning and finding that "[i]mplicit in the instruction that Jett could have an attorney appointed to him if he could not afford one was his underlying right to an attorney.").[1]

---

[1] Judge Leisure took note of the Supreme Court's admonition in *Duckworth* v. *Eagan*, 492 U.S. 195, 203 (1989) that courts "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement," and found that the defendant had been given "the essential information he needed to understand that he had the choice to remain silent or to make

Hon. Kenneth M. Karas
January 4, 2006
Page 3

In an effort to disuade the Court from following this long line of Second Circuit authority, Vilar contends that those cases are no longer good law following the Supreme Court's decision in *California* v. *Prysock*, 453 U.S. 355 (1981), and that the Second Circuit incorrectly decided *Burns* following *Prysock*. Vilar's argument is simply wrong.

In *Prysock*, the Court was not squarely presented with the question raised here, and it therefore is not controlling authority. The Court in *Prysock* held that "no talismanic incantation was required to satisfy [the] strictures" of *Miranda*, *id*. at 359, and further held that because the warnings given to Prysock "conveyed to [him] his right to have a lawyer appointed if he could not afford one prior to and during interrogation," the appellate court had erred in finding a violation of *Miranda*. Although the Court noted that Prysock was told that he had the right "to a lawyer before you are questioned, . . . while you are being questioned, and during all questioning," *id*. at 361, the Court did not hold that *Miranda* requires that a defendant be specifically informed of those rights. Indeed, the Court focused on distinguishing the facts of *Prysock*, where "nothing in the warnings given . . . suggested any limitation on the right to the presence of appointed counsel" from cases in which warnings were found to be inadequate because "the right to appointed counsel was linked with some future point in time after the police interrogation." *Id.* at 360-61. No such improper linkage was made in *Lamia*, *Cusumano*, *Pacelli*, *Diggs*, *Floyd*, or *Burns* and, as a consequence, those cases remain good law even after *Prysock*.[2] Moreover, Inspector Feeney's recitation of rights to Vilar, including the statement that "he had the right to an attorney and if he cannot afford one, one would be provided to him," Tr. 40, made clear that Vilar's right to an attorney attached immediately, and not at some future point in time. Thus, even in light of *Prysock*, Vilar's motion to suppress statements should be denied.

---

any statement he wished to make after consulting an attorney and in the presence thereof." *Jett*, 1993 WL 478396 at *2.

[2] In *Prysock*, the Supreme Court cited *Lamia* with approval for the proposition that "[t]his Court has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant." *Prysock*, 453 U.S. at 359. Given the Supreme Court's tacit approval of the holding in *Lamia* – it need not have cited *Lamia*, and if the Court disagreed with its holding, one would have expected the Court to note that disagreement – it should come as no surprise that the Second Circuit decided Burns as it did, consistent with its earlier decisions in *Lamia*, *Cusumano*, *Pacelli*, *Diggs* and *Floyd*.

Hon. Kenneth M. Karas
January 4, 2006
Page 4

  Based on over thirty years of Second Circuit precedent, it is clear that the warnings given by Inspector Feeney to Vilar were sufficient to inform Vilar of his *Miranda* rights. Accordingly, Vilar's motion to suppress his post-arrest statements should be denied.

          Respectfully submitted,

          MICHAEL J. GARCIA
          UNITED STATES ATTORNEY

       By:  /s/
          Marc Litt
          Assistant United States Attorney
          (212) 637-2295

cc:  Susan C. Wolfe, Esq. (By facsimile)