UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1\23\06

---

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                Defendants.

Case No. 05-CR-621 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

At the December 14, 2005 hearing, the Court denied Defendant Vilar's Motion to Suppress Post-Arrest Statements contingent on further briefing on two questions: (1) whether to satisfy *Miranda v. Arizona*, 384 U.S. 436 (1966), an individual must be advised that a decision to remain silent or to invoke his or her *Miranda* rights cannot be used against that individual; and (2) whether the evidence adduced at the hearing was sufficient for the Court to infer that Defendant Vilar waived his *Miranda* rights. Defendant Vilar raised a third question in his post-hearing submission regarding whether to satisfy *Miranda*, an individual must be advised of his or her right to have counsel present during questioning.

The Court has thoroughly reviewed the Parties' submissions and reaffirms its denial of Defendant Vilar's motion.[1] As for the first question, the case law is clear that *Miranda* is satisfied even where an individual is not advised that a decision to remain silent or to invoke his or her *Miranda* rights cannot be used against that individual. Such a promise is implicit in the *Miranda* warnings and need not be explicitly stated. *See Wainwright v. Greenfield*, 474 U.S.

---

[1] The Court has already made its credibility findings as stated on the record at the conclusion of the December 14 hearing.

284, 291 (1986) (finding that the government implicitly assures the defendant, through the advisement of his *Miranda* rights, that his silence will not be used against him); *Doyle v. Ohio*, 426 U.S. 610, 618 (1976) ("[W]hile it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings.").

As for the second question, an explicit waiver of *Miranda* rights is not required to find that those rights were waived. *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979) ("An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver.") Indeed, "in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated." *Id.*; *see also United States v. Tutino*, 883 F.2d 1125, 1137 (2d Cir. 1989); *United States v. Tavares*, No. 99 Cr. 807, 2000 WL 433095, at *2 (S.D.N.Y. Apr. 20, 2000); *United States v. Ospina*, No. 99 Cr. 73, 2000 WL 37997, at *1 (S.D.N.Y. Jan. 18, 2000).

Vilar argues that he is not subject to this clear line of authority by claiming that the gap in time between when he was advised of his *Miranda* rights and when he was first questioned (and gave allegedly incriminating statements) distinguishes this case from others. (Def.'s Mem. at 7-8) However, the Court is unaware of any case that stands for the proposition that an implicit waiver of *Miranda* rights has a time limit like the kind that Vilar suggests. Indeed, Vilar cites to no such case. This comes as no surprise as the courts have eschewed any such bright line rule, opting instead to focus on the totality of the circumstances surrounding an implicit waiver, including the "background, experience, and conduct of the accused." *Butler*, 441 U.S. at 374-75.

Thus, there are numerous instances where courts have found an implicit waiver even where there was a longer gap between the advice of rights and the subsequently incriminating statements than the gap of less than one hour present here. (Tr. 25, 43) *See, e.g., United States v. Cardwell,* — F.3d —, Nos. 03-4585, 03-4835, 2005 WL 3557390, at *2, *7 (4th Cir. Dec. 30, 2005) (two-hour gap between when the defendant was informed of his rights and his incriminating statements); *United States v. Frankson*, 83 F.3d 79, 82-3 (4th Cir. 1996) (admissions occurred approximately 2 ½ hours after *Miranda* warnings); *United States v. Scarpa*, 897 F.2d 63, 68 (2d Cir. 1990) (questioning occurred approximately six hours and the morning after *Miranda* warnings were given).

While the Court recognizes that the Government bears the burden of demonstrating that Vilar voluntarily and knowingly waived his rights, *see United States v. Male Juvenile*, 121 F.3d 34, 39 (2d Cir. 1997) (holding that the government must establish by a preponderance of the evidence that the relinquishment of *Miranda* rights was voluntary and that the defendant had a full awareness of the rights being waived and the consequences of waiver), the Court finds that the Government has met that burden here. Vilar was informed of his rights and affirmed that he understood those rights. Moreover, as the Court has already found, Vilar is educated, sophisticated, and exhibited a professional demeanor during and after his arrest. For example, he demonstrated that he was not intimidated by the situation when, shortly after being arrested, he requested permission to call an acquaintance to cancel an appointment. Under these circumstances, Vilar's willingness to answer the Postal Inspectors' questions was a clear indication of his implicit voluntary and knowing waiver of his *Miranda* rights.

As for the third question, it has long been true that in the Second Circuit an individual

need not be explicitly advised of his right to an attorney before or during questioning if, viewing the statement of *Miranda* rights in context, the defendant would know that he had such a right. *See United States v. Burns*, 684 F.2d 1066, 1074 (2d Cir. 1982) (although urging law enforcement officials to expressly advise defendants of their right to an attorney before and during questioning, the court rejected *Miranda* violation claim for failure to do so); *United States v. Lamia*, 429 F.2d 373, 377 (2d Cir. 1970) (finding that informing the suspect that he had right to an attorney and that he did not have to make any statements was sufficient). No "talismanic incantation [is] required to satisfy [*Miranda's*] strictures." *California v. Prysock*, 453 U.S. 355, 359 (1981). Here, Defendant Vilar was informed that he had a right to remain silent, that anything he said could be used against him, that he had a right to an attorney, and that if he could not afford one, one would be provided to him. (Tr. 23, 40) Nothing in this statement of rights, taken as a whole, suggested that there was any limit on the right to the presence of counsel. *See Jett v. Mitchell*, No. 92 Civ. 0313, 1993 WL 478396, at *2 (S.D.N.Y. Nov. 15, 1993).

Though the interrogation of Vilar was hardly a model application of *Miranda* and its progeny, the Court finds that Vilar was adequately informed of, and voluntarily waived, his rights. Thus, for the reasons stated above and on the record at the December 14, 2005 hearing, Defendant Vilar's Motion to Suppress Post-Arrest Statements is DENIED.

SO ORDERED.

Dated:   January 19, 2006
         New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4