

12 East 49th Street, 30th Floor
New York, NY 10017-8203

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

March 3, 2006

**ELECTRONICALLY FILED**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:    *United States v. Alberto Vilar and Gary Tanaka*, 05 Cr. 621 (KMK)

Dear Judge Karas:

    We represent Gary Tanaka in the above-entitled matter and, on his behalf, submit this letter (1) joining in Alberto Vilar's request for a bill of particulars, disclosure of documents that the Government intends to use in its case-in-chief, and advance notice of Rule 404(b) evidence, as set forth in his letter dated February 16, 2006 ("Moving Brief"), and (2) responding to the Government's opposition to this request.[1]

### Disclosure of Documents the Government Intends to Use in its Case-in-Chief

    The Court should exercise its authority to order the Government to identify those documents it intends to use in its case-in-chief at trial. Rule 16 of the Federal Rules of Criminal Procedure provides that "the government must permit defendant to inspect and to copy" documents where "the item is within the government's possession, custody or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." FED. R. CRIM. PROC. 16(a)(1)(E). Although Rule 16 itself does not require the Government to specify which of the three sub-categories the disclosed documents fall into, courts in this and other Circuits have exercised their discretion to order such disclosure in advance of trial. In particular, where the government purports to have satisfied Rule 16 by making available to defendants a large volume of materials, courts have ordered the government to specify, at least thirty days prior to trial, which documents it intends to offer in its case-in-chief. *See, e.g., United States v. Giffen*, 379 F.

---

[1] Mr. Tanaka does not join in Mr. Vilar's motion for disclosure of *Brady* materials in light of the Government's representation that it has been abiding and will continue to abide by its obligations to disclose such materials in a timely manner. *See* Gov. Opp. at 13. In its opposition brief, the Government also represents that it will disclose the required information concerning expert witnesses at least thirty days before trial. Mr. Tanaka consents to this schedule, and respectfully requests that the Court so order it. *Id.* at 17.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 3, 2006
Page 2

Supp. 2d 337, 344 (S.D.N.Y. 2004) (ordering the government to provide an exhibit list to defendant **no later than thirty days prior to the start of trial** so as "[t]o ensure an efficient presentation at trial"); *United Sates v. McDonald*, 2002 WL 2022215, at *2-*3 (E.D.N.Y. Aug. 6, 2002) (ordering the government to specifically identify "**no later than eight weeks prior to trial**" which of the 200,000 documents it produced to defendants the government intends to use in its case-in-chief) (emphasis added); *United States v. Upton*, 856 F. Supp. 727, 747-48 (E.D.N.Y. 1994) (ordering immediate disclosure of documents the government intends to use in its case-in-chief, stating "[t]he purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this – where there are thousands of documents – is to allow the defendant to adequately prepare his or her defense"); *accord United States v. Anderson*, 2006 WL 456727, *3-*5 (D.D.C. Feb. 23, 2006) (ordering disclosure of documents the government intends to use in its case-in-chief nine months before trial given "the enormous volume of material produced in this case").

   Here, the Government has made available to Defendants millions of pages of electronic and hard-copy documents, with no indication as to which documents the Government intends to use in its case-in-chief at trial. Although the Government suggests that Defendants should be able to speculate as to which of the hundreds of thousands of documents are "most relevant" or "likely" to be relied on by the Government at trial, *see* Opp. Br. at 3, this is not a solution. Without confirmation that the remaining documents will not be used by the Government in its case-in-chief, Defendants have no choice but to carefully examine all of the evidence in the event that there is, in fact, the proverbial needle in the haystack. *See Upton*, 856 F. Supp. at 748 ("General familiarity with the nature of the documents, as in this case, will not allow defendants to [adequately prepare for their defense] if they are not informed which documents include the allegedly falsified maintenance information and which documents the government witnesses will refer to or rely upon."). Defendants' predicament is further exacerbated by the Government's acknowledgement that an unspecified portion of the documents made available to Defendants was improperly seized and therefore ***cannot*** be relied on by the Government at trial.[2] Under these circumstances, identification of the documents upon which the Government intends to rely in its case-in-chief is warranted.[3]

---

[2] *See* Government's Memorandum In Response To Defendants' Post-Hearing Memoranda In Further Support Of Defendants' Motions To Suppress, p. 9. Notably, the Government has yet to return any of these improperly seized documents to Defendants.

[3] The Government suggests that, because Defendants have had access to the documents seized from Amerindo US and the London storage facility since August and November 2005, respectively, the "perceived burden" on Defendants of reviewing this massive quantity of evidence is illusory. Opp. Br. at 2-3. It was not, however, until January 31, 2006 – only one month ago – that the Government filed the governing indictment against Defendants. To expect the Defendants effectively process this massive quantity of evidence prior to the filing of the final charging instrument is unreasonable.

