March 10, 2006

Hon. Kenneth M. Karas
Judge, U.S. District Court
United States Courthouse
500 Pearl Street – Rm. 2260
New York, N.Y. 10007-1312
Fax No: 212 805-7968

                Re*:*     *United States v. Alberto Vilar* - 05 Cr. 0621

Dear Judge Karas:

     We provide below additional authority for an order directing the government to provide the particulars that we have requested in our letter of February 16, 2006. Each request set forth in our February 16, 2006 letter is restated, followed by the supporting authority.

1. With respect to Page 3, ¶6, identify the "others" whom Vilar and Tanaka allegedly solicited and caused . . . "to solicit victims to invest in fraudulent investment products. . . . "  [and ]

4. With respect to Page 13, ¶31, identify the "others" whom Vilar and Tanaka allegedly solicited and caused . . . "to solicit victims to invest in Amerindo Guaranteed Fixed Rate Deposit Accounts . . . . "

     Many courts have held that a defendant is entitled to a bill of particulars identifying unnamed and unindicted co-schemers. United States v. Lino, 00 Cr. 630, 2001 WL 8365 at *10-11 (December 29, 2000)(Pauley, J.), citing United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd 875 F.2d 857 (2d Cir. 1989); United States v. Faille, No. 93 Cr. 294 (CPS), 1993 WL 547419 (E.D.N.Y. December 21, 1993); United States v. Nachamie, 91 F.Supp. 2d 565, 573 (S.D.N.Y. 2000)(requiring government to identify in bill of particulars unnamed co-conspirators); United States v. McGuiness, 764 F.Supp. 888, 894 (S.D.N.Y. 1991); United States v. Dioguardi, 332 F.Supp. 7, 15 (S.D.N.Y. 1971); United States v. Trie, 21 F.Supp. 2d 7, 22 (D.D.C. 1998). There are no allegations of violence in the indictment or otherwise and there is no basis for depriving the defendant of the opportunity to conduct pretrial investigation regarding unnamed co-conspirators.

Hon. Kenneth M. Karas
March 10, 2006
Page 2

    5.     With respect to Page 15, ¶32(b), identify the investors who were allegedly unable to redeem or liquidate their GFRD investments.

    6.     With respect to Page 16, ¶ 34, identify the GFRDA investors allegedly affected and identify the changes Tanaka and Vilar allegedly made to the terms of the GFRD program without investor consent (other than, if any, the one investor and change specified in the paragraph).

    8.     With respect to Page 21, ¶41 (d), state the dates, amounts and investors from whom Vilar and Tanaka allegedly misappropriated funds.

The government has indicated that it will provide the identity of the investors requested in numbers 5 and 6. With respect to request number 6 and the alleged changes that allegedly operated as a fraud on the investors, these are akin to false statements or false documents and should be identified. See United States v. Trie, 21 F.Supp. 2d 7, 21-22 (D.D.C. 1998)("The government must provide information as to exactly what the false statements are, what about them is false, who made them, and how Mr. Trice caused them to be made."); see United States v. Bortnovsky, 820 F.2d at 547-48 (abuse of discretion to deny particulars for dates of fake burglaries and identity of fraudulent documents)

      With respect to particulars request number 8, in order to prepare a defense to the charge that the defendant engaged in multiple fraudulent transactions, the government must identify those transactions. If the government intends to adduce proof at trial of victims and transactions not identified in the indictment, it must particularize them. See United States v. Bortnovsky, 820 F.2d 572, 547-48 (2d. Cir. 1987)(abuse of discretion to deny particulars for dates of fake burglaries and identity of fraudulent documents); United States v. Nachamie, 91 F.Supp. 2d 565, 574 (S.D.N.Y. 2000)(granting particulars regarding identity of false and misleading insurance claims); United States v. Lino, 00 Cr. 630 2001 WL 8356 at *5 (S.D.N.Y. December 29, 2000)(Pauley, J.)(Court ordered the government to provide particulars regarding whom the defendant agreed to bribe and the amount of the bribe; "Case law supports Black's request insofar as he seeks an order requiring the Government to identify all categories of the 'means and methods' employed by the enterprise not specified in the indictment") *citing, inter alia,* United States v. Green, No. 92 Cr. 159C, 1993 WL 652793 at *4-5 (W.D.N.Y. Dept. 21, 1993); United States v. Biaggi, No. 87 Cr. 265 (CBM), 1987 WL 27722, at *1 (S.D.N.Y. Dec. 3, 1987), United States v. McGuiness, 764 F.Supp. 888, 893-94 (S.D.N.Y. 1991)(granting particulars regarding amount and date of each unlawful payment and who made the payment); see United States v. Johnson, 21 F. Supp. 2d 329, 341 (S.D.N.Y. 1998)(ordering government to produce a bill of

Hon. Kenneth M. Karas
March 10, 2006
Page 3

particulars identifying "the names of the individual corporations that were the alleged victims of the extortions, and the construction sites of projects related to the alleged extortions); .

> 2. With respect to Page 8, ¶19(c), identify by name and account number the "trust account at Bank of America" that received a purported $500,000 transfer from the AMI account in June 2002.
>
> 3. With respect to Page 9, ¶20, identify by name and account number the account referred to as the "Luxembourg Account"
>
> 7. With respect to Page 21, ¶41(c ), state the names of the Panamanian entities into whose brokerage accounts Vilar and Tanaka allegedly deposited investor funds, and identify the institution and account numbers of the alleged brokerage accounts.
>
> 9. Provide the defendants with copies of the documents referred to in the following sections of the indictment: Page 4, ¶8; Page 6, ¶14; Page 8, ¶19(a) and 19(b) and 19(c ) and 19(d); Page 8-9, ¶20; Page 10-12, ¶26(a) and 26(b) and 26(c ) and 26(d); Page 12, ¶27; Page 12, ¶28; Page 13, ¶29; Page 14, ¶32; Page 16, ¶33; Page 17, ¶ 34; Page 22, ¶ 42(e), 42(f), 42(k), 42(l), 42(m), 42(r ), 42(s), 42(t), 42(u), 42(x), 42(y); Page 32, ¶59; Page 33, ¶60.

These particulars are necessary in this case because of the tremendous amount of documentary evidence. See United States v. Bortnovsky, 820 F.2d at 547-48 (abuse of discretion to deny particulars as to identity of fraudulent documents). With respect to the documents referred to in the indictment, which the government avers that it has produced, it would be sufficient to provide us with the bates stamp numbers. For those documents that the government states "have been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service," copies should be provided.

Hon. Kenneth M. Karas
March 10, 2006
Page 4

      For all of these reasons, we respectfully request that the Court order the government to provide the particulars requested.

                Respectfully submitted,

                HOFFMAN & POLLOK

                By; _____
                    Susan C. Wolfe

Cc:  Marc Litt, AUSA
     Glenn Colton, Esq.
     Steven Kobre, Esq.