

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

March 15, 2006

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

       Re:    United States. v. Alberto William Vilar and Gary Alan Tanaka,
                S2 05 Cr. 621 (KMK)

Dear Judge Karas:

       The Government respectfully submits this letter brief in further opposition to the defendants' motion for a bill of particulars.

       In his March 10, 2006 letter, defendant Alberto Vilar reiterates his request that the Government provide particulars concerning the identity of unnamed co-conspirators and unnamed individuals in the Indictment; the changes that the defendants made to the GFRDA program without investor consent; the dates, amounts and investors from whom the defendants misappropriated funds; and the names and account numbers of certain accounts described in the Indictment.  Vilar also requests the disclosure of the identity of a laundry-list of documents which support the Indictment's charges.

       Even if the defendants had not blatantly ignored the mandates of Local Rule 16.1 as described in the Government's previous opposition memorandum, they would not be entitled to further evidentiary detail of the Indictment's charges.  Vilar's argument that particulars are necessary in this case "because of the tremendous amount of documentary evidence" (Vilar 3/10/06 Letter) is telling.  While the information the defendants seek may be useful, it is well-established that a bill of particulars cannot be used as a "general investigative tool for the defense, or as a device to compel disclosure of the Government's evidence or its legal theory prior to trial."  United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987); see also United States v. Zoernack, No. 04 Cr. 868 (LTS), 2005 WL 1837962, at *3 (S.D.N.Y. Aug. 2, 2005); United States v. Ballesteros Gutierrez, 181 F. Supp. 2d 350, 356 (S.D.N.Y. 2002).  In evaluating the need for a bill of particulars, "the court must examine the totality of the information available to the defendant –  through the indictment, affirmations, and general pre-trial discovery – and determine whether, in light of the charges that the defendant is required to answer, the filing of a

Hon. Kenneth M. Karas
March 15, 2006
Page 2

bill of particulars is warranted." United States v. Bin Laden, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000).

In this case, the Indictment alone – which is thirty-seven pages long – discloses sufficient information to inform the defendants adequately of the charges against them. It describes in detail the nature and goals of the charged conspiracy, the overt acts taken in furtherance of it, the means and methods of the charged conspiracy and the additional substantive counts with which the defendants are charged. Moreover, the Government has provided the defendants with, and made available to the defendants, voluminous discovery containing the detailed information which the defendants seek in their motion for a bill of particulars, as well as many of the names of individuals and entities left unnamed in the Indictment. Although the caselaw in this Circuit wholly supports the Government's argument that the defendants are not entitled to a bill of particulars regarding the information they seek, the Government nevertheless provided the defendants with the identity of the victims referred to in the Indictment and a list of potential GFRDA victims. See Government letter dated February 23, 2006 (identifying the unnamed victims in the Indictment); Government letter dated March 15, 2006 (providing a list of unnamed GFRDA investors relating to paragraph 34 of the Indictment). In light of the information provided by the Government in the Indictment and through the voluminous discovery in this case, the defendants are not entitled to a bill of particulars.

Courts in this District have consistently denied requests for particulars such as those made here by the defendants. United States v. Earls, No. 03 Cr. 0364 (NRB), 2004 WL 350725, at *4-*5 (S.D.N.Y. Feb. 25, 2004) and United States v. Rittweger, 259 F.Supp.2d 275 (S.D.N.Y. 2003) are directly on point. In Rittweger, the defendants, who were charged with a conspiracy to commit, and commission of, securities fraud, wire fraud and violations of the Travel Act, moved for a bill of particulars seeking the unnamed co-conspirators and the unnamed victims of the defendants' schemes. The District Court denied both requests. First, the District Court found that [t]here is no need to provide a list of all unindicted co-conspirators." See Rittweger, 259 F. Supp. 2d at 292 (citing United States v. Trippe, No. 00 Cr. 585, 2001 WL 434849, at *7-*8 (S.D.N.Y. Apr. 27, 2001) (denying a bill of particulars seeking names of all co-conspirators and aiders and/or abettors in securities and mail fraud case in light of sufficiency of information contained in the Indictment and through discovery) (collecting cases); United States v. Viertel, No. 01 Cr. 571, 2002 WL 1560805, at *6-*8 (S.D.N.Y. July 15, 2002) (same)). Second, with respect to the defendants' request for the identification of all victims of the conspiracy charged in the Rittweger Indictment, which is analogous to the defendants' request in the instant case, the Court held that the defendants were not entitled to a bill of particulars because the Government, as in this case, had identified the primary victims and had produced discovery which the defendants could use to determine the alleged victims of the conspiracies charged in the Indictment. See Rittweger, 259 F. Supp. 2d at 292.

In Earls, the defendant, who was charged with securities fraud, wire fraud and mail fraud, sought a bill of particulars regarding, among other things, the identity of certain

Hon. Kenneth M. Karas
March 15, 2006
Page 3

unnamed individuals in the Indictment; the names of individuals and entities which received the defendant's transferred funds, the date of certain events recounted in the Indictment and the precise nature of certain allegedly materially false representations and misleading omissions, and asked for the disclosure of the identity of documents supporting the Indictment's charges. See Earls, 2004 WL 350725, at * 4.  The Court denied Earls's motion in its entirety in light of the "ample notice and specificity provided by the Indictment." Id. at * 5.

Where, as here, the detailed Indictment, coupled with the extensive discovery provided to the defendants, provides the defendants with ample notice of the charges against which they must defend at trial, the defendants are not entitled to a bill of particulars.  Vilar's requests are simply "an impermissible attempt to compel the Government to provide the evidentiary details of its case." Rittweger, 259 F. Supp. 2d at 292 (quoting United States v. Biaggi, 675 F. Supp. 790, 810 (S.D.N.Y. 1987)).  Accordingly, Vilar's motion for a bill of particulars should be denied.

      Respectfully submitted,

      MICHAEL J. GARCIA
      UNITED STATES ATTORNEY

By:  ___/s/_____
      Deirdre A. McEvoy
      Marc Litt
      Assistant United States Attorneys
      (212) 637-2309/2295

cc:    Susan C. Wolfe, Esq.
       Glenn Colton, Esq.
       Steven A. Kobre, Esq.