March 16, 2006

Hon. Kenneth M. Karas
Judge, U.S. District Court
United States Courthouse
500 Pearl Street – Rm. 2260
New York, N.Y. 10007-1312
Fax No: 212 805-7968

                Re*:*    *United States v. Alberto Vilar* - 05 Cr. 0621

Dear Judge Karas:

      I write on behalf of Alberto Vilar in response to the Government's request to re-open the suppression hearing to call additional witnesses. Mr. Vilar joins in the letter submitted on behalf of the defendant Tanaka dated March 15, 2006 and offers the following additional comments.

      While district courts generally have discretion to reopen suppression hearings, the Court cannot do so in this case without substantial prejudice to the defendants and to the interests of justice. At the time of the hearing, the defendants vigorously advocated for their right to call witnesses on their behalf, including the case agents and other agents who participated in the search. The government just as vigorously opposed that request, claiming that Agent Fraterrigo would not provide any additional relevant evidence. (Govt 12/5/05 Letter at 2). After hearing oral argument and reviewing the parties written submissions, the Court ruled in favor of the government's position that the defendants were not entitled to adduce additional evidence through the testimony of government agents who conducted the search.

      At this point in time, one agent has testified and been cross-examined, and there have been several rounds of briefing and oral argument. The precise legal issues as they relate to specific factual matters have been refined and the Court has expressed its view as to what may be missing. This has all occurred in the presence of the case agent, whom the court declines to exclude from the proceedings. (Tr. 12/14/05 at 69). If the hearing is re-opened, whether the government or the defense calls the case agent as a witness, circumstances have materially changed. As the Court is aware, one of the issues is the understanding of the searching agents as to certain paragraphs of the warrant. Without casting aspersions, it would be virtually impossible for a witness who has heard everything that has been said on this subject to reconstruct her actual, "untainted" understanding at a point in time many months ago.

Page 2
March 16, 2006

In addition, by way of analogy, in its opposition to Mr. Vilar's motion for a bill of particulars, the government argued that it was not required to provide the defense with certain information about its case "lest the defendant tailor his own testimony or defense case to explain away the Government's case." Govt's Memorandum in Opposition to Vilar's Motion for a Bill of Particular, dated February 27, 2006, at p. 8, *citing United States v. Simon,* 30 F.R.D. 53, 55 (S.D.N.Y. 1962). The Government routinely cites *Simon* in order to shield the details of its allegations from the defense prior to trial. The same observation can be made here about the risk of "tailored" testimony that is either purposeful or the subliminal result of repeated, explicit suggestion.

When defendants have sought to re-open suppression hearings, courts have held that, "if a new witness was available at the time of the original hearing, but chose not to testify or was not called to do so by the defendant's attorney, it is not a basis for reopening the hearing." *United States v. Perez,* 2002 WL 1835601 at *3 (S.D.N.Y. 2002), and cases cited therein. The same standard should be applied to the government.

The government presented its case in support of the search and steadfastly resisted the defendants' attempts to expand the record. The government should be bound by that decision for the reasons set forth in Mr. Tanaka's letter as well as because there is no way now to turn back the clock and take Agent Fraterrigo's uninfluenced testimony. The government's request to re-open the hearing to adduce additional testimony should be denied.

                                                  Respectfully submitted,

                                                  SUSAN C. WOLFE

Cc: AUSA Marc Litt
     Glenn C. Colton, Esq.
     Steven G. Kobre, Esq.