

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

March 20, 2006

BY HAND

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

        Re:    United States v. Alberto William Vilar and Gary Alan Tanaka,
                  S2 05 Cr. 621 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in response to defendants' March 15 and March 17, 2006 submissions concerning scheduling matters in the above captioned matter.

      The Government's prosecution team believes that it should be possible to resolve all issues sufficiently in advance of the defendants' proposed trial date of September 11, 2006 to make that a realistic trial date assuming that a reasonable schedule for litigating privilege issues can be established within that time frame.  (The prosecution team is not involved in the privilege review process, and defers to the correspondence of AUSAs Neil Barofsky and Rhonda Jung concerning that schedule).

      The Government believes that the effort of Mr. Tanaka's counsel at the March 9 conference, and in their March 15 letter, to portray the Government as having been dilatory in the privilege review process is unfounded and that their recounting of the history concerning the privilege  review of materials seized from Amerindo U.S.'s New York office advanced by Mr. Tanaka's counsel in their letter of March 15, 2006 ought to be corrected.  That history notably leaves out everything that occurred between May 26, 2005 and September 30, 2005, when Mr. Tanaka claims the Government first made available to the defendants potentially privileged documents.  In fact, the defendants' seeming indifference to the privilege issue is demonstrated by their lack of attention to the issue during that four-month period.

      First, despite being aware that a search had been conducted on May 26, 2005, and that the Government had in its possession potentially privileged materials, the defendants did not

Hon. Kenneth M. Karas
March 20, 2006
Page 2

even decide that they would assert attorney-client privilege until August 5, 2005.  Second, the Government stated at the August 13, 2005 pre-trial conference that <u>all</u> documents seized in the search would be made immediately available to the defendants.  The Government also informed defense counsel after that conference that they could make arrangements to review potentially privileged documents on a rolling basis during the month of August, as they became available.  The defendants did not take the Government up on its offers.  Third, on September 1, 2005, less than one month after the defendants indicated their intent to invoke privilege, the Government informed Jeffrey C. Hoffman, Esq., counsel for Mr. Vilar, that the potentially privileged hard-copy documents seized from Amerindo U.S. were available to be reviewed.  (The Government attempted to contact counsel for Mr. Tanaka that same day, but was not able to have a conversation with either Mr. Colton or Mr. Kobre concerning that subject until approximately September 8, 2005.)  Finally, although both Mr. Hoffman and Mr. Kobre had indicated that they would inform the Government about how they would review those materials and the potentially privileged computer materials that were being collected by the Government, they did not do so until the Government wrote a letter on September 29, 2005 informing the defendants that the Government intended to seek the assistance of the Court to set a schedule for privilege review if the parties could not promptly agree on a review process and schedule.  It was only then that the defendants responded to the Government's request that they begin the process of reviewing the potentially privileged materials – a process that they did not begin until October 2005.

        Although the Government does not believe that the foregoing history is especially relevant to the Court's determination of the schedule going forward, it nevertheless could not allow defendants' version of history to go unchallenged.

        Respectfully submitted,

        MICHAEL J. GARCIA
        UNITED STATES ATTORNEY

By:   /s/
        Marc Litt
        Deirdre A. McEvoy
        Assistant United States Attorney
        (212) 637-2295 / -2309

cc:    Glenn C. Colton, Esq. (By facsimile)
       Steven G. Kobre, Esq. (By facsimile)
       Jeffrey C. Hoffman, Esq. (By facsimile)