> Hoffman & Pollok, LLP
> 260 Madison Avenue
> New York, NY 10016
> (212) 679-2900
> Attorneys for Alberto Vilar
> April 11, 2006

Hon. Kenneth M. Karas
Judge, U.S. District Court
United States Courthouse
500 Pearl Street – Rm. 2260
New York, N.Y.  10007-1312

                Re*:*    *United States v. Alberto Vilar - 05 Cr. 0621*

Dear Judge Karas:

     I write on behalf of defendant Alberto Vilar in order to join in the Reply Memorandum and exhibits filed by co-defendant Gary Tanaka in support of the defendants' motion to suppress evidence seized from the Cadogan Tate facility in London.  Mr. Vilar's standing has been addressed in his previously filed Declaration and letter-memorandum of law.  The Government does not contest the factual bases establishing his standing.  Instead, the government primarily argues that the defendants abandoned their privacy interests as a result of overdue storage fees.  Counsel for Mr. Tanaka has adequately addressed and refuted that argument as well as the government's other arguments contesting standing.  Mr. Tanaka's arguments apply equally to Mr. Vilar.

     I write also to clarify the comments Mr. Vilar's counsel made at the March 9, 2006 conference regarding difficulties in obtaining access to the Amerindo U.K. documents.  It should be noted at the outset that the search occurred on October 14, 2005, long before there was any issue of access to the documents.  Indeed, the search occurred less than two months after the rental of the storage unit.

     As noted by counsel for Mr. Tanaka, a British Court entered a winding up order on November 30, 2005, at which time an "Official Receiver" was appointed.  In late January, 2006, my office contacted the Official Receiver about reviewing Amerindo UK documents.   On or about February 13, 2006, we were advised by the Official Receiver's Office that they had

Hon. Kenneth M. Karas
April 11, 2006
Page 2

contacted Cadogan Tate about our request and that the facility had no objection "in principle" as long as we paid for any labour costs incurred by our visit to the storage facility. My office spoke to a Cadogan Tate employee on February 14, 2006, who asked that the "Insolvency Practitioners," who had replaced the Official Receiver, provide him with evidence of their appointment and a copy of my office's authorization to act on Mr. Vilar's behalf. We waited several weeks to finalize our plans to visit the facility, receiving assurances that it should not be a problem but that a specific date could not be confirmed. We ultimately made plans to travel to London in early March, and advised both the Insolvency Practitioners and the Cadogan Tate personnel of our schedule. It was not until a few days before the trip that we received information from Cadogan Tate that there were outstanding storage fees that had to be satisfied before we could gain access to the documents. I explained to Cadogan Tate that, as I understood it, since Amerindo UK was in the equivalent of bankruptcy, it could not make any preferential payments to one creditor. I was then advised that we could gain access to the documents upon payment of an "access fee." We subsequently paid that fee and gained access to the documents on a second trip to London.

In sum, even as late as mid-February, 2006, Cadogan Tate made no demand for payment and did not communicate any intention to restrict the defendants' access to the storage unit. It was not until the facility was notified of a specific date that we intended to visit the facility in March, 2006 that the issue of overdue storage fees and restricted access arose. There is no evidence, and defendants received no notice, of any such restrictions extant at the time of the search, less than two months after the commencement of the storage tenancy.

For all of the reasons set forth above and in Mr. Vilar's Declaration and in Mr. Tanaka's submissions, the defendant Vilar has standing to challenge the UK search and all evidence seized and derived there from should be suppressed.

Respectfully submitted,

SUSAN C. WOLFE

Cc: AUSA Marc Litt
    Steven Kobre, Esq.
    Glenn Colton, Esq.