

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

April 12, 2006

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

> Re:    United States. v. Alberto William Vilar and Gary Alan Tanaka,
>           S2 05 Cr. 621 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in response to Your Honor's order at the conference held in this case on April 7, 2006 regarding the defendants' motion for a bill of particulars.  Based on the information that the Government presently has in its possession, the Government believes that it may identify additional potential GFRDA victims from the following sources: (1) materials obtained from the searches of Amerindo U.S. and U.K. that have not yet crossed the privilege wall and been provided to the prosecution team; (2) materials obtained from the searches of Amerindo U.S. and U.K. (particularly emails and other electronic documents) that are in the process of being reviewed by the Government's prosecution team; (3) documents and other material that will be provided to the Government pursuant to its outstanding MLAT requests to Panama, the Bahamas, and the U.K.; (4) interviews of witnesses to be conducted by the Government; (5) documents and other material that are responsive to the Government's grand jury subpoena issued to Amerindo on May 26, 2005 (if defendants' motion to quash is denied) and (6) documents and other material that may be produced pursuant to trial subpoenas.

      As the Government argued in its memorandum dated February 27, 2006, and its subsequent letter to the Court dated March 15, 2006, the purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution for the same offense.  See United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).  Here, the defendants are asking the Court to order the Government "to provide a final and definitive list of the GFRDA investors that allegedly were defrauded by Defendants" almost six months before the scheduled trial date in this matter.  (3/22/06 Tanaka Ltr.).  The defendants are simply asking the

Hon. Kenneth M. Karas
April 12, 2006
Page 2

Court to lock the Government into its proof long before the Government has even finished with its investigation and received documents to which it is entitled.   It is well-established that "the bill of particulars cannot itself be used as a discovery vehicle or a means to lock the government into its proof." United States v. Rigas, 258 F. Supp. 2d 299, 304 (S.D.N.Y. 2003).   Moreover, numerous courts in this District have routinely denied similar requests for bills of particulars. See, e.g., United States v. Zoernack, No. 04 Cr. 868 (LTS), 2005 WL 1837962, at *4 (Aug. 2, 2005) (denying defendants' request to identify any and all false and fraudulent statements made as part of the alleged scheme where the Indictment was detailed, the Affidavit in support of the search warrant described how the defendant "allegedly defrauded his victims, including specific chronologies for particular victims" and where the Government provided defendant with 7,000 pages of discovery related to the defendant's scheme); United States v. Earls, No. 03 Cr. 0364 (NRB), 2004 WL 350725, at *4-*5 (S.D.N.Y. Feb. 25, 2004) (denying request for bill of particulars of certain unnamed individuals in the Indictment); United States v. Rittweger, 259 F.Supp.2d 275 (S.D.N.Y. 2003) (denying request for bill of particulars listing the alleged victims).  In short, the defendants seek a bill of particulars that goes beyond the information necessary to apprise them of the allegations with which they are charged and against which they must defend.

        This case stands in sharp contrast to that of United States v. Davidoff, 895 F.2d 1151, 1154 (2d Cir. 1988) where the Second Circuit held that the District Court abused its discretion by denying defendant's request for a bill of particulars in a RICO prosecution in which the defendant was indicted for extortionate schemes directed at one company while, at trial, the defendant was confronted with evidence of extortions aimed at entirely different companies.  In this case, the defendants were charged with participating in a scheme to defraud victims of the Amerindo SBIC Venture Fund LP and the Guaranteed Fixed Rate Deposit Account Program, a scheme which is laid out in great detail in the Indictment.  The defendants are fully apprised of the identity of the victims of those fraudulent investment products through the detailed Indictment, the voluminous discovery the Government has produced in this case to date, and the Government's supplemental letters of February 23 and March 15, 2006.  Thus, there is no risk that the defendants would be surprised by which Amerindo investors were defrauded as a result of the scheme alleged in the Indictment.  Cf. Davidoff, 845 F.2d at 1152-55.

Hon. Kenneth M. Karas
April 12, 2006
Page 3

       In sum, the Government respectfully requests that it be allowed to supplement or amend its initial list of potential GFRDA investors as the Government proceeds with its investigation and obtains additional documents and material.

       Respectfully submitted,

       MICHAEL J. GARCIA
       UNITED STATES ATTORNEY

By:    /s/                    
       Deirdre A. McEvoy
       Marc Litt
       Assistant United States Attorneys
       (212) 637-2309/2295

cc:    Susan C. Wolfe, Esq.
       Glenn Colton, Esq.
       Steven A. Kobre, Esq.