

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

June 12, 2006

BY FACSIMILE (212) 805-7968

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

       Re:    United States. v. Alberto William Vilar and Gary Alan Tanaka,
                 S2 05 Cr. 621 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in response to the June 9, 2006 bail modification request (the "Letter") made on behalf of Mr. Vilar.

      The Government reviewed the March 26, 2006 recommendations of Mr. Vilar's surgeon, Dr. Frank P. Cammisa, Jr., and does not oppose modifying Mr. Vilar's bail conditions to allow him to take the steps necessary to ensure that he has proper rehabilitative care.  For the reasons set forth below, the Government contends that any such bail modification should be conditioned on Mr. Vilar engaging in the full rehabilitation program recommended by his physician.

      As the Government informed counsel for Mr. Vilar, it consents to a modification of Mr. Vilar's bail conditions to permit: (a) one and one-half hours of walking on weekdays, provided that it can be done in such a way that Pretrial Services can monitor his activity; and (b) two hours of professional physical therapy rehabilitation two to three times per week as was "strongly recommended" by Dr. Cammisa.  Dr. Cammisa indicated that a complete regime of rehabilitation, including physical therapy, was necessary to minimize the risk of deterioration "which could lead to more surgery that would be much more extensive and disabling."  The Government believes that this additional thirteen and one-half hours of structured exercise, in addition to the walking that Mr. Vilar already incorporates into his daily activities and permitted excursions, would allow Mr. Vilar to follow Dr. Cammisa's recommendations.

      Mr. Vilar's apparent lack of interest in pursuing professional physical therapy, and his resistance to the scheme proposed by Pretrial Services Officer Leo Barrios to monitor his additional walking time, raises a concern that Mr. Vilar may be using Dr. Cammisa's letter as a

Hon. Kenneth M. Karas
June 12, 2006
Page 2

pretext for relaxing his conditions of home confinement.  With respect to physical therapy, in a telephone conversation with defense counsel prior to the filing of the Letter, the Government noted that Mr. Vilar's June 6, 2006 bail modification request did not include any provision for participating in such a therapeutic program.  The fact that the defendant has once again failed to seek a modification to permit him to participate in physical therapy leads the Government to conclude that the omission was, and is, intentional.  As far as the walking program is concerned, Mr. Barrios recommended that Mr. Vilar walk to and from his lawyers' office, with a requirement that Mr. Vilar place a telephone call to Pretrial Services when he reaches the office.  The Government believes that the solution proposed by Mr. Barrios is both practicable and justified.  It appropriately balances Mr. Vilar's need to walk with the need of Pretrial Services to monitor his whereabouts.  As the Government understands the proposed program, Mr. Vilar would not be required to take any particular route to Mr. Hoffman's office, and he would readily be able to calibrate his travel to meet the ninety minute target of daily walking.

      To alleviate the concern raised by the seeming contradictions in Mr. Vilar's position – that he needs to be freed from home confinement to facilitate his rehabilitation, but declines to obtain necessary physical therapy and refuses to have his walking time monitored – the Government proposes that the bail modification suggested by Mr. Barrios be conditioned on Mr. Vilar's enrollment and participation in professional physical therapy as was recommended by Dr. Cammisa. (The Government understands that Mr. Barrios has no objection to Mr. Vilar's participation in professional physical therapy because that is something that can be monitored relatively easily).  As Dr. Cammisa wrote, were he "to miss physical therapy rehabilitation, Mr. Vilar may have significant spinal pathology in the future resulting in severe pain and disabilities, [and] possibly requiring further surgery."  If Mr. Vilar is serious about attending to his physical health, and not just seeking additional time to be free from home confinement, he should have no hesitation about following the advice of his highly qualified physician, and should likewise have no objection to the program of additional walking proposed by Mr. Barrios.

      Respectfully submitted,

      MICHAEL J. GARCIA
      UNITED STATES ATTORNEY

By:  /s/
      Marc Litt
      Assistant United States Attorney
      (212) 637-2295

cc: Jeffrey C. Hoffman, Esq. (By facsimile)
    Leo Barrios (By facsimile)