February 16, 2007

Hon. Kenneth M. Karas
Judge, U.S. District Court
United States Courthouse
500 Pearl Street – Rm. 2260
New York, N.Y.  10007-1312

Re*:*    *United States v. Alberto Vilar*, S2 05 Cr. 0621

Dear Judge Karas:

On behalf of the defendant Alberto Vilar, we submit this letter as an application to modify the defendant's conditions of release. More specifically, for the reasons set forth below, we request that the Court eliminate the condition of home detention.

It has now been almost 21 months since Mr. Vilar's arrest and his case is scheduled for trial at the two year mark, in May, 2007.  The length of time a defendant is deprived of his liberty prior to trial is a factor courts may consider in setting bail conditions.  Although Mr. Vilar is not incarcerated, his liberty has nevertheless been severely restricted for a prolonged period of time.

In *United States v. Vastola*, 652 F.Supp.1446, (D.N.J. 1987), for example, where two defendants were each facing more than ten years imprisonment on narcotics charges, the district court found that they were entitled to pretrial release because they had already been detained for more than three months, their trial was not scheduled to begin until seven months later and it was estimated to last up to six months. The Court stressed: "The length of detention is critical due to the "crucial liberty interest at stake." *Id.* at 1448, *citing United States v. Suppa,* 799 F.2d 115, 120 (3d Cir.1986) (citation omitted); see also *United States v. Perry,* 788 F.2d 100, 114 (3d Cir.), *cert. denied,* 479 U.S. 864, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986) ("the grave invasion of the most fundamental of all personal liberties that occurs when preventive detention is ordered")."

Page 2
2/16/2007

      Although Mr. Vilar is not detained in a prison facility, his liberty has been severely restricted. He has been subject to home confinement for almost 21 months, his trial is not scheduled to begin for another three months, and it is likely to last several months.[1] One of the harshest consequences of Mr. Vilar's home confinement is that he is very limited in the practical and daily support he can provide for his significant other, Maria Victoria A. Munoz, whose six cancer surgeries have left her physically and emotionally fragile and whose young son is struggling to understand his mother's illness and a possible future without her. Mr. Vilar is not permitted to spend time with the boy in the comfort and security of the child's home when Ms. Munoz is in the hospital or otherwise too ill to help the child with his homework or accompany him to specialized therapy classes. Mr. Vilar cannot even take the child out to play in the park or to a sports game in order to give Ms. Munoz the opportunity to rest on those days when she is exhausted. These are liberties most people take for granted and they are denied to Mr. Vilar by virtue of his home detention.

      In addition, since his arrest twenty-one months ago, Mr. Vilar has duly adhered to the bail conditions that this Court has imposed. Indeed, in consideration of Mr. Vilar's excellent record while under home detention, Pretrial Services has allowed him to attend a handful of social functions. In all the instances when Mr. Vilar was afforded greater freedom, he did not attempt to flee, but instead demonstrated his respect for the law by strictly abiding by all the conditions attached to the permission granted by Pretrial Services.

      Finally, throughout this almost two-year period of home confinement, Mr. Vilar has continued to maintain relationships with his bail signatories despite his limited ability to interact with them socially outside his home.[2] In determining whether any given signatory has sufficient moral suasion, ongoing contact is an important factor. Mr. Vilar appreciates the

---

[1] In the event Mr. Hoffman's March trial lasts longer than anticipated, Mr. Vilar's trial could be delayed even further.

[2] On one occasion Mr. Vilar requested permission to attend a social function with one of his bail signatories, but his request was denied.

Page 3
2/16/2007

support of his sureties and he understands the dire consequences to them if he were to attempt to flee.

     We have discussed this application with Pretrial Services officer Leo Barrios who indicated that, if requested, he would submit a recommendation to the Court.

     In sum, now that twenty-one months have passed since Mr. Vilar's indictment, we ask the Court to reassess the circumstances relevant to his bail conditions. For all of the reasons set forth above, we respectfully request that this Court modify his conditions to eliminate home detention.

                                                 Respectfully submitted,

                                               HOFFMAN & POLLOK

                                               By: _____
                                                  Susan C. Wolfe

Cc: Marc Litt, AUSA
    Leo Barrios, Pre-trial Services

Page 4
2/16/2007