

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

February 22, 2007

BY FACSIMILE & ECF

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

> Re:    United States v. Alberto William Vilar and Gary Alan Tanaka,
>           S3 05 Cr. 621 (KMK)

Dear Judge Karas:

       The Government respectfully submits this letter in opposition to defendant Alberto Vilar's February 16, 2007 application to remove the condition of home detention from his present bail conditions (the "Application" or "App.").

       Defendant has litigated his bail conditions extensively in the past.  The Government will not here repeat its previous arguments, but rather focus solely on the new argument raised in the Application.  Defendant claims that the condition of home detention should be eliminated in light of:  (a) the length of time between defendant's arrest and the trial (which is currently set for May 21, 2007); (b) the infringement on his liberty caused by home detention – specifically, his inability to provide support for his "significant other" and her child; and (c) defendant's compliance to date with the current bail conditions.  Defendant relies on one case, *United States* v. *Vastola*, 652 F. Supp. 1446 (D. N.J. 1987), in support of the Application.  That case, however, involved circumstances far different from those present here.

       First, as defendant concedes, he is not incarcerated; rather, he has been released on bail conditions, including home detention, pursuant to the Court's prior findings about his risk of flight.  Indeed, defendant's current conditions of release are far less stringent than those ultimately ordered in *Vastola*.  In *Vastola*, a "presumption" case under 18 U.S.C. § 3142(e), the District Court *sua sponte* reconsidered the denial of defendants' bail motions by the Magistrate Judge three months earlier.  Specifically, the Court found that the Government bore some responsibility for the delay in reaching trial, and that in light of that circumstance, the risk to the safety of the community (and the burden on the Government to minimize that risk under conditions of release) was outweighed by the prospect of keeping the defendants incarcerated for

Hon. Kenneth M. Karas
February 22, 2007
Page 2

15 additional months during pretrial and trial proceedings. *Vastola*, 652 F. Supp. at 1448. As a consequence, the Court imposed a series of conditions that required, among other things, that the defendants: (a) be confined to their homes at all times; (b) be under constant supervision of a designated family member; and (c) be permitted to leave home only to consult with their attorneys or for medical appointments approved in advance by the Probation Officer and supervised by each respective defendant's custodian-family member. *Id*. at 1449.

Here, the Court endorsed the prior determination that home detention and electronic monitoring, in conjunction with the other conditions of defendant's bond, were the least restrictive conditions that would reasonably assure defendant's appearance. Although the conditions of home detention and monitoring do, of course, affect defendant's liberty interests, they fall well short of the incarceration initially ordered in *Vastola*. Furthermore, defendant's conditions of home detention are markedly less restrictive than those ultimately ordered in *Vastola*. Specifically, the defendant is permitted to leave his home for daily walks (as part of a physical therapy regime), to attend church, and to do shopping and other errands, as well as to consult with defense counsel and to keep medical appointments. Defendant is not subject to the custodial arrangements required in *Vastola*; nor have the other burdensome requirements imposed in *Vastola* been required, including consent to random home inspections and the installation of a pen register. *See id*. at 1449. Moreover, here, unlike in *Vastola*, defendant does not allege that the Government is responsible for delaying the trial. Indeed, the Court has repeatedly stated that this is a complex case, in which complex and novel issues have been litigated, and that no party is responsible for any delay in the case reaching trial. Finally, unlike *Vastola* where the Court made its determination anticipating that defendants would remain incarcerated for an additional 15 months until the trial was completed, here the trial is scheduled to begin in three months and the Court has previously indicated that it anticipated blocking out a total of two months for the trial.

Second, although the Court may consider defendant's record of compliance with his current bail conditions in evaluating a proposed bail modification, defendant's past compliance is not, in and of itself, a persuasive argument for reducing those conditions. To the contrary, it is merely evidence that the current bail conditions have been proven to be effective.[1]

Finally, although the Government is sympathetic to the defendant's desire to be of assistance to a family with whom he has a relationship – and the fact that it might be easier for him to do so were his bail conditions modified – that desire should carry little weight in the bail calculus. There have been no material changes with respect to the far more relevant factors of defendant's historical ties to the community, his incentives to flee, his access to resources, and his demonstrated pattern of deceit since the Court last considered defendant's request to

---

[1] Defendant acknowledges that, notwithstanding the current home detention condition, he has been able to maintain relationships with the co-signors on his bond, and presumably also those who put up cash and property as security for the bond. (App. at 2-3). This is not an argument for eliminating the condition of home detention. Rather, it is another fact indicative of the effectiveness of the current conditions.

Hon. Kenneth M. Karas
February 22, 2007
Page 3

eliminate the condition of home detention.  Accordingly, for the reasons stated herein, and those stated in response to defendant's previous bail modification requests, the Government continues to believe that the defendant presents a serious risk of flight, and contends that the present bail conditions constitute the least restrictive combination of conditions that will reasonably assure his appearance.  Therefore, the Application should be denied.

To the extent the Court believes that any modification of defendant's bail conditions is appropriate, the Government (after consulting with Pretrial Services Officer Leo Barrios) respectfully suggests that the Court do so while retaining the condition of home detention.  For example, the Court could designate regularly scheduled periods of time within which the defendant would be permitted to leave his residence without obtaining the prior approval of the Pretrial Services Agency.   Before any such material change to defendant's bail conditions is effected, however, the individuals who have co-signed and pledged assets as security on defendant's bond should be required to acknowledge in writing that they have been informed of any such material change to the conditions of defendant's release and that they continue to be willing to serve those roles.

Respectfully submitted,

MICHAEL J. GARCIA
UNITED STATES ATTORNEY


By: ___/s/_____
       Marc Litt
       Assistant United States Attorney
       (212) 637-2295

cc:    Leo Barrios, Pretrial Services Agency