May 3, 2007

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

    Re:    United States v. Vilar, *et al.*
              05 Cr. 621 (KMK)

Dear Judge Karas:

    I am writing in further support of our application for the appointment of a special master, to be compensated by the government, to address matters relating to Amerindo's response to a grand jury subpoena.

    Rule 53(A)(1)(C) of the Federal Rules of Civil Procedure authorizes the Court to appoint a special master to address pretrial . . . matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.[1] As its attorney has confirmed, Amerindo continues to exist as a legal entity, but it is currently insolvent. Consequently, it does not have the means to analyze whether, or to what extent, documents may be subject to the assertion of a privilege, or other matters relating to the manner in which it should comply with the subpoena's demands. In view of the complexity of those demands, determining the manner of Amerindo's response to the subpoena is plainly a pretrial matter that cannot effectively be addressed without professional assistance. Accordingly, we submit that this is a circumstance in which the interests of all parties would best be served by the Court's appointment of a special

---

[1] Although the present proceeding is a criminal matter, in the absence of an analogous provision of the Rules of Criminal Procedure, nothing prevents this Court from applying a provision of the civil rules. *See*, e.g., *United States v. Demosthene*, 326 F.Supp.2d 531, 534, n.2 (S.D.N.Y. 2004)(in absence of an analogous rule of criminal procedure, court applies civil standard for reconsideration in a criminal case).

Hon. Kenneth M. Karas
May 2, 2007
Page 2

master to address these issues.

Section (h)(2)(A) of Rule 53 provides that the compensation of a special master, as fixed by the Court, is to be paid by a party or parties. In determining the allocation of such payments, the Court is to consider the nature and amount of the controversy, the means of the parties, and the extent to which any party is more responsible than other parties for the reference to a master. Fed. R. Civ. Pro. 53(h)(3). As previously stated, Amerindo is entirely without means to contribute to the payment of a special master. The government, on the other hand, surely has such means. In addition, as the party that prepared the subpoena and that is seeking the documents it identifies, the government bears primary responsibility for engendering the circumstances that make reference to a special master necessary. Accordingly, we submit that the Court should allocate full responsibility for payment of the special master s compensation to the government.

Because we believe that the appointment of a special master compensated by the government is necessary to ensure a response to the pending subpoena that is consistent with the rights and interests of all parties, we urge the Court to make such an appointment.

Respectfully,

Ivan S. Fisher
*Attorney for Defendant*
*Alberto Vilar*