

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                Defendants.

Case No. 05-CR-621 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    On May 11, 2007, the Court held a conference to address the review and production of documents that may be responsive to the Grand Jury Subpoena (the "Subpoena") that was served on Amerindo Investment Advisors Inc. ("Amerindo") on May 26, 2005. Following the conference, at the Court's instruction, the Parties submitted letters setting forth their views regarding the Court's proposal of a limited-waiver agreement in connection with the documents to be produced pursuant to the Subpoena. Having reviewed the letters and considered the arguments raised by the Parties during the conference, the Court finds that, pursuant to a limited-waiver agreement, Amerindo must produce to the Government documents responsive to the Subpoena and it must do so as soon as is practicable consistent with the terms of this Order.

    By way of brief background, the Subpoena has been pending for nearly two years. Upon receipt of the Subpoena, Amerindo initially spent several months gathering and reviewing responsive documents. (Suppression Hr'g Tr. 34, May 31, 2006.) Amerindo ceased these efforts, however, when Defendants filed their Motion to Quash. (*Id.* at 51.) At that point, Amerindo had reviewed approximately half of the documents located at Amerindo's New York offices. (*Id.* at 50.)

On April 4, 2007, Defendants' Motion to Quash was granted in part and denied in part. The Government now seeks the production of documents responsive to the surviving sections of the Subpoena. Amerindo has stated its desire to comply with its obligations under the Subpoena. However, both Amerindo and the Defendants claim that they do not have the resources necessary to conduct a review of the documents for responsiveness and legal privilege.[1] In an effort to address this problem, Defendant Tanaka has proposed that the Government establish a review team, independent from the prosecution team, that would review the documents for responsiveness and privilege. Defendant Vilar does not join in this request, but instead has indicated his agreement to the limited waiver procedure suggested by the Court.

The Court declines to adopt Tanaka's proposal. "It is well settled that [t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (quotations omitted). While the Court is not unsympathetic to Amerindo's resource difficulties, those difficulties do not entitle Amerindo to shift the burden of establishing its privilege onto the Government. Moreover, to the extent that Amerindo might be found to have waived any privilege as a result of its production of documents to the prosecution team, such a finding of waiver may be no less likely if the documents are produced to a team of Government lawyers other than the prosecutors in this case.

This is not to say that Amerindo's interest in protecting its privileged materials is unimportant. On the contrary, consistent with the mandates of the Subpoena, every effort should

---

[1] Amerindo estimates that there are approximately 200 boxes of documents that remain to be reviewed.

be made to preserve Amerindo's interests. Accordingly, the Court shall adopt, as an order, a limited-waiver agreement to be agreed upon by the Parties. Although such limited-waiver agreements are not always enforced, *see generally In re Natural Gas Commodity Litig.*, No. 03 Civ. 6186, 2005 WL 1457666, at *4-9 (S.D.N.Y. June 21, 2005), the general trend favors their enforcement and such an arrangement is not unprecedented, *see Hopson v. Mayor & City Council of Balt.*, 232 F.R.D. 228, 246 (D. Md. 2005). Moreover, unlike a standard non-waiver agreement entered into solely between the parties, here the agreement shall have the full force of an order of this Court, thus providing added protection to Amerindo. *See id.*

The Court reaches this decision mindful of Defendants' speedy trial rights. The formation of a separate Government review team, which would require substantial additional time to become familiar with the complicated facts at issue here, is both wasteful and unnecessary, and is therefore not the most expeditious manner in which to proceed.

Accordingly, it is hereby:

ORDERED that on or before Wednesday, May 30, 2007, the Parties are to submit to the Court a limited-waiver agreement. If the Parties cannot agree on the terms of such an agreement, the Court shall adopt the "DRAFT LIMITED WAIVER AGREEMENT" submitted by the Government with its letter dated May 18, 2007. It is further

ORDERED that Amerindo is to produce to the Government documents responsive to the Subpoena as soon as is practicable after the limited waiver agreement is signed by the Parties and the Court. This production shall be made pursuant to the terms of the limited-waiver agreement submitted by the Parties and shall not result in the waiver of any privilege or work product claim, with respect to either this litigation or any future litigation involving any third party.

SO ORDERED.

Dated:     May 23, 2007
           New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE