UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

- against -

ALBERTO WILLIAM VILAR, a/k/a "Albert Vilar," and GARY ALAN TANAKA

Defendants.

S3 05 Cr. 621 (KMK)

ECF CASE

**STIPULATION AND ORDER**

The undersigned parties hereby agree as follows:

1. Pursuant to the terms stated herein, Amerindo Investment Advisors Inc. (the "Company"), Alberto William Vilar and Gary Tanaka (the "Defendants") agree to comply with the Grand Jury Subpoena dated May 26, 2005, as modified and restricted by the Court's Opinion and Order dated April 4, 2007 (the "Subpoena"), by providing documents (the "Subject Materials") to the United States Attorney's Office (the "Office") that may include documents beyond the scope of the Subpoena (the "Non-Responsive Materials") and that may include documents that the Company and/or the Defendants believe to be protected from disclosure by an applicable privilege, including but not limited to the attorney-client privilege or the attorney work product doctrine (the "Privileged Materials").

2. By agreeing to produce the Subject Materials, the Company and the Defendants do not waive any protections associated with any potentially applicable privileges, including but not limited to the attorney-client privilege or the attorney work product doctrine, as to any party other than the Office (and, with respect to the Office, only as to the above-captioned action and proceedings occurring within a grand jury empanelled in the Southern District of New York), and intend only to

1

effect a limited waiver as to the Office with respect to the Subject Materials pursuant to the understandings expressed herein.

3. Production of the Subject Materials does not in any way constitute a waiver by the Company or the Defendants of any potentially applicable privilege, including but not limited to the attorney-client privilege and attorney work product protections, except, as to the Office in connection with the above-captioned action and proceedings occurring within a grand jury empanelled in the Southern District of New York, a limited waiver solely of (a) the right to withhold from production some or all of the Subject Materials, and (b) the right to object to the prosecution team's exposure to or certain uses of the Subject Materials as described in Paragraph 6 below.

4. Production of the Subject Materials does not provide any additional grounds to obtain other documents or material from the Company or the Defendants (although any such grounds that may exist apart from the production of the Subject Materials shall remain unaffected by this Agreement). The Office agrees that it will maintain the confidentiality of the Subject Materials in accordance with its obligations under Federal Rule of Criminal Procedure 6(e). In addition, to the extent that Rule 6(e) permits the sharing of materials, the Office agrees to use best efforts to avoid exposing parties outside of the Office to Privileged Materials.

5. Notwithstanding the production of the Subject Materials, the Defendants expressly reserve their rights, to the extent that they have standing to do so, to object to the use of any of the Subject Materials in any proceeding in the above-captioned action (including but not limited to admission of any of the Subject Materials into evidence, use on cross-examination or use to refresh a witness' recollection) on the ground that the Subject Materials in question constitute Privileged Materials (i.e., that the documents are protected by privilege, including but not limited to the

2

attorney-client privilege and the attorney work product doctrine). Defendants further expressly reserve their rights, to the extent that they have standing to do so, to object to the use in any proceeding in the above-captioned action (including but not limited to admission into evidence, use on cross-examination or use to refresh recollection) of any materials derived from the review of Privileged Materials.

6. The Defendants represent that Eugene R. Licker, Esq. is counsel solely to the Company, and further represent that they expressly waive any challenge to: (a) the authority of Mr. Licker to enter into this limited waiver agreement on behalf of the Company and to produce the Subject Materials pursuant to the Subpoena; and (b) the production to the Office of Subject Materials related to entities other than the Company. Defendants further represent that they waive the right to (a) argue that any member of the prosecution team has been improperly exposed to the Subject Materials, (b) move to disqualify a witness on the ground that the witness has been improperly exposed to the Subject Materials, or (c) object to the prosecution team's use or derivative use of materials derived from review of the Subject Materials (except that Defendants may object to the use or derivative use of the Subject Materials in any proceeding in the above-captioned action as described in Paragraph 5 above), as a result of the Office's review of both Non-Responsive Materials and Privileged Materials.

7. Defendants waive the right to appeal the entry of this Stipulation and Order, including the procedures relating to the production and/or subsequent use of the Subject Materials as set forth herein. Defendants further waive the right to appeal the Court's Order dated May 23, 2007, directing the Parties, among other things, to confer and submit to the Court a limited waiver agreement. Nothing in this Agreement, however, should be construed as waiving Defendants' rights

3

to appeal any other order of the Court in the above-captioned action, including but not limited to the Court's Opinion and Order dated April 4, 2007, and any other rulings on the effect of that Opinion and Order.

8.    This Stipulation and Order may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one agreement.

Dated:  June 4, 2007
        New York, New York

Wilson, Sonsini, Goodrich & Rosati, P.C.

Michael J. Garcia
United States Attorney for the Southern
 District of New York


Glenn C. Colton, Esq.
Jessica L. Margolis, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
40th Floor
New York, New York 10019

*Counsel for Gary Alan Tanaka*

By:  Marc Litt
Deirdre A. McEvoy
Benjamin A. Naftalis
Assistant U.S. Attorneys


Ivan Stephan Fisher, Esq.
251 East 61st Street
New York, New York 10021

*Counsel for Defendant Alberto William Vilar*

4

to appeal any other order of the Court in the above-captioned action, including but not limited to the

Court's Opinion and Order dated April 4, 2007, and any other rulings on the effect of that Opinion

and Order.

8. This Stipulation and Order may be executed in two or more counterparts, each of which

shall be deemed an original and all of which together shall constitute one agreement.


Dated: June 4, 2007
       New York, New York

Wilson, Sonsini, Goodrich & Rosati, P.C.

Michael J. Garcia
United States Attorney for the Southern
 District of New York


Glenn C. Colton, Esq.
Jessica L. Margolis, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
40th Floor
New York, New York 10019

*Counsel for Gary Alan Tanaka*

By: Marc Litt
Deirdre A. McEvoy
Benjamin A. Naftalis
Assistant U.S. Attorneys

Ivan Stephan Fisher, Esq.
251 East 61st Street
New York, New York 10021

*Counsel for Defendant Alberto William Vilar*

4

Loeb & Loeb LLP

_____

Eugene R. Licker, Esq.
Loeb & Loeb
345 Park Avenue
New York, New York 10154

*Counsel for Amerindo Investment Advisors Inc.*

SO ORDERED:

_____
Kenneth M. Karas
U.S. District Judge          6/6/07

5