# EXHIBIT C

```
        74D1VILC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4             v.                            05-CR-621 (KMK)

 5   ALBERTO VILAR, GARY TANAKA,

 6             Defendants.

 7   ------------------------------x

 8                                           New York, N.Y.
                                             April 13, 2007
 9                                           2:22 p.m.

10
     Before:
11
                     HON. KENNETH M. KARAS,
12
                                             District Judge
13

14                       APPEARANCES

15   MICHAEL J. GARCIA
          United States Attorney for the
16        Southern District of New York
     MARC O. LITT
17   DEIRDRE A. McEVOY
     BENJAMIN NAFTALIS
18        Assistant United States Attorneys

19   WILSON SONSINI GOODRICH & ROSATI
          Attorneys for Defendant Tanaka
20   BY:  GLENN C. COLTON, ESQ.
          JESSICA L. MARGOLIS, ESQ.
21
     IVAN S. FISHER, ESQ.
22   WILLIAM J. DAVIS, ESQ.
     JEFFREY HOFFMANN, ESQ.
23        Attorneys for Defendant Vilar

24

25
```

74D1VILC

1  Whatever's happened has happened. But that's your call. But I
2  don't think the law requires it. There's no privilege, okay,
3  and we're not dealing with a *Kastigar* type of situation, in
4  terms of a legal bar. But maybe the principle is something
5  that will be introduced in this case. Okay?
6      Mr. Colton.
7      MR. COLTON: I guess in the interests of trying to
8  make sure all the issues are before the Court, I imagine that
9  we may have a debate and will have a debate on the usability
10 and admissibility of documents your Honor has suppressed but
11 yet ordered produced pursuant to the subpoena. So if the
12 government is going to take the position that that vast
13 quantity of documents that were suppressed but yet responsive
14 to the brief form subpoena are somehow unsuppressed because
15 they would have been received through the subpoena, I would
16 like to know that because that informs the massive evidence
17 that's potentially usable in the trial, the potential length of
18 the trial and how much work is to be done. And if the
19 government has a position, please tell us. If they don't,
20 please ask the government to give you a position by
21 April 27th.
22      THE COURT: It's pretty clear to me that the
23 government's view is, even if something is suppressed by the
24 modified search warrant, they get to use it if it's responsive
25 to the subpoena. Am I wrong on that, Mr. Litt?

1           MR. LITT:  No.

2           THE COURT:  So you're saying you're going to challenge

3   their use of materials that are suppressed under the warrant

4   but responsive to the subpoena, is that what you're saying?

5   You may challenge the admissibility of those materials.

6           MR. COLTON:  Yes.

7           THE COURT:  And this is a man who wants to go to trial

8   in July.

9           MR. COLTON:  It seems to me, your Honor --

10          THE COURT:  Yes.

11          MR. COLTON:  -- that Mr. Tanaka's right to a speedy

12  trial shouldn't be hampered or hindered by the fact that the

13  government violated his Fourth Amendment rights by the way in

14  which they did the search.  And that's a problem I'm having,

15  and it's a problem I'm having in explaining to my client --

16          THE COURT:  Or that the government is otherwise

17  entitled to the documents because the subpoena that it issued

18  was lawful.

19          MR. COLTON:  That --

20          THE COURT:  And we have talked about this before,

21  Mr. Colton.  There is always a tension between a defendant's

22  rights to bring whatever motions it thinks are going to advance

23  his interest in the case and a defendant's interest in a speedy

24  trial.  One cannot go to trial as fast as one can without

25  motions as when he files motions.  And Congress has said that

1   the time is excluded, which is something I'm probably going to
2   write on too, because you have an application somewhere in the
3   distant past that you wanted me to waive the exclusion based on
4   motions being filed.  If you think you want to stop these
5   materials that are responsive to the subpoena that were
6   suppressed under warrant coming into evidence, then you can
7   make that application.  But the minute you make that
8   application, the speedy trial clock is excluded.
9            MR. COLTON:  The other way that we would -- I would
10  not want to do it this way, but the other way it could be done
11  is simply object at trial when the government seeks to put
12  something in.
13           THE COURT:  Not happening.
14           MR. COLTON:  Well, that -- I think it would be an
15  improper -- not improper -- unhelpful way to conduct a trial.
16  So what I'm suggesting and I ask your Honor to do is, I don't
17  want to make a motion where the government hasn't stated a
18  position.  So if we know the position, we can decide whether to
19  make a motion.
20           THE COURT:  You've heard their position.  Anything
21  they think is responsive to the subpoena, even if it was
22  suppressed under the warrant, they think they get to use at
23  trial.
24           MR. COLTON:  Well, we will decide by April 27th
25  whether to file such a motion.  And the request I'm going to

74D1VILC

1   make of the Court then is a very expeditious briefing schedule
2   so that we don't lose any more time than is absolutely
3   necessary. And a forecast I would ask the Court to do is to
4   get this done within the currently existing exclusion, which
5   still runs another month or so.
6          THE COURT: I'm not going to forecast my response to
7   that request.
8          All right. Anything else?
9          MR. LITT: No, your Honor.
10         THE COURT: All right. I'm around the next couple of
11  weeks, I'm on trial, so if you need to see me between now and
12  April 27th, I'm around. It will be at the end of the day or
13  on Friday.
14         I bid you all a good weekend. See you in a couple
15  weeks.
16         MR. FISHER: Have a good weekend, your Honor.
17         MR. COLTON: Thank you, your Honor.
18                               oOo