# EXHIBIT D

```
    74R6TANC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                                05 CR 621(KMK)

5   ALBERTO VILAR and GARY TANAKA,

6            Defendants.

7   ------------------------------x

8                                              New York, N.Y.
                                               April 27, 2007
9                                              11:15 a.m.

10
    Before:
11
                    HON. KENNETH M. KARAS,
12
                                         District Judge
13

14                        APPEARANCES

15  MICHAEL J. GARCIA
         United States Attorney for the
16       Southern District of New York
    MARC LITT
17  DEIRDRE McEVOY
         Assistant United States Attorney
18
    IVAN FISHER
19  WILLIAM DAVIS
         Attorney for Defendant Vilar
20
    GLENN COLTON
21  JESSICA MARGOLIS
         Attorneys for Defendant Tanaka
22
    LOEB & LOEB, LLP
23       Attorneys for Amerindo
    EUGENE R. LICKER
24

25  Also present:  Mr. Hockenbury, via telephone
                   Eric Glenn, paralegal

              SOUTHERN DISTRICT REPORTERS, P.C.
                     (212) 805-0300
```

```
74R6TANC                    Conference
```

1  that there aren't going to be major privilege issues to be
2  litigated. There was no privileged litigation with respect to
3  hundreds of thousands of privileged documents that were --
4           THE COURT: There needs to be reviewed. Forget
5  litigated. It needs to be reviewed.
6
7           Thank you, Ms. Margolis.
8           Mr. Litt, do you have a view on all of this?
9           MR. LITT: Well, my view is there was a motion
10 schedule. I don't know why taint wasn't raised in the
11 initial --
12          THE COURT: Because there has been no ruling.
13          MR. LITT: It doesn't require a ruling. You can write
14 a paragraph--
15          THE COURT: No. No. No. Because if I had denied the
16 motions in their entirety, people would have wasted a lot of
17 time and money make motions for taint that would be like
18 contingent motions. And to the extent that the motion to
19 suppress was granted in its entirety, there likely would have
20 been an appeal to the circuit. To the extent the motion to
21 suppress was granted in part, it makes the taint a moving
22 target.
23          So from counsel's standpoint, I don't know how they
24 file a motion for taint. If you are suggesting it has been
25 waived, I can't see that that is at all possible.

74R6TANC                    Conference

1            THE COURT: Ms. Margolis, why don't you talk to
2   Mr. Litt. If you can't work it out then you will write me a
3   letter.
4            I am technically challenged as well. There may be a
5   computer who says my idea is crazy. Talk to the computer
6   experts. Conceptually, of course -- I know you this,
7   Mr. Litt -- practically speaking let's see if we can find a way
8   to get this back what should be returned.
9            You said two things.
10           MS. MARGOLIS: Yes. Another point, this was raised by
11  Mr. Colton very briefly at the last conference, but there is
12  another legal issue that we think had been resolved just by
13  virtue of the state of your Honor's decision, but apparently
14  there might be some disagreement on that. The issue is what to
15  do with the evidence that was illegally seized by the
16  government but falls within the scope of the revised subpoena.
17  So that is what they have in their possession right now.
18           Our view is the law is very clear that suppressed
19  items cannot be used at trial. These items were suppressed by
20  your Honor's decision. They cannot be used at trial. The
21  government -- speaking of waiving argument -- the government
22  has not waived an exception to suppression such as, for
23  example, the inevitable discovery doctrine. That was not
24  raised in the government's responses to the briefing on the
25  suppression issues and it hasn't been raised date. They have

```
74R6TANC                    Conference
```

1    the burden on that issue, the burden by a preponderance of the
2    evidence, they haven't nor can they meet that argument.
3              THE COURT: So the government takes an item that they
4    weren't entitled to under the search warrant and they return it
5    to Amerindo, they return it to Mr. Licker. He has this
6    subpoena that says this document gets turned back over to
7    government, you think they don't get to use it at trial?
8              MS. MARGOLIS: That is correct. The item is
9    suppressed. By virtue of serving a subpoena, having a valid
10   subpoena, that in itself is not sufficient to overcome
11   suppression to unsuppress suppress the evidence.
12             THE COURT: Well, look, I am not going to decide it
13   now for the same reason I haven't decided anything else because
14   I need law. It seems to me that if you want to brief it, then
15   brief it. If you can't work it out with Mr. Litt and Ms.
16   McEvoy, I am sorry I not do not mean slight the newest member
17   of the team, but then you can brief it. I am not going to
18   decide it now.
19             I understand the difference of opinion and is that
20   fine. My reaction is that they get it because they get it
21   under the subpoena, but you will educate to me as to why that
22   is wrong.
23             MS. MARGOLIS: I know I said two things, this is a
24   very brief third thing. It would help us in our discussion
25   with our client if there was -- I note there will not be a