# EXHIBIT H

```
77hdvilc
                         CONFERENCE
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,              New York, N.Y.
 4            v.                            (S2) 05 Cr. 621 (KMK)
 5   ALBERTO WILLIAM VILAR and GARY
     ALAN TANAKA,
 6
              Defendants.
 7
     ------------------------------x
 8
 9                                          July 17, 2007
                                            2:27 p.m.
10
11   Before:
12                  HON. KENNETH M. KARAS,
13                                          District Judge
14
                         APPEARANCES
15
     MICHAEL J. GARCIA
16        United States Attorney for the
          Southern District of New York
17   BY:  MARC O. LITT
          DEIRDRE ANN McEVOY
18        BENJAMIN NAFTALIS
              Assistant United States Attorneys
19

20   IVAN S. FISHER
          Attorney for Defendant
21        Alberto W. Vilar

22
     SCHEICHET & DAVIS, P.C.
23        Attorneys for
          Defendant Alberto W. Vilar
24   BY:  WILLIAM J. DAVIS
25
```

```
77hdvilc
                        CONFERENCE
```

1              THE COURT:  Do you understand that in the absence of
2     this so-ordered agreement, that the prosecution team might not
3     have had access to nonresponsive and/or privileged materials,
4     Mr. Vilar.
5              DEFENDANT VILAR:  Yes.
6              THE COURT:  Mr. Tanaka?
7              DEFENDANT TANAKA:  Yes.
8              THE COURT:  Do you understand that under the terms of
9     the stipulation to which each of your attorneys agreed, the
10    prosecution team and the Grand Jury may be exposed to materials
11    covered by the attorney-client privilege and/or the attorney
12    work product doctrine, Mr. Vilar?
13             DEFENDANT VILAR:  Yes.
14             THE COURT:  Mr. Tanaka?
15             DEFENDANT TANAKA:  Yes, your Honor.
16             THE COURT:  All right.  Do you understand that under
17    the terms of the stipulation that was so-ordered by the Court,
18    that you are giving up certain rights?  For example, do you
19    understand that under the terms of the stipulation, you are
20    giving up the right to appeal the May 23, 2007 order of this
21    Court which, among other things, directed the parties to confer
22    and submit to the Court a limited waiver agreement, Mr. Vilar?
23             DEFENDANT VILAR:  Yes.
24             THE COURT:  Mr. Tanaka?
25             DEFENDANT TANAKA:  Yes.

77hdvilc
                          CONFERENCE

1           THE COURT:  Mr. Tanaka?

2           DEFENDANT TANAKA:  Yes.

3           THE COURT:  All right.  Do you understand that under
4    the terms of the stipulation which the Court so-ordered, that
5    you're giving up any right you may have had to challenge the.
6    Authority of Mr. Eugene Licker to enter into the stipulation on
7    behalf of Amerindo Investment Advisers and to produce materials
8    pursuant to the subpoena, Mr. Vilar?

9           DEFENDANT VILAR:  Yes.

10          THE COURT:  Mr. Tanaka?

11          DEFENDANT TANAKA:  Yes.

12          THE COURT:  Do you understand that under the terms of
13   the stipulation which was so-ordered by the Court, you were
14   giving up any right you may have had to challenge the
15   production to the government of materials related to entities
16   other than Amerindo, U.S., Mr. Vilar?

17          DEFENDANT VILAR:  Yes.

18          THE COURT:  Mr. Tanaka?

19          DEFENDANT TANAKA:  Yes.

20          THE COURT:  Do you understand that under the terms of
21   the stipulation which was so-ordered by the Court, that you are
22   giving up any right you may have had to appeal the Court's
23   approval and entry of this stipulation and order, Mr. Vilar?

24          DEFENDANT VILAR:  Yes.

25          THE COURT:  Mr. Tanaka?