# EXHIBIT B

```
     639HVILA

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              05 Cr. 621 (KMK)

5    ALBERTO WILLIAM VILAR,
     GARY ALAN TANAKA,
6
               Defendants.
7
     ------------------------------x
8
                                        New York, N.Y.
9                                       March 9, 2006
                                        2:45 p.m.
10

11   Before:

12                    HON. KENNETH M. KARAS

13                                      District Judge

14                         APPEARANCES

15   MICHAEL J. GARCIA
          United States Attorney for the
16        Southern District of New York
     MARC O. LITT
17   DEIDRE A. MCEVOY
          Assistant United States Attorneys
18
     JEFFREY C. HOFFMAN
19   SUSAN C. WOLFE
          Attorneys for Defendant Vilar
20
     GLENN C. COLTON
21   STEVEN G. KOBRE
          Attorneys for Defendant Tanaka
22

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

639HVILA

1  have an obligation to let them know what the changes are, what
2  they did that made that fraudulent, or no?
3          MS. MCEVOY:  Your Honor, I don't think the government
4  needs to provide the precise changes to the GFRDA program.
5  That is the proof what the investors are going to testify to at
6  trial.
7          Certainly I think the government should provide the
8  victims we are going to rely on, but I don't think the
9  government needs to provide what the testimony will be on that.
10         THE COURT:  All right.  Ms. Wolfe, do you want to
11 respond to that?
12         MS. WOLFE:  I think that the changes -- it sounds like
13 the changes are the crux of the fraud, whatever fraudulent
14 statements were made, the government claims were made in
15 writing.  I think we are entitled to know what the crime is.
16 And when the crime is fraud, the government should identify
17 what the defendants did that constitutes a fraud.
18         THE COURT:  All right.  I will think about that one
19 and let you know.
20         I think what remains then is this Rule 16 argument and
21 whether or not the government has to identify what it is that
22 it intends to use.  Then there is sort of an added argument
23 that is made in the reply that I think, Mr. Colton, you wrote,
24 citing the First Circuit case and applying Rule 12(b)(4)(B),
25 right?

639HVILA

1           MR. COLTON:  Yes, your Honor.

2           THE COURT:  Mr. Litt, you haven't had a chance to
3    respond to that argument since it came in on the reply.
4           Do you want to respond to it?
5           MR. LITT:  I think the purpose of that rule is so that
6    the defense can make decisions about whether or not to move to
7    suppress certain evidence.  In this case, the defense has moved
8    to suppress all the evidence taken in the U.S. search and they
9    have moved to suppress all the evidence, or they are about to
10   move, we are told, to suppress all the evidence taken in the UK
11   search.  So it is unclear why now this would assist them in
12   making that determination.
13          Had we been asked earlier, we would have said we
14   intend to use a large quantity of documents from the UK in the
15   U.S. and therefore the defense could have made the calculation
16   and decided it is worth our while to move to suppress the UK
17   and U.S. documents.
18          THE COURT:  You said you turned over the inventory of
19   the search in the U.S.
20          MR. LITT:  Yes.
21          THE COURT:  Are there any other intrusive
22   investigative techniques that the government used as part of
23   this case?  And by that I mean any other searches or any
24   telephone tap orders or anything that would implicate the
25   defendants' Fourth Amendment interests that could therefore be

639HVILA

1    the subject of a suppression motion.
2        MR. LITT:  No.
3        THE COURT:  In other words, everything that was done
4    you have turned over.
5        MR. LITT:  Yes.
6        THE COURT:  And you have provided an inventory of what
7    was seized in the U.S. search?
8        MR. LITT:  Yes.
9        THE COURT:  What about the UK search?
10        MR. LITT:  We have turned over the inventory that we
11    got from the Metropolitan police.
12        THE COURT:  Why is that not enough, Mr. Colton?
13        MR. COLTON:  I just want to understand --
14        THE COURT:  That is why I asked that question earlier.
15    You gave me that funny look you give me now, and then,
16    Mr. Litt, what the heck is he asking for?
17        MR. LITT:  It is only my confusion, your Honor.
18        THE COURT:  I doubt it.  That is all right.
19        MR. COLTON:  First question I have is, there are a lot
20    of MLAT outstanding that we have never seen that the government
21    has obtained documents pursuant to.
