USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

              Defendants.

No. 05 Crim. 621 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On July 8, 2008, the government moved to introduce certain attorney-client communications at trial on the basis of the crime-fraud exception to the attorney-client privilege, and asked the Court to conduct an *in camera* examination of the documents at issue in order to determine their admissibility. (*See* Govt.'s Attorney-Client Mem. at 1.) Subsequently, by letters dated July 10, 14, 17, and 23, and at a conference held before the Court on July 18, defendants asked this Court to reject the government's motion — without reaching the merits of the government's crime-fraud argument — on the ground that the government had "waived the right to raise the issues implicated in its [m]otion." (*See* Tanaka's July 24, 2008 Ltr. at 6.)

Specifically, defendants argued that the government failed to attempt to pierce the attorney-client privilege in 2006, when the Honorable Kenneth M. Karas, District Judge, set a schedule for the filing of motions regarding privilege issues, or at any time prior to July 8, 2008, despite having had the information necessary to bring the instant motion at an earlier date.[1] (*See* June 5, 2006 Order at 2.) Therefore, according to defendants, the government has forfeited its ability to challenge the privileged status of the documents at issue. (*See* Tanaka's July 24, 2008 Ltr. at 3-5.) Moreover,

---

[1] This case was reassigned to the undersigned on October 2, 2007.

defendants assert that it was improper for the government even to review any documents that were designated by defendants in 2006 as privileged documents, at least where the government failed to challenge the designation at that time. (*See* Tanaka's July 10, 2008 Ltr. at 3.) Finally, defendants assert that, because the government filed its motion only two months before the then-scheduled date for the commencement of trial — namely, September 8, 2008 — the time and effort required to oppose the government's motion will unfairly prejudice defendants' ability to prepare for trial, especially in light of the busy pretrial schedule in this case. (*See, e.g.*, July 18 Tr. at 77.)

In response, the government argues that this Court should proceed to consider its motion on the merits, given that the privilege review team assigned to this case simply reconsidered the purportedly privileged status of certain documents seized from defendants in light of information that came to the privilege review team's attention *following* the briefing deadlines set by Judge Karas in 2006. (*See, e.g.*, Govt.'s July 23, 2008 Ltr. at 4.) Moreover, the government argues that it did not have sufficient information to bring this motion in 2006 based on the allegations set forth in the indictment. (*See* Govt.'s July 29 Ltr. at 1-2.) In any event, according to the government, it did not waive its ability to seek to introduce several of the documents at issue that were subject to a "limited privilege waiver" entered into by the parties in June 2007. (*See, e.g.*, Govt.'s July 16, 2008 Ltr. at 4.) Finally, in regard to defendants' prejudice argument, the government argues that its motion is akin to a motion *in limine* addressing the admissibility of certain evidence at trial, and, therefore, does not constitute an unusual or unduly burdensome pretrial motion.

Having closely reviewed the parties' submission on this issue, the Court is unable to conclude that the government's motion should be denied on waiver grounds without requiring defendants to respond to the motion in full. At this time, on the basis of the parties' letter briefs, defendants have

failed to persuade the Court that the government, due to its conduct in this case, has waived its ability to seek to admit the documents at issue on the basis of the crime-fraud exception. Moreover, in regard to defendants' argument that merely responding to the government's motion will unfairly prejudice defendants, the Court notes that, since defendants presented this argument, the trial in this case has been postponed for two weeks, to September 22, 2008. Thus, even assuming *arguendo* that the government's motion imposed an unfair burden on defendants' ability to prepare for trial, that burden has been significantly reduced, if not eliminated completely, by the adjournment of the trial in this case.

Accordingly,

IT IS HEREBY ORDERED the parties shall abide by the following briefing schedule regarding the government's motion: defendants shall submit their opposition by August 19, 2008; the government shall submit its reply, if any, by August 26, 2008.

SO ORDERED.

Dated:   New York, New York
         July 31, 2008

                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE