Oral Argument is Requested

# United States District Court
# For the Southern District of New York

UNITED STATES OF AMERICA,

- against -

ALBERTO WILLIAM VILAR
and GARY ALAN TANAKA,

*Defendants.*

**DEFENDANT ALBERTO VILAR'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO PRECLUDE EVIDENCE
TAINTED BY THE ILLEGAL SEARCH OF
AMERINDO'S OFFICES IN THE UNITED STATES**

Docket No. S3 05 Cr. 621 (RJS)
[Filed Electronically]

**Herald Price Fahringer (HF 3827)**
**Erica T. Dubno (ED 3099)**
Fahringer & Dubno
120 East 56th Street, Suite 1150
New York, New York 10022
(212) 319-5351

Counsel for Alberto Vilar

August 19, 2008

## Introduction

In our opening brief, we urged that the defective search warrant and subpoena are being exploited to corrupt the trial with a large volume of evidence obtained in violation of Alberto Vilar's Fourth Amendment rights. Thus, included within the morass of more than 40,000 pages of exhibits -- which is growing larger each day[1] -- are a substantial number of records derived from the fatally flawed search. As argued by the defense, these records should <u>not</u> be presented to the jurors.

The government <u>concedes</u> that selected exhibits are beyond the scope of the revised subpoena. <u>See</u> Gov't Br. at 8-10, 30. Nevertheless, the prosecutors argue, <u>without any evidentiary support</u>, that the records are somehow cured of their taint merely because they are annexed to other documents. <u>Id.</u> However, contrary to the government's

---

[1] For example, by letter dated August 15, 2008, the government provided defense counsel with <u>new</u> exhibits: 651-679, 926, 1375-1381, 2092-A-H, 2094-A-D, and 4103. Similarly, on August 8, 2008, the government added Exhibits 3308-21, 3308-22, 3308-23, 3308-24, 3331-16, 3331-17, 3331-18, 3331-19, 3331-20, 3331-21, 3331-22, 5801 and 5802, as well as adding pages to Exhibits 5106 and 5107.

contentions, there is no basis for admitting these records at trial.

### Taint Issues Should be Resolved Prior to Trial for Purposes of Judicial Economy and to Avoid Prejudicing the Jurors

Moreover, there is no merit to the government's claim that, based upon the volume of exhibits identified by the prosecution, resolution of the taint issues should await the conclusion of the trial. See Gov't Br. at 32-33. There was clearly no effort to pare down the proof to a manageable level. In fact, it bears emphasis that the prosecutor acknowledged "multiple copies of key documents (including certain correspondence, account statements and internal memos) appear separately on the Government's exhibit list because they were obtained from multiple sources." See Letter from AUSA Marc Litt to the Court, dated July 15, 2008, at 3, n.3.

The defense, which is already laboring under a massive crush of records, should not be further burdened because the prosecution gave a wholesale listing of exhibits without any effort to separate the wheat from the chaff.

In addition, the government's suggestion that taint issues should be reviewed <u>after</u> trial is, in reality, akin to closing the barn door after the horse is long gone. Obviously, the evidence will pollute the trial and the jurors should not be exposed to evidence that was obtained in violation of Alberto Vilar's constitutional rights.

Judicial economy is also better served by precluding the tainted evidence before trial; before it has prejudiced jurors against Alberto Vilar. Moreover, it makes no sense to trudge through a lengthy trial -- deeply infected by tainted records -- only to conduct a postmortem review of the evidence.

We rely on the arguments and authorities set forth in our opening brief in support of the points and issues that did not warrant further discussion in this reply.

## Conclusion

For all these reasons, as well as those previously advanced and in the briefs of co-Defendant Gary Tanaka, the government should be precluded from admitting into evidence at trial or otherwise exploiting in any way tainted evidence; a hearing should be conducted to investigate the claims raised by Alberto Vilar; and the Court should grant such further relief as is justified under all the circumstances of this case.

Dated:    New York, New York
          August 19, 2008

                              Respectfully submitted,


                              /s/_____
                              **Herald Price Fahringer (HF 3827)**
                              **Erica T. Dubno (ED 3099)**
                              Fahringer & Dubno
                              120 East 56th Street, Suite 1150
                              New York, New York 10022
                              (212) 319-5351

                              Counsel for Alberto Vilar