Oral Argument is Requested

# United States District Court
# For the Southern District of New York

---

UNITED STATES OF AMERICA,

- against -

ALBERTO WILLIAM VILAR
and GARY ALAN TANAKA,

*Defendants.*

---

**DEFENDANT ALBERTO VILAR'S REPLY IN SUPPORT OF HIS MOTION TO PRECLUDE EVIDENCE OFFERED UNDER RULE 404(b) AND EVIDENCE CLAIMED TO BE INEXTRICABLY INTERTWINED WITH THE CHARGED CONSPIRACY**

---

Docket No. S3 05 Cr. 621 (RJS)
[Filed Electronically]

**Herald Price Fahringer (HF 3827)**
**Erica T. Dubno (ED 3099)**
Fahringer & Dubno
120 East 56th Street, Suite 1150
New York, New York 10022
(212) 319-5351

Counsel for Alberto Vilar

August 19, 2008

Table of Contents

**Introduction** ................................................................................................................ 1

**Alberto Vilar's Alleged False Statements to the IRS Do Not Establish an Intent to Defraud Investors** ....................................................... 2

**Evidence Relating to Lily Cates' Rhodes Capital Investment is Not Inextricably Intertwined with the Charged Conduct and Does Not Establish the Defendants' Knowledge or Intent to Engage in a Scheme to Defraud** ................................................................................................ 3

**The Alleged Fraudulent Transfer of Funds from Lily Cates' Bear Stearns Account in 2004 is Not Covered by the Indictment** ............................................................................................ 6

**Evidence Relating to the Alleged Fraudulent Transfer of Funds from Lily Cates' Bear Stearns Account in 2004 is Not Admissible Under Rule 404(b)** ........................................................................................................... 8

**Conclusion** .............................................................................................................. 10

**Introduction**

In our motion to preclude the government from introducing extrinsic evidence at trial, Defendant Alberto Vilar demonstrated that the alleged prior bad acts were <u>not</u> inextricably intertwined with the charged crimes and did <u>not</u> serve any of the limited purposes allowed by Rule 404(b). Rather, we established that the government's proposed proof is irrelevant and simply an attempt to show criminal propensity. Indeed, we attach significance to the fact that the government has withdrawn its attempt to introduce evidence relating to the alleged fraud of Elizabeth Knope (Litt's Letter, dated August 11, 2008, at 17).[1]

Recognizing the deficiency in its initial application, the government now submits a 27-page, single-spaced letter brief in response to the Defendant's arguments for exclusion. However, nothing in the government's oversized

---

[1] Thus, the extrinsic evidence now sought to be introduced is the (1) alleged false statements made by Alberto Vilar to the Internal Revenue Service; (2) alleged fraud concerning Lily Cates' Rhodes Capital Investment; and (3) the allegation that $175,000 was misappropriated from Lily Cates' Amerindo-managed account at Bear Stearns.

response changes the fact that the alleged prior acts are inadmissible or that the prejudice from the evidence far outweighs any probative value it may have.

### Alberto Vilar's Alleged False Statements to the IRS Do Not Establish an Intent to Defraud Investors

The government now urges that Alberto Vilar's allegedly false statements to the IRS in 2004 are relevant to show that similar representations to Lily Cates in 2002 were made "knowingly, intentionally and not as the result of mistake" (Litt's Letter at 18). However, contrary to the government's assertion, this subsequent act in 2004 cannot establish Mr. Vilar's intent or knowledge two years earlier.

Significantly, the cases relied on by the government are distinguishable and do not lend support to its argument. For instance, in United States v. Koppers Company, Inc., 652 F.2d 290 (2d Cir. 1981), the defendant was charged with conspiring to rig bids and other acts in violation of the Sherman Act. As a consequence, the court permitted the introduction of a conspirator's subsequent statement that "the deal we have had is over." Koppers, 652 F.2d at 298 (emphasis supplied). The court concluded that

2

this evidence was admissible because it went directly to whether a conspiracy ever existed. Id. at 299.

Similarly, in United States v. Van Putten, 2005 WL 612723 (S.D.N.Y. 2005), where the defendant was charged with conspiracy to distribute crack cocaine, the court ruled that his prior arrests and convictions for drug dealing were admissible to show that he was part of the charged drug conspiracy. However, this is not the case in the instant matter.

Unlike those cases, Defendant Vilar's statements to the IRS do not, in any way, establish the existence of, or further, the charged conspiracy. Indeed, there is absolutely no connection between a statement to the IRS concerning tax payments and an alleged scheme to defraud investors. These are two completely separate and distinct acts. As such, this highly prejudicial proof is not admissible under Rule 404(b) -- or through any other device -- and should be excluded.

### Evidence Relating to Lily Cates' Rhodes Capital Investment is Not Inextricably Intertwined with the Charged Conduct and Does Not Establish the Defendants' Knowledge or Intent to Engage in a Scheme to Defraud

Despite the fact that the Defendants are not charged with any fraud relating to the Rhodes investment vehicle -- and Judge Karas found there was <u>no probable cause</u> to search Amerindo's offices in New York for records relating to Rhodes -- the government, nonetheless, continues to seek admission of the Defendants' alleged failure to disburse $250,000 to Lily Cates from her Rhodes account (Litt's Letter at 14). However, this evidence should not be admitted where there is no charge of any illegality relating to Rhodes.

As argued earlier, the mere failure to remit funds upon request, by itself, is not evidence of fraud. Indeed, the government could not dispute this point. Instead, they merely assert that this failure "certainly <u>appears</u>" to constitute proof that the Defendants committed some sort of fraud (Litt's Letter at 16) (emphasis supplied). But, appearances do not rise to the level of certainty needed to allow the introduction of this most prejudicial proof.

