UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                      Defendants.

No. 05 Cr. 621 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    On July 31, 2008, Defendant Vilar filed a motion challenging Counts One through Twelve of the third Superseding Indictment as "duplicitous" on the grounds that Count One allegedly combines multiple distinct charges in a single count and that Counts Two through Twelve incorporate by reference allegations from Count One. For the following reasons, the Court denies Defendant Vilar's motion in its entirety.

## I. BACKGROUND

    The Court presumes the parties' familiarity with the facts and procedural history of this action, and, therefore, recites only those facts necessary to resolve the instant motion. On July 31, 2008, Defendants each filed a motion seeking to exclude evidence of other acts that the Government seeks to introduce at trial.[1] At that time, in addition to moving to exclude the Government's evidence, Defendant Vilar also moved to dismiss the twelve counts charged in the third Superseding Indictment as "jurisdictionally defective." (Vilar Mem. at 19 and 21.)

    The charges in the Superseding Indictment stem from Defendants' alleged participation, as co-founders, shareholders, officers, and directors of Amerindo Investment Advisors, Inc. and a

---

[1] The issues pertaining to the other acts evidence are addressed in this Court's Memorandum and Opinion dated September 4, 2008.

variety of other entities (collectively, "Amerindo"), in a conspiracy to commit various fraud-related offenses. Specifically, Count One of the Superseding Indictment charges Defendants Vilar and Tanaka with conspiracy to commit securities fraud, investment adviser fraud, mail fraud, wire fraud, and money laundering. (Indictment ¶¶ 36-40.) That count includes 34 paragraphs of background factual allegations (*id.* ¶¶ 1-34), a paragraph on the conspiracy's means and methods (*id.* ¶ 41), and a paragraph setting forth alleged overt acts carried out in furtherance of the conspiracy (*id.* ¶ 42). Counts Two through Twelve charge Defendants with securities fraud, investment adviser fraud, mail fraud, wire fraud, money laundering, and false statements. (Indictment ¶ 43-61.) Each of Counts Two through Twelve incorporates by reference a substantial portion of Count One.

Defendant Vilar argues that the Superseding Indictment is duplicitous for two reasons: first, because it allegedly combines five "conspiracies" in a single count (Vilar Mem. at 19), and second, because Counts Two through Twelve of the indictment incorporate by reference many of the conspiracy allegations of Count 1, and thus impermissibly charge a conspiracy and a substantive offense in the same count. (*Id*. at 20-21.)

In opposition, the Government argues that a conspiracy may have multiple objects, and that the distinct objects described in Count One form part of a single conspiracy. (Gov't Mem. at 23-25.) With regard to the challenge to Counts Two through Twelve, the Government contends that the substantive counts incorporate by reference only the background, means and methods of the conspiracy, and overt act allegations. (*Id*. at 25.)

## II. DISCUSSION

The Court finds that the Superseding Indictment is not duplicitous. The conspiracy alleged in Count One specifies five objects of the conspiracy: securities fraud, investment adviser fraud, mail

fraud, wire fraud, and money laundering. (Indictment ¶¶ 36-40.) It is clear, however, that "an indictment is not duplicitous merely because it alleges a conspiracy to commit multiple crimes." *United States v. Berger*, 22 F. Supp. 2d 145, 151 (S.D.N.Y. 1998); *see also United States v. Urso*, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005) (noting that "it is beyond dispute that a single criminal conspiracy may have multiple objects"). The Second Circuit has repeatedly held, in fact, that "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme. As long as the essence of the alleged crime is carrying out a single scheme to defraud, then aggregation is permissible." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989); *see also United States v. Murray*, 618 F.2d 892, 896 (2d Cir.1980) (noting that "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous"). Here, the Defendants employed a variety of means to carry out their conspiracy, but the overarching scheme alleged was a unified one: to defraud Amerindo clients by inducing them, on the basis of similar misrepresentations, to invest in a variety of investment products. (Indictment ¶ 6). The Superseding Indictment thus sufficiently alleges "a single integrated and continuing conspiracy." *Berger*, 22 F. Supp. 2d at 151 (finding that a count alleging a scheme to defraud, among others, the Department of Housing and Urban Development, the Department of Education, the Small Business Administration, and the IRS sufficiently alleged "a single overarching conspiracy" because the indictment alleged "a pattern of similar and interwoven contrivances used by defendants to defraud the federal agencies").

The Court also rejects the contention, with regard to Counts Two through Twelve, that a count incorporating by reference the factual allegations of previous counts impermissibly combines the conspiracy charge and the substantive charges. As described above, Counts Two through Twelve

incorporate by reference the background, means and methods, and overt act allegations of Count One. Such incorporation is explicitly contemplated by Federal Rule of Criminal Procedure 7(c)(1). Further, courts in this Circuit have consistently recognized that mere incorporation of previously alleged factual allegations does not make a count impermissibly duplicitous. *See, e.g.*, *United States v. Gonzalez*, No. 06 Cr. 726 (WHP), 2008 WL 3914877, at *5 (S.D.N.Y. Aug. 26, 2008) ("[Defendant] further argues that because the two § 666 counts against him incorporate the factual allegations from the conspiracy counts, they implicitly contain both a conspiracy and substantive charge in the same count. This argument is meritless."); *United States v. Rittweger*, 259 F.Supp.2d 275, 289 (S.D.N.Y. 2003) (rejecting the argument that an indictment is duplicitous merely because one count re-alleges the factual allegations found in a different count).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the indictment is not duplicitous. Accordingly, Defendant Vilar's motion to dismiss the indictment is DENIED.

SO ORDERED.
Dated:   New York, New York
         September 5, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE