D4F

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/2012

Vivian Shevitz
Attorney at Law
401 Cumberland Ave. – Apt. 609
Portland Maine 04101
207-899-2502
Cell- 914-763-2122
Vivian@shevitzlaw.com

October 3, 2012

(by email sullivannysdchambers@nysd.uscourts.gov)
Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: United States v. Vilar and Tanaka – 05-cr 621(RJS)
         Bail pending appeal.

Dear Judge Sullivan:

The government opposes the defendants' requests for a reasonable bail. Seeking punitive measures, the government mischaracterizes our bail proposal as "release on their own recognizance" and proposes a $10 million bond co-signed by others, and "strict pretrial supervision" (among other things). The government says: "Post-conviction, the defendants are hardly in a position to seek terms of release excessively more lenient than those imposed pre-conviction."

Even now the government still does not account for the $54-million-plus "bail package" represented by what the defendants would lose if they flee (including $36.7 million to which the government concededly has no valid claim). Far from being "excessively more lenient," the $54 million the defendants stand to lose if they flee is considerably more restrictive than the $10 million bond defendants were initially required to secure prior to trial. To what end would the government impose more? Just to put defendants' friends or relatives "on the spot" again?

1

The prosecutors are seeking intrusive and unnecessary conditions – including, in addition to a secured personal recognizance bond, electronic monitoring and travel restrictions – as knee jerk reactions to a "post-conviction" case. Those restrictions are not necessary and thus inappropriate to secure defendants' appearance.

There is no evidence supporting the government's fear of flight, such as a history of using aliases or false names, use of doctored passports, use of safe-houses and countersurveillance techniques to avoid detection and proven familiarity with clandestine foreign airstrips, *see e.g.*, *United States v. Melendez- Carrion*, 790 F.2d 984 (2d Cir. 1986), *United States v. Claudio*, 806 F.2d 334 (2d Cir. 1986), *United States v. Jackson,* 823 F.2d 4, 6-7 (2d Cir. 1987), *United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990); prior fugitive status, *see United States v. Coonan*, 826 F.2d 1180, 1186 (2d Cir. 1987); access to substantial assets to finance flight, continuing and active business operations abroad, *see e.g., United States v. Sabhani*, 493 F.3d 63 (2d Cir. 2007), *United States v. Londono-Villa*, 898 F.2d at 329. In cases concerning risk of flight, the Court of Appeals has required more than evidence of the commission of a crime and the fact of a long sentence to support a finding of risk of flight. *See, United States v. Friedman*, 837 F.2d 48, 49-50 (2d Cir. 1988) (Court holds that district court's finding with regard to risk of flight was clearly erroneous where finding based only the nature of the charges against him, the strength of the government's case, the long sentence of incarceration he may receive, his age and the obloquy that he faces in his community).

Not only is there a lack of evidence to support the government's purported concerns about flight, but this is not an ordinary post-conviction case. As the Circuit has made clear in granting the extraordinary remedy of bail after oral argument, the convictions in this case are in serious jeopardy.

If there are travel restrictions, though they are not necessary when *all* of defendants' assets are fully on the line, defendants should be allowed travel to and in New York, California (where Mr. Tanaka' mother resides), Massachusetts (Mr. Tanaka may seek reconstructive surgeries

at the Dana Farber Institute; Mr. Vilar has a friend in Boston); Puerto Rico (Mr. Vilar has some family there); Washington DC; Connecticut; and Maine (which requires travel through New Hampshire)(where counsel maintains her offices).

The defendants should be promptly released from prison. We stand ready to return to the Court of Appeals should there be delay, or the imposition of unnecessary, hence inappropriate, conditions.

Very truly yours,<br>
/s/<br>
Vivian Shevitz

Cc: Benjamin Naftalis