Vivian Shevitz
Attorney at Law
401 Cumberland Ave. – Apt. 609
Portland, Maine 04101
(207) 899-2502
(914) 763-2122 (cell)
(888) 859-0158 (fax)
Vivian@shevitzlaw.com

D$\xi$F

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/2012
```

October 2, 2012

Hon. Richard J. Sullivan
  (by email sullivannysdchambers@nysd.uscourts.gov)
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: United States v. Vilar and Tanaka – 05-cr 621(RJS)
>     Bail pending appeal.

Dear Judge Sullivan:

Ms. Smith just spoke with AUSAs Anderson and Naftalis about the Court of Appeals' grant of bail. The prosecutors stated that they continue to have concerns that defendants pose a flight risk and that it would take them several days to come up with a proposed bail package that would assuage their concerns. We object to a delay to allow the prosecution to craft onerous and unnecessary conditions.

The prosecution extensively litigated "risk of flight" in the Court of Appeals. The Second Circuit promptly granted the bail motion hours after our reply was filed. And while the Court's order is terse, the fact that the Court granted bail means it did not share either the Government's concerns about risk of flight or agree that the issues were not substantial.

In our reply papers, we challenged the Government's dismissal of the

fugitive entitlement doctrine and argued that, in the unique circumstance of this case, the doctrine substantially outweighed the Government's conjecture regarding risk of flight: defendants would be giving up over $54 million if they were to "flee". In no other case that we know of (as discussed in the Court of Appeals' bail application) has there been a concession by the Government on appeal that $36.7 million was forfeited in error, and that, as a consequence, its forfeiture order of $54 million must be vacated. As the Court of Appeals apparently agreed, this concession provides a powerful incentive for defendants to not "flee".

We contacted FCI Fort Dix (for Alberto Vilar) and FCI Terminal Island (for Gary Tanaka). The FCI's are waiting for Your Honor's order of release.

If the Court sees a need to impose conditions aside from our waiving objection to the fugitive disentitlement doctrine's application in this case, we ask that the Court apply reporting requirements only.

We ask for prompt entry of an Order of release. We ask that the Court not allow the prosecution to delay. If it wants to propose terms, it can do so now.

                                Very truly yours,

                                /s/

                                Vivian Shevitz

Cc:  Benjamin Naftalis