UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/2012

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

Defendants.

No. 05 Cr. 621 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On October 2, 2012, the United States Court of Appeals for the Second Circuit granted Defendants' motion for bail pending appeal and ordered the Court to set appropriate conditions for Defendants' bail. Defendants have submitted a letter, also dated October 2, 2012, proposing that Defendants be released on their own recognizance subject only to the conditions that they (1) waive any defense to the fugitive disentitlement doctrine in the event they flee or attempt to flee, and (2) comply with reporting requirements while free on bail. Defendants argue that these conditions are sufficient because, as a result of waiving defenses to the fugitive disentitlement doctrine, they "would be giving up over $54 million if they were to 'flee'" – $54 million being a reference to the purported value of certain assets currently being held at a JPMorgan Chase account previously controlled by Defendants.

Defendants' argument, however, assumes without basis that Defendants' convictions and sentences, which include forfeiture in the amount of $54 million (Doc. No. 438) and restitution in the amount of $34,899,102.53 (Doc. No. 439), have already been overturned and vacated. It further presumes that the assets in the JPMorgan Chase account properly belong to Defendants. However, as Defendants and their counsel well know, numerous victims and investors have

made claims to the contents of that JPMorgan Chase account. *See SEC v. Amerindo*, No. 05 Civ. 5231 (RJS). Indeed, it is worth noting that Defendants themselves, through prior counsel, have disclaimed any ownership interest in those assets, conceding that they belong to investors. (*See, e.g.*, Sentencing Hearing Tr., Feb. 5, 2010, at 7 (Counsel for Tanaka: "[T]here is no objection by Mr. Tanaka to take all of the value that was in those accounts and hav[e] them forfeited to the government based on the government's representation that they would be used to repay investors"); *id.* at 36 (Counsel for Vilar: "The money was always there, invested . . . . The money just remained at JP Morgan Chase and various places where [investors] could have got their hands on it, and thankfully they will be able to when the government starts liquidating these assets that have been frozen for all of these years."). Obviously, it would be inappropriate for Defendants to use investor assets, which are currently frozen and the subject of a forfeiture order, as security for their bail. Accordingly, the Court finds Defendants' bail proposal to be woefully inadequate.

By letter dated October 3, 2012, the government offers a contrasting proposal. It recommends that each Defendant (1) be released on a $10 million personal recognizance bond, secured by an amount of cash or property to be determined by the Court and co-signed by three financially responsible persons; (2) have his travel restricted to the Southern District of New York, Eastern District of New York, the District of New Jersey (for Defendant Vilar), and the District of residence (for Defendant Tanaka); (3) surrender his travel documents and not apply for any new ones; and (4) be subject to strict supervision with electronic monitoring. The government argues that these conditions are consistent with Defendants' pretrial conditions of

release and asserts that Defendants should not be granted more favorable conditions following their convictions on serious crimes.

Although much closer to the mark, the government's proposal nevertheless fails to consider certain changed circumstances that have occurred since Defendants' convictions, including (1) the Supreme Court's decision in *Morrison*, which was decided well after the trial and sentencing in this case and forms the basis for Defendants' principal argument on appeal, and (2) the fact that Defendants have each served considerable portions of their prison terms and therefore presumably have less incentive to flee, which would jeopardize the accrued benefits of their time served and the good time credits earned in connection with their sentences.

Accordingly, having carefully considered the Second Circuit's order granting bail (which appears to contemplate that Defendants, who have been convicted of serious crimes, will be subject to some meaningful conditions), the parties' submissions, and the entire record in this matter, the Court concludes that Defendants shall be bailed pending appeal on the following conditions:

(1) Defendant Vilar shall post a $10 million personal recognizance bond, co-signed by three financially responsible persons;

(2) Defendant Tanaka shall post a $5 million personal recognizance bond, co-signed by three financially responsible persons;

(3) Defendant Vilar shall reside in the Southern District of New York, unless otherwise authorized by the Court;

(4) Defendant Tanaka shall submit a letter to the Court identifying the District where he intends to reside once released on bail, and shall reside in that District;

(5) Each of the Defendants shall surrender his travel documents and not apply for any new ones;

(6) Defendants' travel shall be restricted to their district of residence, except that they shall be allowed to travel for court appearances, in which case Defendants shall provide advance notice to Pre-Trial Services as to the date(s), time, duration, and mode of travel necessary to attend said court appearances; other modifications, for such purposes as obtaining medical care, may be made upon Defendants' request and the Court's approval;

(7) Defendants shall be subject to a curfew requiring them to return to their homes every night by 11:00 p.m. and not leave again before 7:00 a.m. the following morning; and

(8) Defendants shall be subject to strict supervision by pretrial services with electronic monitoring.

Defendants are to remain in custody pending satisfaction of conditions (1)-(5) above. The government is directed to take all steps necessary, and consistent with this Order, to expedite Defendants' prompt release on bail.

SO ORDERED.

Dated:      October 5, 2012
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE