UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/2012

No. 05 Cr. 621 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On October 11, 2012, the United States Court of Appeals for the Second Circuit denied Defendants' motion to modify the conditions of release on bail pending appeal, provided that (1) "the [g]overnment accept as financially responsible persons, without further submission of documents or interrogation, the three co-signers who signed bond papers for [Defendants] in 2005"; and (2) "inquiry by pretrial service, in person, by telephone, or otherwise, to ascertain the presence of the Appellants at their respective residences shall not occur during the hours of 11 p.m. to 7 a.m. more than one night a week, which night may vary in the discretion of pretrial services."

As of this Order, Defendants have each secured three co-signers that the government agrees are financially responsible. The second modification by the Second Circuit, however, has caused some confusion. Pretrial Services has inquired of the Court whether the Second Circuit's modification means that electronic monitoring may not be used at all or whether it merely means that Pretrial Services must limit its use of more intrusive measures to verify Defendants' compliance with curfew, over and above electronic monitoring, to only once a week. Defendants urge the Court to adopt the former interpretation, which would preclude the use of electronic monitoring and subject Defendants to, at most, a weekly curfew check. The better reading of the

Second Circuit's order, however, is that Defendants are (1) to be subject to electronic monitoring and (2) Pretrial Services may only use additional measures to verify compliance with curfew once a week. The Second Circuit's modification appears to be a direct response to the argument advanced by Defendants that nightly curfew checks are unnecessarily disruptive of their sleep. Electronic monitoring, by contrast, serves a broader purpose of ensuring that Defendants remain in the designated districts specified in the Court's Order setting conditions of bail. Furthermore, electronic monitoring does not entail the disruptions, such as being aroused from bed and forced to enter certain codes into a keypad, that Defendants complain of. As the Second Circuit's order addresses curfew compliance specifically, it should not be read to strike the broader electronic monitoring requirement. Accordingly, Defendants' request is HEREBY DENIED. Defendants shall be subject to electronic monitoring and Pretrial Services may use additional measures to verify Defendants' compliance with curfew no more than once per week.

IT IS FURTHER ORDERED THAT Defendant Tanaka shall obtain permission from Pretrial Services prior to traveling outside his district of residence for medical treatment. He will be living several hours from either of the facilities where he anticipates receiving treatment, and such a condition will give him sufficient flexibility to schedule appointments while giving Pretrial Services sufficient awareness of his whereabouts.

SO ORDERED.

Dated:       October 12, 2012
             New York, New York

                                                    _____
                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES DISTRICT JUDGE