UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 05 Cr. 621 (RJS) |
| | | RENEWED |
| ALBERTO WILLIAM VILAR and | : | MOTION FOR |
| GARY ALAN TANAKA, | | STAY |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | : | |
| COMMISSION, | | |
| | : | 05 Civ. 5231 (RJS) |
| Plaintiff, | | |
| | : | RESPONSE TO |
| v. | | GOVERNMENT |
| | : | AND REQUEST |
| AMERINDO INVESTMENT ADVISORS, | | FOR STAY OR |
| INC, *et al.*, | : | CONFERENCE |
| | | TO MOVE FOR |
| Defendants. | : | STAY |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    This submission is made on behalf of the defendants in connection with the Court's October 16, 2012 order regarding the appointment and compensation of a receiver, and in response to the Government's submission dated October 23, 2012.

    Moreover, Messrs. Vilar and Tanaka renew their December 2, 2011 motion in the criminal case to stay the forfeiture pending appeal (see 05cr621 ecf document 489); and, because the outcome of the criminal appeal may undermine the SEC's authority to seek the return

1

of funds to investors in offshore transactions, the defendants in the SEC case also move for a stay pending the outcome of that appeal.

Defendants object to the appointment of a receiver and to the taking of funds from the restrained Bear Stearns account (or any other funds subject to the either the forfeiture orders or restraining order in the criminal case) to compensate him. Neither the Court nor the Government has identified the source of the Court's legal or equitable authority to take these actions, and it has none. Nor is it a wise or proper use of resources to duplicate work already performed by David Ross at Mr. Tanaka's expense – work that was shared with the Court nearly three years ago in connection with sentencing in the criminal case and (though the government claimed then it was "not in a position to provide a full critique of it") the content of which was never challenged.

District Courts possess broad powers to remedy violations of securities laws, including the power to appoint receivers. *Eberhard v. Marcu*, 530 F.3d 122, 131 (2d Cir. 2008). However, any Receiver appointed in an action instituted by the SEC acts in a derivative capacity. The capacity is derivative in two senses: (1) a Receiver derives power from the SEC -- "to carry out the SEC's authority to enjoin violations of the Act, and, insofar as possible, to restore to a defrauded entity or to defrauded persons that which was fraudulently diverted from its or their custody or control", *SEC v. Shiv*, 379 F.Supp.2d 609, 617-618 (SDNY 2005); and (2) "the authority of a receiver is defined by the entity or entities in the receivership", *Eberhard v. Marcu*, 530 F.3d at 132.

A fundamental question currently before the Second Circuit in the criminal appeal is the extraterritorial reach of the securities fraud statute after *Morrison*. The SEC seemingly accepts the fact that the presumption against extraterritoriality recognized in *Morrison* applies in connection with a civil enforcement action. There has never been a finding that there was sufficient evidence of a "domestic transaction" with *any* client of Amerindo Panama. And, in fact, this is an issue specifically before the Court of Appeals. If the Court of Appeals agrees

with us, the SEC has no authority to restore any funds to any offshore investors, and, consequently, neither will a Receiver.

In addition, there is no "receivership estate" in the SEC case because all of the assets that are subject to restraint in the criminal case have been ordered forfeited to the government as substitute assets. As the SEC wrote to this Court on December 30, 2011, regarding the assets subject to the criminal forfeiture orders, "None of the assets are subject to the Court's jurisdiction in the SEC's civil action. The SEC has not obtained a judgment in the civil action nor did it seek to restrain any assets in the action." The restraining orders and forfeiture orders are on appeal and the district court no longer has jurisdiction over these matters. See *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56-58-59 (1982) (*per curiam*) (generally, the filing of a notice of appeal divests a district court over those aspects of the case on appeal). (These points were made in previous submissions to the Court in this case that we incorporate by reference. See defendants' January 2012 response to Court's January 13, 2012 Order (filed January 27, 2012); May 31, 2012 letter of Vivian Shevitz; see also letter of Vivian Shevitz of March 20, 2012).

The government attempts yet again to avoid these issues by employing the term "investor assets". It tries to suggest that "*investor assets*" and not the *defendants'* assets are the subject of the restraining and forfeiture orders in the criminal case. This is absolutely wrong. The basis for the substitute asset forfeiture was the government's claim that it could *not* trace alleged fraud proceeds (*i.e.,* investments) into any particular account, and that, as a result, other assets *belonging to the defendants* should be forfeited. The government also conceded in a submission last February that, at best, investors had a *chose in action*. See criminal case, ECF Document 514, filed on February 21, 2012 ("no one particular investor-claimant has an individual interest in the individual substitute assets. Rather, all of the victims and Amerindo investors have a claim against Amerindo as a whole for their individual losses").

In essence, the government's submission here – and the Court's invitation to use money (held unlawfully since 2005) to pay a Receiver

3

to do work already done and able to be accomplished better by David Ross -- amounts to this: "Just take it."

This disregard for the rule of law has happened throughout the case, from the unconstitutional search and seizure to the destruction of Amerindo US and all Amerindo entities, and we will be compelled take an immediate appeal of any order purportedly allowing it to happen again.

If the Court authorizes a receiver to "take" the defendants' funds before there has been adjudication against the defendants in the SEC case, this will violate both due process and the taking clause of the Fifth Amendment.   We object.

          ___/s/_____
          Vivian Shevitz
          Attorney for Defendant Tanaka
          401 Cumberland Avenue  Apt 609
          Portland Maine 04101
          207-899-2502
          Cell 914-763-2122
          Vivian@shevitzlaw.com

Jane Simkin Smith
Of counsel.