*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 28, 2013

**BY ELECTRONIC MAIL & ECF**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    <u>United States v. Vilar and Tanaka</u>,
                No. S3 05 Cr. 621 (RJS)

Dear Judge Sullivan:

       The Government respectfully submits this letter in further support of its application to revoke the defendants' bail.

       On October 25, 2013, the Court inquired whether the standard set forth in Section 3143(a) (release or detention pending sentence) or Section 3143(b) (release or detention pending appeal by the defendant) governed the pending application. As (i) the defendants have filed petitions for panel and *en banc* rehearing in the Court of Appeals and (ii) the mandate has not yet returned to this Court, this matter remains in the Court of Appeals. Accordingly, Section 3143(b)—which applies where, as here, the defendants have "been found guilty of an offense and sentenced to a term of imprisonment" and have "filed an appeal"—supplies the appropriate standard for granting or denying bail.

       Under Section 3143(b), the defendants must establish, *inter alia*, that the appeal "raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). The defendants endeavor to satisfy that standard by suggesting that they have identified a "substantial question of law" in the panel's alleged "erroneous application of the 'plain error' standard." (Vilar Ltr. dated Oct. 28, 2013, at 1, 2-3).[1] This claim is illusory. Relying on *United States* v. *Needham*, 604 F.3d 673 (2d Cir. 2010), the defendants argue that the panel misapplied plain error when affirming their convictions. (Vilar Ltr. 3). Under *Needham*, a court reviewing for plain error should determine "whether the jury, had it been properly instructed, would have found the jurisdictional element satisfied, or whether the government failed to prove this element beyond a reasonable doubt." 604 F.3d at 680. The

---

[1] Tanaka has joined Vilar's arguments "on the appeal prong only." (Tanaka Ltr. dated Oct. 28, 2013, at 2).

Hon. Richard J. Sullivan
October 28, 2013
Page 2 of 2

*Vilar* panel did exactly that. *See United States* v. *Vilar*, No. 10-251, slip op. at 19 ("In light of these domestic transactions, we are persuaded that, based on the record evidence, a jury would have found that Vilar and Tanaka engaged in fraud in connection with a domestic purchase or sale of securities pursuant to Section 10(b) and Rule 10b-5."). There is nothing erroneous in the panel's application of the plain error standard, and the defendants have failed to identify an appellate issue that satisfies Section 3143(b)(1)(B).

Vilar further presses various arguments for lowering the loss calculation under the Guidelines based on funds held in Amerindo's accounts, alleged modifications to contracts, and payments that the defendants allegedly made to the victims. (Vilar Ltr. 4-10). The Second Circuit has already rejected those efforts—or variations on the theme—to reduce the loss amount. *See United States* v. *Vilar*, No. 10-251, slip op. at 49 n.34. In point of fact, the "open question" identified by the *Vilar* panel was only "whether losses suffered by victims who purchased GFRDAs abroad may constitute 'relevant conduct' under [the Guidelines]." *Id.* at 50. The losses of "Lily Cates, the Mayer family, and Lecube-Chavez" were noted as *domestic* losses, *id.*, and those losses, standing alone, clear the relevant $20 million dollar threshold under the Guidelines. Even on this point, Vilar has failed to provide any good reason to believe that the recalculation of loss at re-sentencing is likely to yield an outcome any different from that found at the original sentencing proceeding.

For these reasons and those provided in its previous submissions, the Government respectfully requests the revocation of the defendants' bail.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
BENJAMIN NAFTALIS / JUSTIN ANDERSON
Assistant United States Attorneys
(212) 637-2456 / -1035

cc: Defense Counsel (by email)