Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, NY 10590
(914) 763 2122
Vivian@shevitzlaw.com

November 3, 2013

Hon. Richard J. Sullivan (by email)
United States District Court
40 Centre Street
New York, New York 10590

       Re:  05 cr 621 – US v. Vilar and Tanaka
       *Response to Patrick Begos third-party letter for bail*

Dear Judge Sullivan:

  Patrick Begos wrote today to say my letter about Lisa Mayer's settlement is "false." I quote her testimony under oath (Tr.1179):

```
     Q. All right. And would it be fair to say that when you were being paid 11
percent or 15 percent interest, do you recall at the time that the prime rate, the
going rate was one, one-and-a-half percent?
     A. That's what I was told.
     Q. And did there come a time in January of 2003 that they sent you a letter and
they enclosed $100,000 and offered to pay you $50,000 a month?
     A. Yes.
     Q. And you rejected that offer, didn't you?
     A. I had no choice. I had to accept it.
     Q. My question was yes or no, did you reject that offer?
     A. No.
     Q. You accepted it?
     A. It was a temporary solution.
```

Not only did Ms. Mayer say that they had accepted a modification (the initial $50,000/ month modified payout went a *long way* to care for their father's medical needs) but the Mayers *received* and accepted the first two payments of lump sum payments later agreed on (albeit reluctantly) as the modified 5-year payout of full principal and interest, $1 million in 2004 and $306,846 in 2005, expecting another payment in late June)  (See T.1293-97, 1377-87, 1473).

  Mr. Begos asks how this could be since Mr. Vilar's counsel, David Burger, did not bring up this modification defense when he appeared for Mr. Vilar (without fees) in the Mayer State case. No one had a chance to defend. Mr. Burger did not begin to defend Mr. Vilar until 2008 and minimized expense and effort because Mr. Vilar's funds were (and are) gone and restrained. More to the point Mr. Burger did not know about this financial modification. Gary and Renata Tanaka effectuated the agreement terms in London. Mr. Vilar did not know what happened with "London's" negotiations (Vilar and Tanaka had entirely separate spheres of

operation).  Moreover these were negotiations pursuant to an offshore contract governed by offshore standards.  Mr. Vilar was in any event told nothing about the State Mayer case between 2005 and 2008.  Vilar's lawyer had withdrawn his complaint (without authorization) and detached himself.  Mr. Begos forced more litigation at the same time Mr. Litt extracted $150,000 for the Mayers.

Gary Tanaka was incarcerated shortly after the Mayer litigation heated up.  After another lawyer (Ms. Bachrach) withdrew because of the lack of funds he tried to say something in a *pro se* letter explaining that he had not been notified of a summary judgment motion and suggested an orderly way of proceeding, but was ignored.  When we wrote about this Begos said he should have checked the docket sheets like any other litigation.

The Mayer case may have been ill-considered but its history is this: it did not begin as a contract claim.  It began in 2004 (after the Mayers had settled with Amerindo Panama) with Lisa Mayer a defendant.  She had hired a detective to "find" Alberto Vilar's (personal) money. (He had, and has none:  he gave away more than he had).  Because the detective, using an FBI logo on his card, "badmouthed" Mr. Vilar he believed by extension it defamed Amerindo US.   A lawsuit was authorized.  Mr. Vilar and Amerindo US sued the Mayers and the detective.  Neither Mr. Tanaka nor Amerindo Panama was involved.   A lawyer named Kevin Toner represented the plaintiffs (but never represented Amerindo Panama).  When defendants were arrested he bolted.

Just after defendants were arrested and Amerindo was shut down *someone* withdrew the complaint of Amerindo and Mr. Vilar.  According to the State court this occurred on June 2, 2005 -- while both defendants were still detained and without knowledge.  Thereafter, the Mayers moved to "flip" the caption, to make themselves the plaintiffs in a contract action.  This was granted on default.  In the "flipped" caption Mr. Begos added and named Mr. Tanaka and Amerindo Panama as additional defendants.  Mr. Tanaka did not know this.  Begos did not have him served until 2008 after the verdict.  Mr. Tanaka's criminal / SEC defense attorney had no interest in being involved and did not assist him except when AUSA Litt asked him to agree to release $150,000 to the Mayers, who had already received two payments on their modified payout terms and expected a big payment in June 2005.

When this "flipping" of the caption occurred in 2005 there was no lawyer representing these men, and this motion was granted on default.  No one asserted the modification defense to what became the "new" action by the Mayers seeking the full amount of their account.   But the full amount was not due then.  Lisa Mayer testified she had accepted a settlement.  Begos' stirring up the litigation after that was a fraud and a waste.  Further, though Begos got a judgment for the full amount due there was a stay of enforcement.  Without prior notice Begos moved during an inquest to lift the stay, and it was granted on default.




    We will seek to reopen the Mayer case in State court if the parties cannot achieve an agreement to a payout of their May 25, 2005 amounts, which is all defendants have asked for (along with a valuation of client claims and the "substitute assets" so that we can achieve an intelligent payout equitable to all Amerindo private clients, and not involving a forced fire sale of illiquid asset or forced expenses paid to a Receiver who still has not valued the assets nor given us the claims data so we can have a voice in how payments proceed – a new penalty SEC counsel Jacobson justified (in an email threat to me) on the ground that defendants' convictions were affirmed (thus in the SEC's mind implicating a new remedy, of confiscating their rights to control their (offshore) property beyond any amount of "disgorgement" they think they could prove (but have not done so (yet)).

    Begos' statement that the Mayers were the purchasers and not offshore corporations is belied by his own flipped caption, where he names Aba and Daba but then forgets about them. As these motions were granted on default, no one delved into this. The government documents show offshore corporate purchasers.

    We wonder why Patrick Begos is allowed such *extraordinary* latitude in this case. It was he who spoke at sentencing to insist on a heavy sentence (even though his clients also spoke), and request 9% compounded interest for "restitution" "victims" (which was granted), and he who inveigled Marc Litt to embrace their "desperation" tack (a common theme even when receiving $100,000/month tax free) and release $150,000 from restrained funds (when other investors were ignored, including pleas by LeCube Chavez, in her 80's, for a few thousand dollars.)

                                                       Very truly yours,

                                                       /s/  Vivian Shevitz