U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 13, 2013

**BY ELECTRONIC MAIL & ECF**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Vilar and Tanaka*, S3 05 Cr. 621 (RJS)

Dear Judge Sullivan:

    The Government respectfully submits this letter in opposition to the November 7, 2013 Application for Recusal of Your Honor from the above-captioned criminal case. The motion was filed by Vivian Shevitz, Esq., CJA counsel to Alberto Vilar, and purportedly on behalf of Gary Tanaka as well, for whom Ms. Shevitz claims to be counsel "for some purposes, including this motion." *See* Notice of Application for Recusal dated November 7, 2013.

    At the outset, Ms. Shevitz's claim to represent Gary Tanaka for purposes of this motion cannot be accepted. Following *Curcio* proceedings held in this Court on September 27, 2013, the Court appointed Jane Fisher-Byrialsen, Esq. to represent defendant Gary Tanaka. Ms. Fisher-Byrialsen, counsel for Tanaka in this case, has not joined in this motion. The Government accordingly views this motion as being made by Vilar alone. The Government also notes that this is not the first time that the defendants have attempted to remove this Court from this case based on allegations of unfairness. Their prior attempt was, of course, summarily rejected by the Court of Appeals. *See United States v. Vilar and Tanaka*, 13-2527 (2d Cir. Aug. 21, 2013) (mandate issued Oct. 17, 2013).

    Vilar bases his current motion to recuse on Your Honor's purported "appearance of impropriety and partiality in violating SDNY Local Rule 13 in that [Your Honor] has twice accepted and presided over civil cases as 'related' to the criminal case despite the clear provision of that 'related case' rule: '(b) Criminal cases are not treated as related to civil cases or vice versa.'" Notice of Application for Recusal dated November 7, 2013. Vilar founds his motion on the Second Circuit's October 31, 2013 decision in *Ligon v. City of New York* and *Floyd v. City of New York*, Nos. 13-3123 and 13-2088, which directed reassignment of those cases to another District Judge because, among other reasons, "the appearance of impropriety surrounding this litigation was compromised by the District Judge's improper application of the Court's "related case rule," specifically Local Rule 13(a) of this Court's Rules for the Division of Business among District Judges. *See* Declaration and Memorandum in Support of Recusal of Judge

Hon. Richard J. Sullivan
November 13, 2013
Page 2

Sullivan ¶ 2, dated Nov. 7, 2013.  The instant motion is frivolous.  In addition to the reasons set forth in the Securities and Exchange Commission's November 8, 2013 letter in opposition to this motion (the "SEC letter"), the Government notes the following.

### A. Chronology of Filings and Assignments

*Securities and Exchange Commission v. Amerindo Investment Advisors Inc., et al.*, 05 Civ. 5231, filed June 1, 2005, was the first action brought against Vilar and Tanaka for their fraud relating to Amerindo.  That case was wheeled out to the Honorable Laura Taylor Swain, and remained with Judge Swain for the next seven years, as detailed below.

The instant criminal case, *United States v. Vilar and Tanaka*, S3 05 Cr. 621, was filed scant days after the SEC's action, on June 9, 2005.  This case was wheeled out initially to the Honorable Kenneth M. Karas, who oversaw this matter pre-trial for a number of years.  Thereafter, this matter was transferred to Your Honor, where it has since remained.

On March 19, 2012, almost seven years after the separate cases were filed, and following a joint conference before this Court and the Honorable Laura Taylor Swain regarding the potential consensual distribution of assets to investors (an effort that ultimately proved unfruitful), Judge Swain and Your Honor entered a joint order transferring the SEC action to Your Honor's docket "in light of the substantial overlap between these two cases."  *See* Order jointly signed and filed in *United States v. Vilar and Tanaka*, S3 05 Cr. 621 (RJS), and *S.E.C. v. Amerindo Investment Advisors Inc., et al.*, 05 Civ. 5231 (LTS), dated March 19, 2012.  Neither Vilar nor Tanaka objected to the transfer.

