# UNITED STATES COURTS

Home | Your Court Services | Court Locator | Careers | RSS Feeds | Email Updates

Text-Size − A +   SEARCH [   ] Go

| FEDERAL COURTS | RULES & POLICIES | JUDGES & JUDGESHIPS | STATISTICS | FORMS & FEES | COURT RECORDS | EDUCATIONAL RESOURCES | NEWS |

Home > ... > Ch 2: Appointment and Payment of Counsel

email updates    RSS

## CH 2: APPOINTMENT AND PAYMENT OF COUNSEL

print    share    FAQs

<< Back

### Vol 7 Defender Services

*print version (pdf)*

### Part A Guidelines for Administering the CJA and Related Statutes

### Chapter 2: Appointment and Payment of Counsel

- § 210 Representation under the CJA
  - § 210.10 District Plans
  - § 210.20 Proceedings Covered by and Compensable under the CJA
  - § 210.30 Composition and Management of the Panel of Private Attorneys (CJA Panel)
  - § 210.40 Determining Financial Eligibility for Representation Under the CJA
  - § 210.50 Criminal Justice Act (CJA) Forms
- § 220 Appointment of Counsel
  - § 220.10 Timely Appointment of Counsel
  - § 220.15 Forms for the Appointment of Counsel
  - § 220.18 Notification of Relationship
  - § 220.20 Duration of Appointment
  - § 220.25 Continuity of Representation
  - § 220.30 New Appointments Following Earlier Representations
  - § 220.35 Federal Defender Organizations
  - § 220.40 Appointment of Counsel to Represent More Than One Individual in a Particular Case
  - § 220.45 Appointment of Counsel in Habeas Corpus and Proceedings Under 28 U.S.C. § 2255
  - § 220.50 Waiver of Counsel
  - § 220.55 Standby Counsel
  - § 220.60 Termination of Appointment
- § 230 Compensation and Expenses of Appointed Counsel
  - § 230.10 Forms for Compensation and Reimbursement of Expenses
  - § 230.13 Time Limits
  - § 230.16 Hourly Rates and Effective Dates in Non-Capital Cases
  - § 230.20 Annual Increase in Hourly Rate Maximums
  - § 230.23 Case Compensation Maximums
  - § 230.26 Case Budgeting
  - § 230.30 Supporting Memorandum Justifying Compensation Claimed
  - § 230.33 Impact of an Appropriation Shortfall on Voucher Review
  - § 230.36 Notification of Proposed Reduction of CJA Compensation Vouchers
  - § 230.40 Payments by a Defendant
  - § 230.43 Approval Authority of U.S. Magistrate Judges
  - § 230.46 Prior Authorization for Appointed Counsel to Incur Expenses
  - § 230.50 Proration of Claims
  - § 230.53 Compensation of Co-Counsel
  - § 230.56 Substitution of Counsel
  - § 230.60 Attorney Compensation for Travel Time
  - § 230.63 Reimbursable Out-of-Pocket Expenses
  - § 230.66 Non-Reimbursable Expenses

Cited in US v Vilar 05CR621 Decided 10/25/13
Archived on 11/7/13
This document is protected by copyright.
Further reproduction is prohibited without permission.

§ 230.70 Writ of Certiorari

§ 230.73 Interim Payments to Counsel

§ 230.76 Record Keeping

§ 230.80 Annual Report of Attorney Compensation Exceeding 1,000 Hours

**Appendices**

Appx 2A: Model Criminal Justice Act Plan (pdf)(word)(wp)

Appx 2B: Model Plan for the Composition, Administration and Management of the CJA Panel (pdf)(word)(wp)

Appx 2C: Procedures for Interim Payments to Counsel In Non-Death Penalty Cases (pdf)(word)(wp)

Appx 2D: Procedures for Interim Payments to Counsel in Death Penalty Cases (pdf)(word)(wp)

---

# § 210 Representation under the CJA

## § 210.10 District Plans

### § 210.10.10 Overview

(a)   Each district court, with the approval of the judicial council of the circuit, is required to have a plan for furnishing representation for any person financially unable to obtain adequate representation. **See:** 18 U.S.C. § 3006A(a).

(b)   "Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation." **See:** 18 U.S.C. § 3006A(a).

(c)   The Criminal Justice Act (CJA), 18 U.S.C. § 3006A(a), mandates that each district plan provide for representation in the circumstances set forth in § 210.20 and specify how such representation will be delivered as provided in § 210.10.20.

(d)   A Model Criminal Justice Act Plan (Model Plan) is included as Appx 2A.

### § 210.10.20 Attorneys Who May Be Appointed Under the CJA

(a)   Each district plan must include a provision for private attorneys. "Private attorneys shall be appointed in a substantial proportion of the cases." **See:** 18 U.S.C. § 3006A(a)(3).

(b)   The district plan may include, in addition to a provision for private attorneys, either of the following or both:

- attorneys furnished by a bar association or a legal aid agency; or
- attorneys furnished by a defender organization established according to the provisions of 18 U.S.C. § 3006A(g).

   **See:** 18 U.S.C. § 3006A(a)(3).

### § 210.10.30 Counsel's Obligation to Advise the Court of Client's Ability to Pay

Each plan should contain a provision to the effect:

If, at any time after appointment, counsel obtains information that a client is financially able to make payment, in whole or in part, for legal or other services in connection with the client's representation, and the source of the attorney's information is not protected as a privileged communication, counsel will advise the court.

## § 210.20 Proceedings Covered by and Compensable under the CJA

### § 210.20.10 Mandatory Appointments

The CJA, 18 U.S.C. § 3006A(a)(1), requires that representation must be provided for any financially eligible person who is:

(a)   charged with a felony or with a Class A misdemeanor;

(b)   a juvenile alleged to have committed an act of juvenile delinquency as defined in 18 U.S.C. § 5031 (**see:** 18 U.S.C. § 5034 (on appointment of counsel); Guide, Vol 7A, § 320.50 (on appointment of a guardian ad litem));

(c)   charged with a violation of probation;

(d)   under arrest, when such representation is required by law;

(e)   entitled to appointment of counsel in parole proceedings;

[**Note:** The reference to representation at parole proceedings was deleted from the CJA according to the November 1, 1987 repeal of 18 U.S.C. chapter 313. However, the savings provisions of the Sentencing Reform Act of 1984, as amended by the United States Parole Commission Extension Act of 2011 (Pub. L. No. 112-44 (October 21, 2011)), state that existing law pertaining to parole will remain effective for 26 years after November 1, 1987, with regard to persons specified in the savings provisions, and certain laws relating to parole will remain effective until the expiration of the sentence received by other persons specified in the savings provisions. This includes laws governing the right to counsel in parole proceedings.]

(f)   charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release (e.g., *Guide to Judiciary Policy*, Vol 8G (Criminal Monetary Penalties (Monograph 114)), Ch 6);

(g)   subject to a mental condition hearing under 18 U.S.C. § 311 (**see:** Guide, Vol 7A, § 220.30(f) and § 230.23.20(i)(5));

(h)   in custody as a material witness;

(i)   entitled to appointment of counsel under the sixth amendment to the Constitution, or faces loss of liberty in a case and federal law requires the appointment of counsel;

[**Note:** This provision obviates the need for future amendments to the CJA each time the right to counsel may be extended to new situations by judicial decision or federal statutes.]

    (j)    seeking to set aside or vacate a death sentence in proceedings under 28 U.S.C. § 2254 or § 2255; or

    (k)    is entitled to appointment of counsel in connection with prisoner transfer proceedings under 18 U.S.C § 4109.