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 3, 2006
Page 3

The disclosure requested by Defendants is also appropriate under Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure ("Rule 12"), which provides that "defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Rule 12 confers upon the Government a notice requirement independent of Rule 16. *See United States v. Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995) ("To the extent that the government's open files contain information that is subject to Rule 16 discovery, [Rule 12] creates a notice requirement …. Providing open-file discovery does not satisfy [Rule 12] because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely on in its case in chief at trial.") (internal quotations and citation omitted).

Here, the Court should order the Government to provide notice under Rule 12 so that Defendants can properly evaluate whether additional motions to suppress are warranted. Indeed, not having been provided with such notice in this case, Defendants were forced to move to suppress *all* of the evidence confiscated from Amerindo US and the Cadogan Tate facility in London – despite the Government's concession that at least of portion of this evidence falls outside scope of the relevant warrant and thus cannot be relied on in the Government's case-in-chief. This is the precise scenario Rule 12 was intended to avoid.[4] *Anderson*, 2006 WL 456727, at *2 ("Requiring the government to specify which of the material already discoverable under Rule 16 that it intends to use in its case-in-chief allows the defendant 'to avoid the necessity of moving to suppress evidence which the government does not intend to use.'") (quoting FED. R. CRIM. P. 12 Advisory Committee's Note (1974 Amendments)). Defendants should not be put in the same position with respect to the other documents obtained by the Government. Instead, the Court should order the Government to provide the information required under Rule 12 so that Defendants can properly evaluate whether additional motions to suppress are warranted.

In sum, Mr. Tanaka requests that the Court follow the lead of the *Giffen*, *McDonald* and *Anderson* courts, and order the Government to disclose the documents it intends to use in its case-in-chief as soon as possible, but in any event no later than thirty days prior to trial.

**Disclosure of Rule 404(b) Evidence**

The Government does not dispute that Federal Rule of Evidence 404(b) requires advance notice of any "other crimes, wrongs and acts" evidence that the Government intends to introduce at trial. The Government, however, contends that two weeks notice is sufficient in this case. Mr.

---

[4] The Government's contention that it would be "wasteful" to grant Defendants' request while their motions to suppress are pending has it backwards. The precise reason for ordering such disclosure under Rule 12 is to avoid a situation like the one that exists here, where Defendants were required to move to suppress evidence that may not ultimately be relied on by the Government.

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 3, 2006
Page 4

Tanaka disagrees and respectfully requests that the Court order disclosure of Rule 404(b) evidence at least thirty days prior to trial.[5]  Thirty days notice is entirely appropriate where, as here, there is no threat to the safety of prospective witnesses, and the additional time is necessary for the Defendants to investigate the evidence and oppose the Government's motions to admit Rule 404(b) evidence where appropriate, as well as for the Court to resolve any such motions in advance of trial.[6]  *Giffen*, 379 F. Supp. 2d at 345 (directing the Government to provide notice of all Rule 404(b) material no later than forty-five days before the start of trial); *United States v. Reddy*, 190 F. Supp. 2d 558, 576-77 (S.D.N.Y. 2002) (ordering disclosure of Rule 404(b) evidence forty-five days prior to trial, so as to enable "the parties to present and the Court to resolve *in limine* issues…and for Defendants to gather evidence in rebuttal") (collecting cases where courts ordered disclosure from thirty days to four months prior to trial); *McDonald*, 2002 WL 2022215, at *3 (ordering production of Rule 404(b) evidence four weeks prior to trial in order to "facilitate pre-trial motions regarding admissibility of such evidence").[7]  *See also* FED. R. EVID. 404 Advisory Committee's Note (1991 Amendments) (the pretrial notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility").

---

[5] At minimum, the Court should order the Government to provide information indicating the subject matter, size and scope of any Rule 404(b) evidence, so that the Court can adequately assess the proffered two-week notice period.
[6] The Court has previously indicated its strong preference in favor of fully resolving such issues in advance of trial. Transcript of November 7, 2005 Hearing, p. 68.
[7] *See also United States v. Jackson*, 2006 WL 59559, at *4 (S.D.N.Y. Jan. 9, 2006) (government ordered to disclose Rule 404(b) evidence sixty days prior to trial); *United States v. Reyes*, 2005 WL 3078210, at *2 (S.D.N.Y. Nov. 16, 2005) (requiring disclosure of Rule 404(b) evidence twenty-eight days before trial); *United States v. Aronson*, 1999 WL 97923, at *1 n.1 (S.D.N.Y. Feb. 24, 1999) (government ordered to provide Rule 404(b) evidence one month prior to trial).

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 3, 2006
Page 5

## CONCLUSION

     For the reasons stated herein, as well as in the Moving Brief, Gary Tanaka respectfully requests that the Court (1) order the Government to identify the documents it intends to rely on in its case-in-chief as soon as possible, but in any event no later than thirty (30) days before trial, (2) order that notice of Rule 404(b) evidence be provided at least thirty (30) days before trial, and (3) order the Government to provide the particulars requested in the Moving Brief.

                Respectfully submitted,

                WILSON SONSINI GOODRICH & ROSATI
                Professional Corporation

                /s/ Glenn C. Colton