22        THE COURT:  But if the MLAT relates to business
23    records that are obtained by the local version of the subpoena,
24    I don't see how you could bring any kind of a motion there to
25    suppress.  I am unaware of any case law that says you get to

639HVILA

1  suppress an MLAT.
2      What suppression motion do you think you could
3  possibly make based even on the MLATs?
4      MR. COLTON: I don't know how the documents were
5  gathered. I want to make sure I understand that Mr. Litt is
6  representing to the court that every other MLAT, except for the
7  MLAT with respect to one search at one location, Academy
8  Storage Facility, were all done more pursuant to a subpoena
9  than any --
10      THE COURT: Were there any other searches done, by
11 your knowledge, Mr. Litt, by any of the other foreign
12 governments involved in this?
13     MR. LITT: No, your Honor.
14     THE COURT: Then I think we are done with respect to
15 Rule 12.
16     MR. COLTON: I actually don't agree with this. Well,
17 they have already moved so it is now too late to ask. Mr. Litt
18 is saying well --
19     THE COURT: The rule is you have to give the defense
20 some notice of evidence that might be the subject of a
21 suppression motion, and the case you cite deals with a
22 situation where the government says we gave them locally-filed
23 discovery, let them figure it out.
24     That is not what happened here. They have given you
25 itemized inventories of things that were seized pursuant to the

639HVILA

1  types of investigative techniques that are the subject of
2  suppression motions.  I don't read anything in Rule 12(b) or
3  any case that applies 12(b) that is a back doorway to get an
4  itemization of what the government is going to put in in its
5  case in chief of those things that were found during a search
6  warrant.
7          MR. COLTON:  That is what the First Circuit case says.
8          THE COURT:  Because the facts there were different.
9  The facts there, the government didn't even provide an
10 inventory.  They just said, we gave the defense open access to
11 our files, so there you go.  The First Circuit said that is not
12 enough.  And that is not what's happened here.
13         MR. COLTON:  There might be an inventory of the hard
14 copy documents, but as to the electronic evidence, there is no
15 inventory, it is just, here is the images.
16         THE COURT:  Right, but the point is they gave you an
17 inventory that included the computers that were seized.
18         MR. COLTON:  Your Honor, the vast majority of the
19 evidence that the government would seek to use in its case in
20 chief would eventually be evidence from the computers.
21         THE COURT:  If you win the suppression motion, none of
22 that is coming in.
23         MR. COLTON:  That is true.
24         THE COURT:  So what is it about the computers that you
25 are somehow being kept in the dark about in terms of your

```
639HVILA
```

1   ability to file a suppression motion?

2          MR. COLTON:  We had to file it prophylactically

3   because we didn't know what it is they were trying to use.  So

4   we had no choice but to move against everything.

5          THE COURT:  Prophylactically you knew they seized it

6   pursuant to a search warrant you said was invalid.

7          MR. COLTON:  Yes, your Honor.  Except the second level

8   of that is if the warrant is valid, the stuff on the computer

9   could still be taken that isn't even called for by the warrant.

10  We don't know what they are going to seek to use off the

11  computer.

12         There are two ways it can be --

13         THE COURT:  You know that they may very well seek

14  within the subset of whatever they took from the computer stuff

15  from the computer, and the cases that I have read suggest that

16  that is all they need to do, that they need to tell you that

17  they intended to use some or all of the Rule 16 material and

18  that satisfies their Rule 12(b)(4)(B) obligation.

19         I am going to deny the application on that ground.  I

20  will flesh this out more in an opinion to follow.  I don't want

21  to hold things up.

22         With respect to the Rule 16, it seems to me I just

23  have to pick between Judge Scheindlin and Judge Glasser and

24  those that follow the fault lines.  I don't know what more can

25  be said to defend either esteemed judge's analysis.  So I just