Furthermore, contrary to the government's contention, evidence relating to the Rhodes investment is not necessary to complete the story or for the jury to understand the prosecution's theory of the case (Litt's Letter at 15). The government intends to present evidence relating to the claim of fraud concerning five different victims. This would be more than sufficient to demonstrate the pattern, if any, of the Defendants' alleged scheme.

Similarly, the evidence relating to Rhodes is not necessary to establish the falsity of Lily Cates' Amerindo statements. This can be accomplished in a number of different ways that do not involve the unnecessary introduction of highly prejudicial evidence. Thus, it is at once apparent that this volatile proof does not fit within the narrow exceptions codified in 404(b) or the case law.

In addition, since the evidence sought to be admitted is documentary in nature -- such as Lily Cates' statements of account and correspondence with her representative -- it would not be unduly burdensome for the government to simply redact the portions that relate to Rhodes. On the other hand, the prejudice to the Defendants from the admission of this evidence would be extremely harmful. The jury will

5

inevitably speculate that the Rhodes investment vehicle was unlawful. This would be the logical conclusion they would reach to explain why all the evidence regarding Rhodes is being admitted. In light of the fact that this evidence has no probative value, and the harm to the Defendants would be irreparable, it should be excluded.

### The Alleged Fraudulent Transfer of Funds from Lily Cates' Bear Stearns Account in 2004 is Not Covered by the Indictment

Finally, the government goes to great lengths to try and justify the admission of an alleged fraudulent transfer of $175,000 out of Lily Cates' Bear Stearns account into an Amerindo trading account. The government urges that this transaction falls outside the scope of Rule 404(b) because it arose out of the same transaction or series of transactions as the charged offense and, thus, is covered by the indictment (Litt's Letter at 8). However, this is just not the case.

Nowhere within the four corners of the indictment is there any reference to the 2004 transfer. Moreover, the government <u>concedes</u> that the "Indictment does not expressly identify the Fraudulent 2004 Transfer" (Litt's Letter at 8). Therefore, despite the government's contorted efforts

to cram this transaction within the pages of the indictment, it is clear the act falls squarely outside its reach. In actuality, the government seeks to rewrite the indictment to include acts that the grand jurors did not rule on and which may never have even been presented before the grand jury. Such conduct is expressly prohibited and should not be condoned in this instance.

In the alternative, the government urges that the 2004 transfer is inextricably intertwined with the charged scheme to defraud because it allegedly occurred within the 19 year time period of the conspiracy (Litt's Letter at 9). For instance, the government asserts that the 2004 transfer "began in August 2004 and continued through the spring of 2005 through the course of the charged conspiracy" Id. However, contrary to the government's implication, the transfer of funds is not a continuous act. As a single, episodic act the 2004 transfer certainly could not have continued through to 2005.

Moreover, the fact that the 2004 transfer may have prompted a dialogue between Lily Cates' representatives and Amerindo does not call for the admission of this prejudicial evidence. It is not necessary for the jurors to

7

be told the impetus for the correspondence containing the alleged false statements for them to understand the contents of the letters. The letters speak for themselves.

### Evidence Relating to the Alleged Fraudulent Transfer of Funds from Lily Cates' Bear Stearns Account in 2004 is Not Admissible Under Rule 404(b)

In addition, the 2004 transfer is not admissible under Rule 404(b). Despite the government's assertion, the 2004 transfer cannot be used to establish that the Defendants' had the requisite intent or knowledge to defraud Lily Cates in 2003. Other acts evidence typically involves conduct that occurred <u>prior</u> to the charged offenses.[2]

And, in the few instances where the uncharged conduct occurred after those charged in the indictment, those subsequent acts were admitted solely to prove the existence of the charged conspiracy -- not to establish the defendant's knowledge and intent, as asserted here. <u>See</u> <u>Koppers</u>, 652 F.2d at 298 (post-conspiracy evidence is

---

[2] <u>See</u> <u>United States v. Lombardozzi</u>, No. 02 CR 273 (PKL), 2003 WL 1907969 (S.D.N.Y. 2003) (evidence of defendant's prior extortionate extension of credit was admissible in defendant's trial for extortionate extension of credit).

8

admissible if it is probative of the existence of the conspiracy); United States v. Brennan, 798 F.2d 581, 590 (2d Cir. 1986).

Furthermore, even if there is some probative value to the proof -- which we firmly dispute -- it still should not be admitted during the government's case-in-chief. The primary reason given for the admissibility of this evidence is to rebut any claim by the Defendants that they lacked knowledge or intent to engage in the charged acts (Litt's Letter at 12). As such, the proper procedure is for this rebuttal evidence to be submitted at the close of the Defendants' case.[3]

---

[3] See United States v. Dolney, No. 04 CR 159 (NGG), 2005 WL 2129169, *3 (E.D.N.Y. 2005) (without more, the government is ordinarily prohibited from presenting evidence tending to rebut a defendant's defenses relating to intent and knowledge during its case-in-chief).

We rely on the arguments and authorities set forth in our opening brief in support of the points and issues that did not warrant further discussion in this reply. Defendant Vilar further joins in any and all arguments of his co-Defendant, Gary Tanaka, to the extent that they are not inconsistent with the arguments raised herein.

## Conclusion

For all these reasons, as well as those previously advanced in the Defendants' opening brief, the Court should preclude the extrinsic evidence that the government seeks to admit and grant such other relief as may be relevant under the circumstances, including a hearing.

Dated:    New York, New York
          August 19, 2008

                    Respectfully submitted,


            /s/   _____
                    Herald Price Fahringer, Esq. (HF 3827)
                    Fahringer & Dubno, Esq. (ED 3099)
                    120 East 56th Street, Suite 1150
                    New York, New York 10022
                    (212) 319-5351