Thereafter, on July 5, 2012, the Government filed a notice of removal of an action originally filed in New York State Supreme Court, New York County (Index No. 652201/2012).  That action, captioned in this Court as *In The Matter of the Application of Lisa Mayer and Debra Mayer*, 12 Civ. 5240, involves victims (the Mayer family) of the defendants' fraud who seek to satisfy a state court judgment against the defendants and other entities by obtaining funds from certain bank accounts at J.P. Morgan Securities LLC.  The action was removed under 28 U.S.C. §1442(a) because it named the United States as party respondent.  *See* Notice of Removal filed July 5, 2012.  As required by SDNY Local Civil Rule 1.6,[1] the Government, upon removal, noted the relation of the *Mayer* action to *United States v. Vilar and Tanaka*.  In its letter of explanation, the Government specifically recognized this Court's Local Rule for the Division of Business 13(b) regarding the non-relation of civil and criminal cases, but pointed out the overlap

---

[1] Local Civil Rule 1.6, as in effect at the time, is set forth in the attached addendum.  Furthermore, because Vilar's motion fails to cite to, let alone discuss, the Internal Rules in effect at the time of the above-referenced transfers, the Government sets forth the rules discussed in this letter in the attached.  *See also* https://web.archive.org/web/20120205080141/http://www.nyed.uscourts.gov/pub/docs/local/local rules.pdf (setting forth local rules in effect between March 2012 and July 2012).

Hon. Richard J. Sullivan
November 13, 2013
Page 3

because the petition contains allegations concerning the Government's rights to property under the forfeiture order entered in the criminal case. *See* Letter of AUSA Tomoko Onozawa to The Honorable Richard J. Sullivan, dated July 16, 2012, in the *Mayer* action. The docket in the *Mayer* action indicates that it was referred to Your Honor as possibly related to the criminal case on July 5, 2013, and was accepted as related on July 18, 2013. No party opposed the assignment of the *Mayer* action to this Court.

    **B.    Discussion**

    **1.  The Rules for the Division of Business Were Correctly Applied**

As is apparent from the foregoing, Vilar's complaint of an inappropriate application of this Court's Rules for the Division of Business among District Judges is baseless. Not only are the circumstances underlying the Court of Appeals' decision in *Ligon* and *Floyd* completely inapposite to the three cases currently before Your Honor—which all involve (among other things) distribution of what is essentially the same *res* to the victims of the defendants' fraud—but, more fundamentally, Vilar completely misapprehends the Local Rules themselves.

At the outset the Government notes that the preamble to the Local Rules for the Division of Business states that "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys [.]" Thereafter, it must be pointed out, that the transfer of the SEC case to Your Honor, seven years after it commenced, was not made, as Vilar incorrectly complains, through misapplication of this Court's civil-criminal related case rules, Local Business Rules 13(a) & (b); rather, the transfer was made on specific agreement and consent of the two affected judges as provided for by Local Business Rules 13(f) & 14, without objection from any party. Thus, Vilar's claim of a misapplication of the civil-criminal related case rule is simply wrong.

Acceptance of the *Mayer* action as related was equally appropriate under the Local Business Rules. Specifically, at the time the *Mayer* action was accepted as related by the Court, the principal business left before the Court in the criminal case related to the forfeiture and distribution of investors' assets; and the SEC action, of course, circumscribed the very same conduct and assets. In short, the SEC case is obviously a related civil action. In addition, although the forfeiture proceedings stem from the criminal case, they are at this point more civil than criminal in nature. *See, e.g.*, *United States v. Moser,* 586 F.3d 1089, 1093-94 (8th Cir. 2009) (ancillary proceeding is more civil than criminal in nature); *United States v. Droganes,* 893 F. Supp.2d 855, 875-76 (E.D. Ky. Aug. 21, 2012) (forfeiture phase governed by Rule 32.2 is part of the criminal case, while ancillary proceeding is civil in nature). Again, Vilar's claim that the Court misapplied the Local Rules for the Division of Business in accepting the *Mayer* action as related is entirely without basis.