For applicable case compensation limits, **see:** § 230.23.20.

### § 210.20.20 Discretionary Appointments

(a)    Whenever the U.S. magistrate judge or the court determines that the interests of justice so require, representation **may** be provided for any financially eligible person who is:

    (1)    charged with a petty offense (Class B or C misdemeanor, or an infraction) for which a sentence to confinement is authorized; or

    (2)    seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 (**but see:** Guide, Vol 7A, § 210.20.10(j) on the mandatory appointment of counsel in death penalty habeas corpus cases and § 220.45 on the requirement for appointment of counsel for an evidentiary hearing);

(b)    Counsel may be appointed under the CJA for a person charged with civil or criminal contempt who faces loss of liberty.

(c)    Upon application of a witness before a grand jury, a court, the Congress, or a federal agency or commission which has the power to compel testimony, counsel may be appointed where there is reason to believe, either prior to or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty.

(d)    Counsel may be appointed for financially eligible persons proposed by the U.S. attorney for processing under a "pretrial diversion" program.

(e)    Counsel may be appointed for persons held for international extradition under 18 U.S.C. chapter 209.

For applicable case compensation limits, **see:** § 230.23.20.

### § 210.20.30 Ancillary Matters

(a)    Representation may be furnished for financially eligible persons in "ancillary matters appropriate to the proceedings" under 18 U.S.C. § 3006A(c).

(b)    In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge.

(c)    In determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary to accomplish, among other things, one of the following objectives:

    (1)    to protect a Constitutional right;

    (2)    to contribute in some significant way to the defense of the principal criminal charge;

    (3)    to aid in preparation for the trial or disposition of the principal criminal charge;

    (4)    to enforce the terms of a plea agreement in the principal criminal charge;

    (5)    to **preserve** the claim of the CJA client to an interest in real or personal property subject to a civil forfeiture proceeding under 21 U.S.C. § 881, 19 U.S.C. § 1602 or similar statutes, which property, if recovered by the CJA client, may be considered for reimbursement under 18 U.S.C. § 3006A(f) and Guide, Vol 7A, § 210.40.30; or

    (6)    to effectuate the return of real or personal property belonging to the CJA client which may be subject to a motion for return of property under Fed. R. Crim. P. 41(g), which property, if recovered by the CJA client, may be considered for reimbursement under 18 U.S.C. § 3006A(f) and Guide, Vol 7A, § 210.40.30.

(d)    The scope of representation in the ancillary matter should extend only to the part of the ancillary matter that relates to the principal criminal charge and to the **correlative objective sought** to be achieved in providing the representation (e.g., a CJA defendant in a criminal stock fraud case should be represented by CJA counsel at the defendant's deposition in a parallel civil fraud action for the limited purpose of advising the defendant concerning the defendant's Fifth Amendment rights).

(e)    Representation in an ancillary matter is compensable as part of the representation in the principal matter for which counsel has been appointed and is not considered a separate appointment for which a separate compensation maximum would be applicable under § 230.23.10(g).

(f)    A private panel attorney appointed under the CJA may obtain, through an *ex parte* application to the court, a preliminary determination that the representation to be provided in an ancillary matter is appropriate to the principal criminal proceeding and compensable under 18 U.S.C. § 3006A(c) and this guideline. However, failure to obtain such a preliminary determination does not bar the court from approving compensation for representation in an ancillary matter provided that the services and compensation related thereto are justified in a memorandum submitted by the attorney to the court at the conclusion of the principal criminal matter and the presiding judicial officer finds that such representation was appropriate.

### § 210.20.40 Civil Forfeiture Proceedings

(a)    Under 18 U.S.C. § 983(b)(1), if a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under 18 U.S.C. § 3006A in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

(b)    In determining whether to authorize counsel to represent a person in a judicial civil forfeiture proceeding under a civil forfeiture statute, the court must take into account such factors as:

- the person's standing to contest the forfeiture; and

- whether the claim appears to be made in good faith.

### § 210.20.50 Proceedings Not Covered by or Compensable under the CJA

Cases or proceedings which are not covered by or compensable under the CJA include the following:

    (a)    Petty offenses (Class B or C misdemeanors or infractions), except where confinement is authorized by statute and the court or U.S. magistrate judge determines that appointment of counsel is required in the interest of justice. **See:** § 210.20.20(a)(1).

    (b)    Corporate defendant cases.

    (c)    Prisoners bringing civil rights actions under 42 U.S.C. § 1983. Care should be taken to ensure that a prisoner is not denied the appointment of counsel due to the mislabeling of the prisoner's action as "civil rights" when the proceedings could also be considered as seeking relief under 28 U.S.C. § 2254.

    (d)    Administrative proceedings before the U.S. Citizenship and Immigration Services (USCIS), removal or deportation proceedings before the Immigration Court, review of the Immigration Court's decision by the Board of Immigration Appeals, and judicial review by the federal courts of appeals of petitions for review from these administrative decisions. **But see:** § 210.20.30 (ancillary matters) and § 210.20.20(a)(2) (habeas corpus cases).

### § 210.20.60 Civil Actions to Protect Federal Jurors' Employment

    (a)    Although not an appointment under the authority of the CJA, Congress has annually included statutory language in the appropriation for the federal judiciary's Defender Services account to authorize "the compensation of attorneys appointed to represent jurors in civil actions for the protection of their employment, as authorized by 28 U.S.C. § 1875(d)."

    (b)    In these cases, the court appoints counsel under the standard set forth in 28 U.S.C. § 1875(d)(1), which does not require a finding of financial eligibility.

    (c)    The court will appoint a private attorney, who may be a member of the CJA panel and should have employment law experience. A federal defender should not be appointed.

    (d)    The court should use Form CJA 20 (Appointment of and Authority to Pay Court-Appointed Counsel) for the appointment and pay counsel "to the extent provided by [the CJA]," 28 U.S.C. § 1875(d)(1), and the CJA Guidelines.

    (e)    The court may, as authorized by 28 U.S.C. § 1875(d)(2), order a defendant employer to pay the fees and expenses of counsel appointed under 28 U.S.C. § 1875(d)(1); in such event, the court should follow the reimbursement procedures in Guide, Vol 7A, § 230.40.

### § 210.30 Composition and Management of the Panel of Private Attorneys (CJA Panel)

### § 210.30.10 Overview

    (a)    The CJA Panel must be designated or approved by the court. **See:** 18 U.S.C. § 3006A(b).

    (b)    The membership of the panel should be large enough to provide a sufficient number of experienced attorneys to handle the CJA caseload, yet small enough so that panel members receive an adequate number of appointments to maintain their proficiency in criminal defense work and thereby provide a high quality of representation.

    (c)    Members should serve at the pleasure of the court.

    (d)    A Model Plan for the Composition, Administration and Management of the CJA Panel is included as Appx 2B.

### § 210.30.20 Selection of Panel Members

In part, 18 U.S.C. § 3006A(b) provides that:

Counsel furnishing representation under the plan shall be selected from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or defender organization furnishing representation pursuant to the plan.

### § 210.30.30 *Pro Hac Vice* Appointments

    (a)    If the district judge presiding over the case, or the chief judge if a district judge has not yet been assigned to the case, determines that the appointment of an attorney, who is not a member of the CJA panel, is in the interest of justice, judicial economy or continuity of representation, or there is some other compelling circumstance warranting the attorney's appointment, the attorney may be admitted to the CJA panel *pro hac vice* and appointed to represent the CJA defendant.