### 2. Vilar's Other Complaints are Without Merit

Beyond the baseless claim regarding application of the Rules for the Division of Business, the Declaration and Memorandum in Support of Recusal of Judge Sullivan executed by counsel is nothing more than a litany of complaints regarding the Court's actions and rulings in the three related cases. That the defendants have been unsuccessful in persuading either a jury of their peers, their victims, or any court of the propriety of their conduct is not a valid basis to recuse a District Judge, who has dispassionately presided over this, and related, actions. The instant motion is another attempt to relitigate every adverse ruling, while launching unsupported *ad hominem* attacks through misstatements of the record, all the while turning a blind eye to the applicable rules, procedures, and law. Nor, of course, do any of those complaints allege a valid basis for recusal. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) (bias or impartiality requires showing of an "extrajudicial source"; "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *see also SEC v. Razmilovic*, 728 F.3d 71, 86 (2d Cir. 2013) ("To be disqualifying . . . the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.").

### C. Conclusion

For the reasons set forth above, and in the SEC's letter, the Government respectfully requests that the defendant's motion be denied as frivolous.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
BENJAMIN NAFTALIS / JUSTIN ANDERSON
Assistant United States Attorneys
(212) 637-2456 / -1035

cc: Defense Counsel (by email)

**ADDENDUM**

The Preamble to Rules for the Division of Business among District Judges (effective January 10, 2012) (the "Internal Rules") confer no rights on any parties, and states: "These rules are adopted for the internal management of the case load of the court and shall *not* be deemed to vest any rights in litigants or their attorneys and shall be subject to such amendments from time to time as shall be approved by the court." (Emphasis supplied).

Internal Rule 13 governs the "Transfer of Related Cases" and states in pertinent part:

(a) Subject to the limitations set forth below, a civil case, bankruptcy appeal or motion to withdraw the bankruptcy reference will be deemed related to one or more other civil cases, appeals or motions, and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether

(i) a substantial saving of judicial resources would result; or

(ii) the just efficient and economical conduct of the litigations would be advanced; or

(iii) the convenience of the parties or witnesses would be served.

Without intending to limit the criteria considered in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

(b) Criminal cases are not treated as related to civil cases or vice versa. Criminal cases are not treated as related to each other unless a motion is granted for a joint trial. Bankruptcy appeals are not considered related merely because they arise from the same bankruptcy proceeding.

(c) When a civil case is filed or removed, the person filing or removing shall disclose on form JSC44C any contention of relatedness. A copy of that form shall be served with the complaint or notice of removal. A case designated as related shall be forwarded to the judge before whom the earlier-filed case is then pending who has the sole discretion to accept or reject the case. Cases rejected by the judge as not related shall be assigned by random selection.

(d) A party believing its case to be related to another may advise in writing the judge assigned in its case and request transfer to the judge that the party contends has the related case with the lowest docket number. If the assigned judge believes the case should be transferred, he or she shall refer the question to the judge who would receive the transfer.

   (e) Motions in civil and criminal cases to consolidate, or for a joint trial, are regulated by the Federal Rules. A defendant in a criminal case may move on notice to have all of his or her sentences in this district imposed by a single judge. All such motions shall be noticed for hearing before the judge having the lowest docket number, with courtesy copies to be provided to the judge or judges having the cases with higher docket numbers.

   (f) Nothing contained in this rule limits the use of Rule 14 for reassignment of all or part of any case from the docket of one judge to that of another by agreement of the respective judges.

   Internal Rule 14—Transfer of Cases by Consent—states: "Any judge, upon written advice to the assignment committee, may transfer directly any case or any part of any case on that judge's docket to any consenting judge except where Rule 16 applies."

   Civil Rule 1.6(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules")—Duty of Attorneys in Related Cases—states:

> It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned.

   Local Civil Rule 1.1 states that "[t]hese Local Civil Rules apply in all civil actions and proceedings governed by the Federal Rules of Civil Procedure.