    (b)    Consideration for preserving the integrity of the panel selection process suggests that *pro hac vice* appointments should be made only in exceptional circumstances.

    (c)    The attorney, who may or may not maintain an office in the district, should possess such qualities as would qualify the attorney for admission to the district's CJA panel in the ordinary course of panel selection.

### § 210.30.40 Centralization of Panel Administration and Management

Administration and management of the CJA Panel should be centralized in one organizational element (such as the clerk's office or, where appropriate, the federal defender organization) to ensure that counsel is appointed as expeditiously as possible, appointments are equitably distributed, and information on availability of counsel is maintained.

### § 210.30.50 Distribution of Appointments

    (a)    Appointments should be made in a manner which results in both a balanced distribution of appointments and compensation among members of the CJA Panel, and quality representation for each CJA defendant.

    (b)    These objectives can be accomplished by making appointments on a rotational basis, subject to the court's discretion to make exceptions due to the nature and complexity of the case, an attorney's experience, and geographical considerations.

### § 210.40 Determining Financial Eligibility for Representation Under the CJA

### § 210.40.10 Timely Appointment of Counsel

A person financially eligible for representation should be provided with counsel as soon as feasible after being taken into custody, when first appearing before the court or U.S. magistrate judge, when formally charged, or when otherwise entitled to counsel under the CJA, whichever occurs earliest.

### § 210.40.20 Fact-Finding

(a)   The determination of eligibility for representation under the CJA is a judicial function to be performed by the court or U.S. magistrate judge after making appropriate inquiries concerning the person's financial condition.

(b)   Unless it will result in undue delay, fact-finding concerning the person's eligibility for appointment of counsel should be completed prior to the person's first appearance in court.

(c)   Other officers or employees of the court (e.g., clerk, deputy clerk, or pretrial services officer) may be designated by the court to obtain or verify the facts upon which such determination is to be made.

(d)   Relevant information bearing on the person's financial eligibility should be reflected on Form CJA 23 (Financial Affidavit) and the form must be completed and executed before a judicial officer or employee.

(e)   Employees of law enforcement agencies or U.S. attorney offices should not participate in the completion of the Form CJA 23 (Financial Affidavit) or seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility.

(f)   The person seeking appointment of counsel has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination. (Regarding counsel's obligation to advise the court about the client's ability to pay, **see:** § 210.10.30.)

(g)   The prosecution and other interested entities may present to the court information concerning the person's eligibility, but the judicial inquiry into financial eligibility must not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel. Such determinations, if appropriate, must be made at other stages of the proceedings in which the person seeking counsel is a party.

### § 210.40.30 Standards for Eligibility

(a)   A person is "financially unable to obtain counsel" within the meaning of 18 U.S.C. § 3006A(b) if the person's net financial resources and income are insufficient to obtain qualified counsel. In determining whether such insufficiency exists, consideration should be given to:

   (1)   the cost of providing the person and his dependents with the necessities of life, and

   (2)   the cost of the defendant's bail bond if financial conditions are imposed, or the amount of the case deposit defendant is required to make to secure release on bond.

(b)   Any doubts as to a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time.

(c)   At the time of determining eligibility, the court or U.S. magistrate judge should inform the person of the penalties for making a false statement, and of the obligation to inform the court and the appointed attorney of any change in financial status.

(d)   Prior to sentencing, the court should consider pertinent information contained in the presentence report, the court's intention with respect to fines and restitution, and all other available data bearing on the person's financial condition, in order to make a final determination concerning whether the person then has funds available to pay for some or all of the costs of representation. At the time of sentencing, in appropriate circumstances, it should order the person to reimburse the CJA appropriation for such costs. See: § 230.40.

(e)   Future earnings should not be considered or subject to a reimbursement order; however, other income or after-acquired assets which will be received within 180 days after the date of the court's reimbursement order may be available as a source of reimbursement.

### § 210.40.40 Partial Eligibility

If a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide the person and that person's dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time thereafter.

(a)   Such funds must be held subject to the provisions of 18 U.S.C. § 3006A(f).

(b)   The judicial officer may increase or decrease the amount of such payments, and impose such other conditions from time to time as may be appropriate.

(c)   With respect to the disposition of such funds, **see:** § 230.40.

### § 210.40.50 Family Resources

The initial determination of eligibility should be made without regard to the financial ability of the person's family unless the family indicates willingness and financial ability to retain counsel promptly. At or following the appointment of counsel, the judicial officer may inquire into the financial situation of the person's spouse (or parents, if the person is a juvenile) and if such spouse or parents indicate their willingness to pay all or part of the costs of counsel, the judicial officer may direct deposit or reimbursement.

### § 210.50 Criminal Justice Act (CJA) Forms

The Judicial Conference of the United States, at its meeting in January 1965, approved the recommendation of its Committee to Implement the Criminal Justice Act of 1964 (subsequently renamed the Committee on Defender Services), that every district incorporate in its plan a requirement that the standard forms, approved by the Conference, be used. **See**: JCUS-JAN 65, p.6. Copies of the pertinent forms may be found on the public judiciary website.

### § 220 Appointment of Counsel

### § 220.10 Timely Appointment of Counsel

As noted in § 210.40.10, a person financially eligible for representation should be provided with counsel as soon as feasible after being taken into custody, when first appearing before the court or U.S. magistrate judge, when formally charged, or when otherwise entitled to counsel under the CJA, whichever occurs earliest.

### § 220.15 Forms for the Appointment of Counsel

Forms for the appointment of counsel, together with instructions for their use, may be found on the public judiciary website.

### § 220.18 Notification of Relationship

Prior to appointment, counsel should notify the presiding judicial authority if counsel is aware that he or she is related (as the term is defined in 5 U.S.C. § 3110) to any attorney on the same representation, or any attorney being considered for appointment. If appointment of related counsel is made prior to notification, counsel should provide notification as soon as practicable.

### § 220.20 Duration of Appointment

In part, 18 U.S.C. § 3006A(c) provides, that:

A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the U.S. magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings.

### § 220.25 Continuity of Representation

(a)   If the attorney appointed by the U.S. magistrate judge is to continue to represent the defendant in the district court, no additional appointment by the district court should be made, except on appeal from a judgment rendered by the U.S. magistrate judge in a misdemeanor case.

(b)   Counsel's time and expenses involved in the preparation of a petition for a writ of certiorari are considered applicable to the case before the U.S. court of appeals and should be included on the voucher for services performed in that court.

(c)   An order extending Appointment on Appeal (Form CJA 20) should be executed for each appellant for whom counsel was appointed by a U.S. district judge or magistrate judge for representation at the trial level. In a federal capital prosecution, or a proceeding under 28 U.S.C. § 2254 or § 2255 challenging a death sentence, the appointment should be made on a Form CJA 30 (Death Penalty Proceedings: Appointment of and Authority to Pay Court-Appointed Counsel).

(d)   Absent special circumstances, whenever a case is transferred to another district, such as under Federal Rules of Criminal Procedure Rules 20, 21, and 40, appointment of counsel should be made in the transferee district.

### § 220.30 New Appointments Following Earlier Representations

A new appointment on Form CJA 20 should be made for each person represented in the following proceedings:

(a)   new trial after motion, mistrial, reversal, or remand on appeal;

(b)   probation revocation proceedings;

(c)   appeal, including interlocutory appeals;

(d)   bail appeals to a court of appeals;

(e)   extraordinary writs;

(f)   mental condition hearings under:

   (1)   18 U.S.C. § 4243 (Hospitalization of a Person Found Not Guilty only by Reason of Insanity);

   (2)   18 U.S.C. § 4245 (Hospitalization of an Imprisoned Person Suffering From Mental Disease or Defect); and

   (3)   18 U.S.C. § 4246 (Hospitalization of a Person Due for Release but Suffering From Mental Disease or Defect). **See also:** Guide, Vol7A, § 230.23.20.

**Note:** The chart below explains when a mental condition hearing is considered a new appointment or part of the case in chief.

| § 220.30(f) Insanity Defense Reform Act of 1984 | | | |
|---|---|---|---|
| U.S. Code Section | Type of Hearing | New Case | Part of Case in Chief |
| 18 U.S.C. § 4241(a) | Motion to determine competence to stand trial. | No | Yes |
| 18 U.S.C. § 4241(e) | Hearing to determine whether person temporarily hospitalized as a result of incompetence to stand trial has recovered competence. | No | Yes |
| 18 U.S.C. § 4243(c) | Hearing to determine whether release of person found not guilty by reason of insanity would create substantial risk of injury to person or property. | Yes | No |
| 18 U.S.C. § 4243(f) | Hearing to determine whether person hospitalized following finding of not guilty by reason of insanity may be released conditionally or unconditionally.<br><br>Also hearing to modify or eliminate conditions of release. | Yes<br><br><br>Yes | No<br><br><br>No |
| 18 U.S.C. § 4243(g) | Hearing on revocation of conditional release imposed under § 4243(f) | Yes | No |
| 18 U.S.C. § 4244(a) | Hearing to determine present mental condition of convicted defendant prior to sentencing. | No | Yes |
| 18 U.S.C. | Hearing to determine whether imprisoned person suffering from mental disease or defect should be | Yes | No |

Cited in US v Vilar
05CR621 Decided 10/25/13
Archived on 11/7/13
This document is protected by copyright.
Further reproduction is prohibited without permission.

| | | | |
|---|---|---|---|
| § 4245(a) | hospitalized. | | |
| 18 U.S.C. § 4246(a) | Hearing to determine whether a hospitalized person due for release is presently suffering from a mental disease or defect so that release would create a substantial risk of injury to persons or property. | Yes | No |
| 18 U.S.C. § 4246(e) | Hearing to determine whether a person whose hospitalization was extended following a hearing under § 4246(a) may be released or conditionally released. | Yes | No |
| 18 U.S.C. § 4246(f) | Hearing on revocation of conditional release imposed under § 4246(e). | Yes | No |

### § 220.35 Federal Defender Organizations

When cases are assigned to a federal public or community defender organization, the appointment should be made in the name of the organization (i.e., the federal public defender or community defender), rather than in the name of an individual staff attorney within the organization. **See:** Guide, Vol 7A, § 440.

### § 220.40 Appointment of Counsel to Represent More Than One Individual in a Particular Case

(a)   Unless good cause is shown or in the absence of a waiver on the record by the defendants, in a criminal prosecution involving more than one defendant, or where separate charges arising out of the same or similar transactions are concurrently pending against two or more defendants, separate counsel should normally be appointed for each defendant. If an attorney is appointed to represent more than one person, a separate order of appointment must be entered with respect to each person.

(b)   An attorney who represents joint defendants may be compensated for services up to the statutory maximum for each person represented, unless the case involves extended or complex representation, in which case the attorney may be entitled to additional compensation above the statutory maximum rate. (**See:** § 230.50 (Proration of Claims) and § 230.23.10(c)).

### § 220.45 Appointment of Counsel in Habeas Corpus and Proceedings Under 28 U.S.C. § 2255

While the Rules Governing Section 2254 Cases in the U.S.District Courts and the Rules Governing Section 2255 Proceedings in the U.S. District Courts mention the appointment of counsel only with regard to discovery and evidentiary hearings, the CJA, 18 U.S.C. § 3006A(a)(2)(B), permits discretionary appointment at any stage of the proceedings, in the interest of justice. **See:** Guide, Vol 7A, § 210.20.20(a)(2). In addition, 18 U.S.C. § 3599(a)(1) **requires** the appointment of one or more attorneys in death penalty federal habeas corpus cases. **See**: Guide, Vol 7A, § 620.10.

### § 220.50 Waiver of Counsel

A waiver of assigned counsel by a defendant should be in writing. If the defendant refuses to sign the waiver, the court or U.S. magistrate judge should certify thereto. No standard form has been prescribed for this purpose

### § 220.55 Standby Counsel

### § 220.55.10 Overview

(a)   Criminal defendants have both a constitutional and statutory right to self-representation in federal court. (**See:** *Faretta v. California*, 422 U.S. 806 (1975); 28 U.S.C. § 1654.)

(b)   In some cases, however, the court or U.S. magistrate judge may find it necessary to appoint "standby" counsel to be available to assist a pro se defendant in that defendant's defense and also to protect the integrity and ensure the continuity of the judicial proceedings. (**See:** *McKaskle v. Wiggins*, 465 U.S. 168 (1984); *Faretta*, supra.).

### § 220.55.20 Standby Counsel Services Accepted by a Pro Se Defendant

(a)   The CJA provides that "[u]nless the [financially eligible] person **waives representation** by counsel. . .[the court] shall appoint counsel to **represent** him." 18 U.S.C. § 3006A(b).

(b)   While the court has inherent authority to appoint standby counsel, such appointments may not be made and counsel may not be compensated **under the CJA** unless the defendant qualifies for appointed counsel **and representation is actually rendered by counsel**. Accordingly, if a financially eligible pro se defendant agrees to be represented, at least in part, by standby counsel, compensation may be provided under the CJA.

(c)   Similarly, if at any time during the course of the proceedings the services of standby counsel are accepted by a financially eligible pro se defendant, a *nunc pro tunc* CJA appointment order should be effected and counsel may be compensated under the CJA.

### § 220.55.30 Standby Counsel Appointed Under the Court's Inherent Authority

(a)   In circumstances in which standby counsel is appointed under the court's inherent authority, and counsel serves exclusively on behalf of the court to protect the integrity and continuity of the proceedings, and does not represent the defendant, any compensation to be paid counsel must be in the capacity of an "expert or consultant" under 5 U.S.C. § 3109.

(b)   Accordingly, an appointment under this section may be made regardless of whether the defendant is financially able to obtain adequate representation. In such cases, compensation will be determined by the judicial officer according to CJA hourly rates and case compensation maximums.

(c)   The AO Office of Defender Services should be consulted regarding appointment and payment procedures. If, during the course of the proceedings, a pro se defendant who is financially able to retain counsel elects to do so, the court's appointment of an attorney under 18 U.S.C. § 300A(c) may be terminated.

### § 220.60 Termination of Appointment

In any case in which appointment of counsel has been made under the CJA and the court subsequently finds that the person is financially able to obtain counsel, such appointment should be terminated using Form CJA 7 (Order Terminating Appointment of Counsel and/or Authorization for Distribution of Available Private Funds).

### § 230 Compensation and Expenses of Appointed Counsel

Cited in U.S. v. Vilar 05CR621 Decided 10/25/13 Archived on 11/7/13 This document is protected by copyright. Further reproductions prohibited without permission.

### § 230.10 Forms for Compensation and Reimbursement of Expenses

Forms for the compensation and reimbursement of expenses to appointed counsel, together with instructions for their use, may be found on the public judiciary website. A copy of all supporting documents that itemize or expand the amounts shown on the face of Form CJA 20 must be attached.

### § 230.13 Time Limits

(a) Vouchers should be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. The clerks of the concerned courts should ensure that attorneys comply with the prescribed limits. Every effort should be made to have counsel submit the claim as soon as possible upon completion of services rendered.

(b) Absent extraordinary circumstances, judges should act upon panel attorney compensation claims within 30 days of submission.

### § 230.16 Hourly Rates and Effective Dates in Non-Capital Cases

(a) Except in federal capital prosecutions and in death penalty federal habeas corpus proceedings, compensation paid to appointed counsel for time expended in court or out of court or before a U.S. magistrate judge may not exceed the rates in the following table. (For information on compensation of counsel in federal capital cases and death penalty federal habeas corpus proceedings, **see:** Guide, Vol 7A § 630).

| § 230.16(a) Non-Capital Hourly Rates | | |
|---|---|---|
| If services were performed between… | The maximum hourly rate is… | Authority |
| 01/01/2010 to present | $125 | Pub. L. No. 111-117 (2009). **See:** H. Rep. No. 111-366/Pub. L. No. 111-117 Consolidated Appropriations Act, 2010 (Dec. 16, 2009; 123 Stat. 3034). |
| 03/11/2009 to 12/31/2009 | $110 | Pub. L. No. 111-8 (2009).**See:** H. Rep. No. 1105/Pub. L. No. 111-8 Omnibus Appropriations Act, 2009 (Mar. 11, 2009; 123 Stat. 524). |
| 01/01/2008 through 03/10/2009 | $100 | Pub. L. No. 110-161, 121 Stat. 1844 (2007). **See:** H. Rep. No. 110-497, 2007 WL 4402532, December 17, 2007. **See also:** Consolidated Appropriations Act of 2008 (Pub. L. No. 110-161, 121 Stat.1844, 1987 (2007)). |
| 05/20/2007 through 12/31/2007 | $94 | Based on the appropriation amounts enacted on February 15, 2007 (Pub. L. No. 110-5, 121 Stat. 8 (2007)), the U.S. House and Senate Appropriations Committees subsequently approved the judiciary financial plans for FY2007, which included a cost-of-living adjustment to increase the maximum non-capital hourly rate to $94. |
| 01/01/2006 through 05/19/2007 | $92 | Pub. L. No. 109-115, 119 Stat. 2396 (2005) |
| 05/01/2002 through 12/31/2005 | $90 | Pub. L. No. 107-77, 115 Stat. 748 (2001) **See:** H. Rep. No. 107-278, at 143 (2001) (Conf. Rep.), as reprinted in 2002 U.S.C.C.A.N. 793, 856, 2001 WL 1402218, and H. Rep. No. 107-139, at 92-93, 2001 WL 79076. |

(b) For rates applicable to services performed prior to May 1, 2002 for non-capital cases, please contact the AO Office of Defender Services, Legal and Policy Branch Duty Day Attorney at 202-502-3030.

### § 230.20 Annual Increase in Hourly Rate Maximums

Under 18 U.S.C. § 3006A (d)(1), the Judicial Conference is authorized to increase annually all hourly rate maximums by an amount not to exceed the federal pay comparability raises given to federal employees. Hourly rate maximums will be adjusted automatically each year according to any federal pay comparability adjustment, contingent upon the availability of sufficient funds. The new rates will apply with respect to services performed on or after the effective date.

### § 230.23 Case Compensation Maximums

### § 230.23.10 Applicability and Exclusions

(a) In General

All compensation limits apply to each attorney in each case.

(b) Federal Death Penalty Cases and Federal Capital Habeas Corpus Proceedings

The case compensation limits are not applicable in federal death penalty cases and federal capital habeas corpus proceedings. (**See:** Guide, Vol 7A, § 630.10.20.)

(c) Excess Compensation Vouchers

(1) As further explained in § 230.23.40, the CJA places limitations on the general authority of presiding judicial officers to unilaterally approve attorney compensation.

(2) Payments above case compensation limits referred to in § 230.23.20 may be authorized when certified by the presiding judicial officer and approved by the chief judge of the circuit. The chief judge of the circuit is permitted to delegate this approval authority to another active or senior circuit judge.

(3) Presiding judicial officers should certify excess compensation payments to counsel whenever in their judgment the case involves extended or complex representation and the amount certified is necessary to provide fair compensation. (**See:** § 230.23.40.)

(d)    Limitations Inapplicable to Expense Reimbursement

Case compensation limits apply only to attorney fees. There is no limit on the presiding judicial officer's authority to approve the reimbursement of expenses of counsel, and the chief judge of the circuit has no role in authorizing the payment of such expenses. (For an explanation of reimbursable out-of-pocket expenses, **see**: § 230.63; **but see**: § 230.46 (Prior Authorization for Appointed Counsel to Incur Expenses)).

(e)    Change in Offense Classification Level

If a case is disposed of at an offense level lower than the offense originally charged, the compensation maximum is determined by the higher offense level.

(f)    More than One Counsel

In difficult cases in which the court finds it necessary to appoint more than one attorney, the limitations apply separately to each attorney.

(g)    Ancillary Matters

Representation in ancillary matters is compensable as part of the representation in the principal matter for which counsel has been appointed, and is not considered a separate appointment for which a separate compensation maximum would apply.

(h)    Increases to the Maximum Compensation Rate

Under 18 U.S.C. § 3006A(d)(2), the attorney case compensation maximums increase "simultaneously" with aggregate changes in the maximum attorney hourly compensation rate. Current case maximum amounts are set forth below in § 230.23.20.

## § 230.23.20 Current Attorney Case Compensation Maximums

For work performed on or after January 1, 2010, the case compensation maximums are as follows:

| § 230.23.20 Current Attorney Case Compensation Maximums ||
|---|---|
| If the case is a... | the case maximum is... |
| (a)    Felony (except federal capital prosecutions) | $9,700 for trial court level<br>$6,900 for appeal |
| (b)    Misdemeanors (including petty offenses (class B or C misdemeanors or infractions) as set forth in ) 18 U.S.C. § 3006A(a)(2)(A))) | $2,800 for trial court level<br>$6,900 for appeal |
| (c)    Proceedings under 18 U.S.C. § 4106A (in connection with paroled prisoners transferred to the United States) | $2,100 for representation before the U.S. Parole Commission<br>$6,900 for appeal |
| (d)    Proceedings under 18 U.S.C. § 4107 or § 4108 (for counsel and guardians ad litem providing services in connection with prisoner transfer proceedings). **Note:** For information on appointment of counsel or guardians ad litem under 18 U.S.C. § 4109, **see:** Guide, Vol 7B (International Prisoner Transfer Proceedings). | $2,800 for each consent verification proceeding |
| (e)    Pre-Trial Diversion | $9,700 if offense alleged by the U.S. attorney is a felony<br>$2,800 if offense alleged by the U.S. attorney is a misdemeanor |
| (f)    Proceedings under 18 U.S.C. § 983 (for services provided by counsel appointed under 18 U.S.C. § 983(b)(1) in connection with certain judicial civil forfeiture proceedings) | $9,700 for trial court level<br>$6,900 for appeal |
| (g)    Non-Capital Post-Conviction Proceedings under 28 U.S.C. § 2241, § 2254 or § 2255 | $9,700 for trial court level<br>$6,900 for appeal |
| (h)    Proceedings to Protect Federal Jurors Employment under 28 U.S.C. § 1875 | $9,700 for trial court level<br>$6,900 for appeal |
| (i)    Other Representations Required or Authorized by the CJA<br><br>**Note:** This category includes but is not limited to the following representations:<br><br>(1)    probation violation;<br><br>(2)    supervised release hearing (for persons charged with a violation of supervised release or facing modification, reduction, or enlargement of a condition or extension or revocation of a term of supervised release);<br><br>(3)    parole proceedings under 18 U.S.C. chapter 311 (repealed) (**but see:** note at Guide, Vol 7A, § 210.20.10(a)(5)).<br><br>(4)    material witness in custody; | $2,100 for trial court level<br>$2,100 for each level of appeal |

(5)     mental condition hearings under 18 U.S.C. chapter 313 (except for hearings under 18 U.S.C. § 4241 and § 4244, which are considered part of the case in chief with no separate compensation maximums applying. (For a chart detailing the treatment for the purpose of compensation of representation at each hearing under 18 U.S.C. chapter 313, **see:** Guide, Vol7A, § 220.30(f));

(6)     civil or criminal contempt (where the person faces loss of liberty);

(7)     witness (before a grand jury, a court, the Congress, or a federal agency or commission which has the power to compel testimony, where there is a reason to believe either before or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty); and

(8)     international extradition (under 18 U.S.C. chapter 209).

### § 230.23.30 History of Case Compensation Maximums

For work performed prior to January 1, 2010, the case compensation maximums are as follows:

| § 230.23.30 History of Case Compensation Maximums | | | |
|---|---|---|---|
| If a case is a… | And services were completed… | | |
|  | On or after December 8, 2004 and before October 13, 2008, the case maximum is… | On or after October 13, 2008, and before March 11, 2009, the case maximum is… | On or after March 11, 2009, and before January 1, 2010, the case maximum is… |
| Felony (including pre-trial diversion of alleged felony) | $7,000 | $7,800 | $8,600 |
| Misdemeanor (including pre-trial diversion of alleged misdemeanor) | $2,000 | $2,200 | $2,400 |
| Proceeding under 18 U.S.C. § 4106A | $1,500 | $1,700 | $1,800 |
| Proceeding under 18 U.S.C. § 4107 or § 4108 (for each verification proceeding) | $2,000 | $2,200 | $2,400 |
| Proceeding under 18 U.S.C. § 983 | $7,000 | $7,800 | $8,600 |
| Post-conviction proceeding under under 28 U.S.C. § 2241, § 2254 or § 2255 | $7,000 | $7,800 | $8,600 |
| Proceeding under 28 U.S.C. § 1875 | $7,000 | $7,800 | $8,600 |
| Appeal from felony, misdemeanor, proceeding under 18 U.S.C. § 4106A, 18 U.S.C. § 983, post-conviction proceeding under 28 U.S.C. § 2241, § 2254 or § 2255, and 28 U.S.C. § 1875 | $5,000 | $5,600 | $6,100 |
| Other representation required or authorized by the CJA (including, but not limited to probation, supervised release hearing, material witness, grand jury witness) | $1,500 | $1,700 | $1,800 |
| Appeal of other representation | $1,500 | $1,700 | $1,800 |

For inquiries concerning case compensation maximums, contact the AO Office of Defender Services, Legal and Policy Branch Duty Day Attorney at 202-502-3030 or via email at ods_lpb@ao.uscourts.gov.

### § 230.23.40 Waiving Case Compensation Maximums

(a)     Overview

Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).

(b)     Extended or Complex Cases

The approving judicial officer should first make a threshold determination as to whether the case **is either** extended or complex.

- If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."

- If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."

(c)   Determining Fair Compensation

After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:

- responsibilities involved measured by the magnitude and importance of the case;
- manner in which duties were performed;
- knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
- nature of counsel's practice and injury thereto;
- any extraordinary pressure of time or other factors under which services were rendered; and
- any other circumstances relevant and material to a determination of a fair and reasonable fee.

## § 230.26 Case Budgeting

### § 230.26.10 Overview

Courts are encouraged to use case budgeting techniques in representations that appear likely to become or have become extraordinary in terms of potential cost (ordinarily, a representation in which attorney hours are expected to exceed 300 hours or total expenditures are expected to exceed $30,000 for appointed counsel and services other than counsel for an individual CJA defendant).

### § 230.26.20 Case Budgeting Procedures

(a)   If a court determines that case budgeting is appropriate (either on its own or upon request of counsel), counsel should submit a proposed initial litigation budget for court approval, subject to modification in light of facts and developments that emerge as the case proceeds.

(b)   Case budgeting forms (Forms CJA 28A — CJA 28H), together with instructions for their use, may be found on the public judiciary website.

(c)   Case budgets should be submitted *ex parte* and filed and maintained under seal.

(d)   For general information on case budgeting principles relating to capital cases, **see:** Guide, Vol 7A, § 640.

### § 230.26.30 Investigative, Expert, and Other Services

(a)   Recognizing that investigative, expert, and other services may be required before there is an opportunity for counsel to prepare a case budget or for the court to approve it, courts should act upon requests for services where prompt authorization is necessary for adequate representation.

(b)   Courts, in examining the case budget, may reconsider amounts authorized for services before the budget's approval; however, courts must not rescind prior authorization where work has already been performed.

## § 230.30 Supporting Memorandum Justifying Compensation Claimed

(a)   Claim for Less than the Case Compensation Maximum

In any case in which the total compensation claimed is less than the statutory case compensation maximum, counsel may be required to submit a memorandum supporting and justifying the compensation claimed, when called for by local rule, standing order, or by the presiding judicial officer.

(b)   Claim for More than the Case Compensation Maximum

   (1)   In any case in which the total compensation claimed is in excess of the statutory case compensation maximum, counsel will submit with the voucher a detailed memorandum supporting and justifying counsel's claim that:

   - the representation given was in an extended or complex case (**see:** § 230.23.40(b)), and
   - the excess payment is necessary to provide fair compensation (**see:** § 230.23.40(c)).

   (2)   Upon preliminary approval of such claim, the presiding judicial officer should furnish to the chief judge of the circuit a memorandum containing the recommendation and a detailed statement of reasons.

## § 230.33 Impact of an Appropriation Shortfall on Voucher Review

Vouchers should not be delayed or reduced for the purpose of diminishing Defender Services program costs in response to adverse financial circumstances.

## § 230.36 Notification of Proposed Reduction of CJA Compensation Vouchers

(a)   The CJA provides that the reviewing judge must fix the compensation and reimbursement to be paid to appointed counsel. If the court determines that a claim should be reduced, appointed counsel should be provided:

- prior notice of the proposed reduction with a brief statement of the reason(s) for it, and
- an opportunity to address the matter.

(b)   Notice need not be given to appointed counsel where the reduction is based on mathematical or technical errors.

(c)   Nothing contained in this guideline should be construed as requiring a hearing or as discouraging the court from communicating informally with counsel about questions or concerns in person, telephonically, or electronically, as deemed appropriate or necessary.

§ 230.40 Payments by a Defendant

(a)   An attorney appointed under the CJA may not accept a payment from or on behalf of the person represented without authorization by a U.S. district, circuit, or magistrate judge on Form CJA 7.

(b)   If such payment is authorized, it should be deducted from the fee to be approved by the court under 18 U.S.C. § 3006A(d). The combined payment to any one attorney for compensation from both the person represented and the CJA is subject to applicable dollar limitations, unless excess compensation is approved under 18 U.S.C. § 3006A(d)(3).

(c)   When the court determines that a person who received representation under the CJA was financially ineligible for those services at the time they were rendered, and directs that the person reimburse the government, the payment should be made by check or money order to the clerk of court for deposit into the Treasury. Such funds will be credited to the Defender Services appropriation.

(d)   Under 18 U.S.C. § 3006A(f), a judicial officer is not authorized to require reimbursement as a condition of probation, and the Judicial Conference position is that reimbursement of the cost of representation under the CJA should not be made a condition of probation under any other authority. **See**: JCUS-MAR 85, p. 31.

§ 230.43 Approval Authority of U.S. Magistrate Judges

U.S. magistrate judges may only approve vouchers for services rendered in connection with a case disposed of entirely before the U.S. magistrate judge.

§ 230.46 Prior Authorization for Appointed Counsel to Incur Expenses

Court plans may require advance authorization for such items as counsel's expenses over stipulated amounts or counsel's travel in excess of stipulated distances.

§ 230.50 Proration of Claims

(a)   When a defendant is charged in one indictment with severable counts, one voucher should be submitted and one maximum applied under 18 U.S.C. § 3006A(d)(2), whether or not the counts are severed for trial.

(b)   When a defendant is charged in two or more indictments (other than a superseding indictment or information), a separate voucher should be submitted, and a separate maximum applied under 18 U.S.C. § 3006A(d)(2), for each indictment, whether or not the indictments are consolidated for trial.

(c)   Where single counsel is appointed to represent multiple defendants, separate vouchers should be submitted, and a separate maximum applied under 18 U.S.C. § 3006A(d)(2), for each defendant represented.

(d)   Whenever appointed counsel submit separate vouchers, as provided by this section, time spent in common on more than one indictment or case must be prorated among the indictments or cases on which the time was spent, and each indictment or case must be cross-referenced on the supporting materials to the vouchers. Time spent exclusively on any one indictment or case must properly be charged on the voucher for that indictment or case.

(e)   Time or expenses "spent in common" includes work performed simultaneously or within the same unit of time, or expenses incurred, for more than one representation (e.g., travel on behalf of more than one client). Double billing of time or expenses is prohibited (e.g., billing the same travel time or expenses to more than one representation).

(f)   While time spent in common on more than one CJA representation must be prorated, the entire amount of travel or other expenses applicable to more than one CJA representation must be billed to one representation. The supporting materials to the voucher on which the expenses are billed must cross-reference the other CJA representations.

(g)   If the attorney is billing under the CJA for time or expenses, including travel, that were spent in common for a purpose other than a CJA representation, the attorney must report such information so that the court can determine whether, in fairness to counsel, the time or expenses should be apportioned and the attorney compensated for the time or expenses reasonably attributable to the CJA.

   (1)   The attorney should explain the rationale for billing under the CJA, and the court may conduct a further inquiry.

   (2)   In determining whether time or expenses spent in common for a purpose other than a CJA representation should be apportioned, the court should consider:

   - the time or expenses reasonably expended in the performance of the attorney's duties under the CJA in relation to the time or expenses expended furthering other purposes;

   - the significance to the CJA representation of the duties performed or expenses incurred; and

   - the likelihood that the attorney would have performed the services or incurred the expenses under the CJA in the absence of the other purposes.

(h)   Proration of time among CJA representations must not result in an appointed counsel billing a larger amount than would have been billed if all the time was assigned to one representation.

§ 230.53 Compensation of Co-Counsel

§ 230.53.10 Without Separate Appointment

(a)   Unless separately appointed in accordance with § 230.53.20(b) or Guide, Vol 7A, § 620.10, co-counsel or associate attorneys may not be compensated under the CJA.

(b)   However, an appointed counsel may claim compensation for services furnished by a partner or associate or, with prior authorization by the court, counsel who is not a partner or associate, within the maximum compensation allowed by the CJA, separately identifying the provider of each service.

§ 230.53.20 With Appointment

(a)   In an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney, each attorney is eligible to receive the maximum

compensation allowable under the CJA.

(b)  The finding of the court that the appointment of an additional attorney in a difficult case was necessary and in the interest of justice must appear on the Order of Appointment. **See:** Guide, Vol 7A, § 620.10 for appointment of more than one attorney in capital cases.

### § 230.56 Substitution of Counsel

If an attorney is substituted for an attorney previously appointed for a defendant in the same case, the total compensation paid to both attorneys may not exceed the statutory maximum for one defendant, unless the case involves extended or complex representation. In such cases, vouchers for attorney's services will not be approved by a judicial officer until the conclusion of the trial so that the judicial officer may make such apportionment between the attorneys as may be just.

### § 230.60 Attorney Compensation for Travel Time

(a)  Compensation must be approved for time spent in necessary and reasonable travel.

(b)  Ordinarily, compensable time for travel includes only those hours actually spent **in or awaiting transit**. Accordingly, if a trip necessarily and reasonably requires overnight lodging, compensable travel time to the destination from the claimant's office would terminate upon arrival and check-in at the hotel or other place of accommodation and would include travel time returning directly to the claimant's office from said destination.

(c)  Compensation for travel time is paid at a rate not to exceed the rate provided in 18 U.S.C. § 3006A(d) for "time reasonably expended out of court."

### § 230.63 Reimbursable Out-of-Pocket Expenses

### § 230.63.10 Overview

Out-of-pocket expenses reasonably incurred may be claimed on the voucher, and must be itemized and reasonably documented. Expenses for investigations or other services under 18 U.S.C. § 3006A(e) are not considered out-of-pocket expenses.

### § 230.63.20 Reimbursement for Transcripts

(a)  Generally, court reporters or reporting services which furnish court authorized transcripts in CJA cases claim and receive compensation for their services on the Form CJA 24 (Authorization and Voucher for Payment of Transcript) (**see:** Guide, Vol 7A, § 320.30). While this is the preferred method for payment of transcripts, if assigned counsel has elected to pay for the court authorized transcripts "out-of-pocket," the cost may be claimed as a reimbursable expense, as provided for in 18 U.S.C. § 3006A(d)(1). However, unlike most reimbursable expenses, which should be claimed on the Form CJA 20 (Appointment of and Authority to Pay Court Appointed Counsel), reimbursement to the attorney who has paid for the transcript as an "out-of-pocket" expense should be claimed on a Form CJA 24.

(b)  The cost of transcribing depositions in criminal cases is the responsibility of the Department of Justice under Rule 17(b) of Fed. R. Crim. P.

**Exception:** When the witness is a defense expert, the expert is paid out of CJA funds (53 Comp. Gen. 638 (1974)).

### § 230.63.30 Computer-Assisted Legal Research

(a)  The cost of use, by appointed counsel, of computer-assisted legal research services, may be allowed as a reimbursable out-of-pocket expense, provided that the amount claimed is reasonable.

(b)  Whenever appointed counsel incurs charges for computer-assisted legal research, counsel should attach to the compensation voucher a copy of the bill and receipt for the use of the legal research services or an explanation of the precise basis of the charge (e.g., indicating the extent to which it was derived by proration of monthly charges, or by charges identifiable to the specific research).

(c)  If the amount claimed is more than $500 or if it includes costs for downloading or printing, counsel should include a brief statement of justification.

### § 230.63.40 Travel Expenses

(a)  Travel by privately owned automobile should be claimed at the mileage rate currently prescribed for federal judiciary employees who use a private automobile for conduct of official business. Parking fees, ferry fares, and bridge, road, and tunnel tolls may also be claimed. Transportation other than by privately owned automobile should be claimed on an actual expense basis.

(b)  Per diem in lieu of subsistence is not allowable, since the CJA provides for reimbursement of expenses actually incurred. Therefore, counsel's expenses for meals and lodging incurred in the representation of the defendant would constitute reimbursable "out-of-pocket" expenses.

(c)  In determining whether actual expenses incurred are "reasonable," counsel should be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.

(d)  Government travel rates at substantial reductions from ordinary commercial rates may be available from common carriers for travel authorized by the court in connection with representation under the CJA. To obtain such rates, attorneys must contact the clerk of the court and obtain prior approval from the presiding judicial officer.

### § 230.63.50 Interim Reimbursement for Expenses

(a)  Where it is considered necessary and appropriate in a specific case, the presiding judge or U.S. magistrate judge may, in consultation with the AO Office of Defender Services, arrange for interim reimbursement to counsel of extraordinary and substantial expenses incurred in providing representation in a case.

(b)  Interim reimbursement should be authorized when counsel's reasonably-incurred out-of-pocket expenses for duplication of discovery materials made available by the prosecution exceed $500.

### § 230.63.60 Reimbursement for Expenses Incurred Defending Malpractice Allegations

(a)  Courts are authorized to reimburse panel attorneys for expenses reasonably incurred in defending actions alleging malpractice in furnishing representational services under the CJA. (**See:** 18 U.S.C. § 3006A(d)(1), as amended by the Federal Courts Improvement Act of 2000, Pub. L. No. 106-518, which covers expenses incurred on or after its effective date of Nov. 13, 2000.)

(b)  The total reimbursement must not exceed the deductible amount of counsel's professional liability insurance policy or $5,000, whichever is less. Expenses

qualifying for reimbursement may include, but are not limited to:

- the costs of transcripts;
- witness fees and costs; and
- attorney fees.

(c)   In determining reasonable attorney fees for this purpose, CJA rates are inapplicable.

(d)   Compensation for representing oneself in defending the action alleging malpractice, or, if represented by counsel, for time spent assisting that counsel in defending the action, is not reimbursable.

(e)   No reimbursement will be made if a judgment of malpractice is rendered against the attorney; in view of this prohibition, no reimbursement should be provided until the malpractice claim is resolved.

(f)   Reimbursement should be claimed under the expense categories on a Form CJA 20 (or, where the appointment was in a capital matter, Form CJA 30), and supporting documentation should be attached.

### § 230.63.70 Other Reimbursable Expenses

Other reimbursable expenses include:
- telephone toll calls;
- telegrams;
- photographs; and
- copying (except printing — **see**: § 230.66.40).

### § 230.66 Non-Reimbursable Expenses

### § 230.66.10 General Office Overhead

(a)   General office overhead includes general office expenses that would normally be reflected in the fee charged to the client. The statutory fee is intended to include compensation for these general office expenses.

(b)   Except in extraordinary circumstances (**see:** § 320.70.30), whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable:

- personnel;
- rent;
- telephone service; and
- secretarial.

### § 230.66.20 Items and Services of Personal Nature

(a)   The cost of items of a personal nature purchased for or on behalf of the person represented are not reimbursable under the CJA. Such items include:

- purchasing new clothing or having clothing cleaned;
- getting a haircut;
- furnishing cigarettes, candy or meals, etc.

(b)   The cost of services of a personal nature and expenses incidental thereto which cannot be considered legal representation are not compensable under the CJA. Such services include:

- assisting the defendant in the disposition of the defendant's personal property;
- arranging for the placement of minor children of the defendant;
- assisting the defendant in executing the conditions of probation;
- providing legal assistance in matters unrelated to the litigation of the case, although incidental to the defendant's arrest, etc.

### § 230.66.30 Filing Fees

Attorneys are not required to pay a filing fee in a CJA case, as such payment and reimbursement thereof is tantamount to the government billing itself to accomplish a transfer of appropriated funds into the General Fund of the Treasury.

### § 230.66.40 Printing and Copying of Briefs

(a)   The expense of printing briefs, regardless of the printing method utilized, is not reimbursable.

(b)   The cost of photocopying or similar copying service is reimbursable.

### § 230.66.50 Service of Process

Witness fees, travel costs, and expenses for service of subpoenas on fact witnesses, are not payable out of the CJA appropriation but are governed by Fed. R. Crim. P. Rule 17 and 28 U.S.C. § 1825.

### § 230.66.60 Taxes

Taxes paid on attorney compensation received under CJA, whether based on income, sales or gross receipts, are not reimbursable expenses.

### § 230.70 Writ of Certiorari

Counsel's time and expenses involved in the preparation of a petition for a writ of certiorari are considered as applicable to the case before the U.S. court of appeals, and should be included on the voucher for services performed in that court.

### § 230.73 Interim Payments to Counsel

### § 230.73.10 Non-Death Penalty Cases

    (a)    Where it is considered necessary and appropriate in a specific case, the presiding trial judge may arrange for periodic or interim payments to counsel.

    (b)    [Appx 2C](#) (Procedures for Interim Payments to Counsel in Non-Death Penalty Cases) contains instructions on the procedures for effecting interim payments to counsel, and a sample memorandum order on this subject that provides for two alternative payment methods.

    (c)    The payment options provided in [Appx 2C](#) are designed to strike a balance between the interest in relieving court-appointed attorneys of financial hardships in extended and complex cases, and the practical application of the statutorily imposed responsibility of the chief judge of the circuit to provide a meaningful review of claims for excess compensation.

    (d)    Other interim payment arrangements which effectuate this balance may be devised in consultation with the AO Office of Defender Services.

### § 230.73.20 Death Penalty Cases

Presiding judicial officers are urged to permit interim payments in death penalty cases. Since the Anti-Drug Abuse Act of 1988 effectively repealed the CJA hourly rates and case maximums with respect to death penalty cases, a separate set of procedures and a separate memorandum order should be used in those cases. These procedures and a sample memorandum order are set forth in [Appx 2D (Procedures for Interim Payments to Counsel in Death Penalty Cases)](#).

### § 230.76 Record Keeping

    (a)    Appointed counsel must maintain contemporaneous time and attendance records for all work performed, including work performed by associates, partners, and support staff, as well as expense records.

    (b)    Such records are subject to audit and must be retained for three years after approval of the final voucher for an appointment.

### § 230.80 Annual Report of Attorney Compensation Exceeding 1,000 Hours

Not later than three months after the end of each fiscal year, the AO Office of Defender Services will prepare reports listing all attorneys who have claimed compensation of more than 1,000 hours of services in the preceding fiscal year. The chief judge of each court of appeals and each district court will receive a copy of the report regarding attorneys within that district or circuit.

Cited in U.S. v Villar
05CR621 Decided 10/25/13
Archived on 11/7/13
This document is protected by copyright.
Further reproduction is prohibited without permission.

Last substantive revision ([Transmittal 07-006](#)) April 2, 2013
Last revised (minor technical changes) May 29, 2013



Contact Us  |  Careers  |  Privacy & Security Policy  |  Judicial Conduct & Disability  |  Glossary of Legal Terms
Widgets  |  Translate  |  BrowseAloud  |  Operating Status

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

The purpose of this site is to provide information from and about the Judicial Branch of the U.S. Government.

http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/vol7PartA/vol7PartAChapter2.aspx[11/7/2013 11:02:46 AM]