


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 1, 2014

**BY ECF AND ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re:      <u>United States</u> v. <u>Vilar and Tanaka,</u>
>            **S3 05 Cr. 621 (RJS)**

Dear Judge Sullivan:

The Government respectfully submits this letter in connection with the April 24, 2014 resentencing of Alberto William Vilar and Gary Alan Tanaka and to supplement the Government's letter submitted on March 31, 2014. For the reasons set forth below, the Government submits that the Court should enter a forfeiture money judgment in the amount of $20,885,281.41, the amount of proceeds the defendants obtained from their victims as a result of their scheme to defraud.

<u>Discussion</u>

The defendants should be ordered to forfeit $20,885,281.41, the amount of money the defendants obtained from Lily Cates, the Mayer Family and Graciela Lecube-Chavez through their criminal offenses. The sum is the same as the proposed restitution order without prejudgment interest. *See* Government's March 31, 2014 letter to the Court (E.C.F. 666). The background and relevant facts are set forth in the Government's March 31, 2014 letter. *Id.*

**A.      Property Subject to Forfeiture**

The forfeiture statute pertaining to securities fraud, investment advisor fraud and conspiracy to commit mail, wire, and securities fraud broadly provides for the forfeiture of "[a]ny property real or personal, which constitutes or is derived from proceeds traceable to [a] violation of…any offense constituting 'specified unlawful activity'…" 18 U.S.C. § 981(a)(1)(C). Although Section 981 is a civil forfeiture provision, 28 U.S.C. § 2461(c) provides that:

> If a person is charged in a criminal case with a
> violation of an Act of Congress for which the civil

or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

In order to forfeit proceeds of an offense, the Government must show a causal link between the criminal conduct and the proceeds. Courts apply a "but for" test to determine whether property is proceeds of an offense. Under this test, the term "proceeds" means any property that a person would not have obtained or retained but for the criminal offense. *In re 650 Fifth Avenue and Related Properties*, 08 Cv. 10934 (KBF), 2013 WL 5178677, *27 (S.D.N.Y. Sept. 16, 2013); *United States* v. *Grant*, No. S4 05 Cr 1192, 2008 WL 4376365, at *2 n. 1 (S.D.N.Y. Sept. 25, 2008); *United States* v. *Nicolo*, 597 F. Supp. 2d 342, 350 (W.D.N.Y. 2009) (applying "but for" test to determine amount of proceeds forfeitable under   § 981(a)(1)(C)); *see also United States* v. *Porcelli*, 865 F.2d 1352, 1366 (2d Cir. 1989) (applying "but for" test to RICO forfeiture statute); *United States* v. *Reiner*, 397 F. Supp. 2d 101, 106-07 (D. Me. 2005) (same); *United States* v. *Evanson*, No. 05 Cr. 00805, 2008 WL 3107332, at *3 (D. Utah Aug. 4, 2008) ("proceeds are property a defendant would not have obtained or retained but for the commission of the criminal offense").

All property received as a consequence of a fraud scheme is forfeitable. *Nicolo*, 597 F.Supp.2d at 350. Courts have held that "forfeiture of…[all] revenues, including money generated through supposedly legitimate transactions…[is] appropriate." *United States* v. *Warshak*, 631 F.3d 266, 333 (6th Cir. 2010); *see also United States* v. *Zai*, 2013 WL 625762, at *4 (N.D. Ohio Feb. 20, 2013)(under the "but for" test, corporation's revenue stream that would not exist but for earlier investment of fraud proceeds was forfeitable as proceeds even if traceable to legitimate business activity). Further, "[s]o long as there is a causal nexus between the wrongdoer's possession of the property and [the crime], the property may be said to have been 'obtained' by [the defendant] 'indirectly' as a result of [the] offense." *United States* v. *Torres*, 703 F.3d 194, 1999 (2d Cir. 2012). Criminal forfeiture is designed to be punitive and its scope is broad. Assets that are otherwise legitimate or untainted may nonetheless be seized if a criminal defendant "would not have acquired or maintained them but for his fraudulent conduct." *United States* v. *Daugerdes*, 09 Cr. 581 (WHP) 2012 WL 5835203, *2 (S.D.N.Y. Nov. 7, 2012) (quoting *United States* v. *Porcelli*, 865 F.2d 1352, 1365 (2d Cir. 1989).

In addition to seeking forfeiture of specific property that constitutes or derives from proceeds traceable to the crime, the Government may obtain a money judgment against the defendant to recover the amount of the crime proceeds. *See, e.g.,* Fed. R. Crim. P. 32.2; *United States* v. *Kalish*, 626 F.3d 165, 169 (2d Cir. 2010) (court has authority to enter personal money judgment against defendant for violation of mail and wire fraud statutes). A money judgment is appropriate even if the defendant did not retain the proceeds of his crime or does not have the resources to pay the money judgment. *See, e.g., United States* v. *Awad*, 598 F.3d 76, 78 (2d Cir. 2010) (holding that 21 U.S.C. § 853 permits the imposition of money judgment on defendant who possesses no assets at time of sentencing); *Kalish*, 626 F.3d at 169.

The amount of the money judgment should be equal to the proceeds of a defendant's crime. 18 U.S.C. § 981(a)(2) provides two different definitions of proceeds. 18 U.S.C. § 981(a)(2) provides that:

> (A)   In cases involving illegal goods, illegal services, unlawful activities and telemarketing and health care fraud schemes, the term 'proceeds' means property of any kind obtained directly or indirectly, as the result of the commission of the offense and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

> (B)   In cases involving lawful goods or services provided in an illegal manner...the term 'proceeds' means the amount of money acquired through the illegal transaction resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The claimant shall have the burden of proof with respect to the issue of direct costs. The direct costs shall not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity.

In this case, the defendants did not offer any lawful goods or services to the victims. The defendants took money from the victims under false pretenses, failed to invest the victims' funds as promised and misappropriated and converted the victims' funds for their benefit and the benefit of others. The defendants should be required to forfeit the gross proceeds of their crimes. *See, e.g. United States* v. *Uddin*, 531 F.3d 176, 181 (2d Cir. 2009) (food stamp fraud); *United States* v. *Nicolo*, 597 F.Supp.2d 342 (W.D.N.Y. 2009) (mail and wire fraud); *United States* v. *Segilitto*, 899 F.Supp. 2d 850, 865 (E.D. Miss. 2012) (investor advisor fraud). Accordingly, the

defendants should be ordered to forfeit $20,885,281.41, the amount of money the defendants obtained from their victims as a result of the scheme to defraud.[1]

### B.      Burden of Proof

Criminal forfeiture is "an aspect of sentencing." *Libretti* v. *United States*, 516 U.S. 29, 49 (1995). As criminal forfeiture is a part of the defendant's sentence, the Government's burden of proof with respect to a forfeiture money judgment is preponderance of the evidence. *Kalish*, 626 F.3d at 168; *United States* v. *Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999). Accordingly, the Government must prove by a preponderance of the evidence the amount of proceeds underlying the proposed personal money judgment.

### C.      Money Judgment is Determined by the Court

The defendants incorrectly argue that they have a right to have the forfeiture money judgment determined by a jury. Rule 32.2(b)(5)(A) provides in pertinent part that in "any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of *specific property* if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added). By its plain language, Rule 32.2(b)(5) provides the defendants with a right to a jury trial on forfeiture issues only if the Government is seeking the forfeiture of specific property, and not, as here, where only a money judgment is sought. *See United States* v. *Grose*, 461 F. App'x 786, 806 (10th Cir. 2012) (summary order) ("Only if the government seeks forfeiture of *specific property* does Rule 32.2(b)(5) come into play. At that point, the jury may determine forfeitability with a special verdict." (emphasis in original)); *United States* v. *Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) ("[W]e agree with the government and the district court that this Rule [32.2(b)(5)] by its plain language applies only to 'the forfeitability of specific property.'" (citations omitted)); *United States* v. *Gray*, 443 F. App'x 515, 523 (11th Cir. 2011).

The rationale for this distinction lies in the need for factual findings with respect to specific property that does not arise in the context of money judgments. The jury determination on specific property pertains solely to determining whether there is a nexus between specific property the Government seeks to forfeit and the crimes of conviction. *See United States* v. *Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) ("Although Fed. R. Crim. P. 32.2 offers the defendant a jury trial, this provision (unlike the Sixth Amendment) is limited to the

---

[1] To the extent the defendants argue that that the Indictment failed to provide notice that the Government was seeking a money judgment, that argument is without merit. The plain language of the forfeiture allegation contained within the Indictment makes clear that the Government was seeking the forfeiture of any property, real or personal, constituting or derived from proceeds traceable to the offenses charged in the Indictment, including, but not limited to, a sum of United States currency. *See Kalish*, 626 F.3d at 169 (forfeiture notice that advised defendant he would have to forfeit an amount equal to the proceeds of his offense was sufficient, the indictment need not use the words "money judgment").

nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture.").

Rule 32.2(b)(1)(A) sets forth the procedure to be followed by a district court in determining the specific amount of a defendant's forfeiture money judgment. Rule 32.2(b)(1)(A) provides, in relevant part, "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). Therefore, the district court, not a jury, is responsible for determining the amount of a defendant's personal money judgment. Here, because the Government does not seek the forfeiture of specific assets, but rather seeks the imposition of a personal forfeiture money judgment against each defendant, Rule 32.2(b)(5) does not apply.

### D.    *Southern Union* Does Not Apply to Forfeiture

The defendants contend that they are "entitled to a jury trial pursuant to a standard of proof beyond a reasonable doubt on any sentence of criminal forfeiture. *See Southern Union* v. *United States*, __ U.S. __, 132 S.Ct. 2344 (2012); *see also Kaley* v. *United States*, __ U.S. __, 134 S. Ct. 1090 (2014)(grand jury indictment allows holding of assets subject to forfeiture)."[2] *See Letter to the Court by Vivian Shevitz, Esq. dated March 19, 2014* (E.C.F. 658). To the contrary, the Supreme Court's decision in *Southern Union* does not alter the law under *Libretti* that there is no Sixth Amendment right to a jury trial for a forfeiture determination. *Libretti*, 516 U.S. at 48-49.

In *Southern Union*, the Supreme Court extended to criminal fines the principle, first articulated in *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), that "the Sixth Amendment reserves to juries the determination of any fact, other than that of prior conviction, that increases a criminal defendant's maximum potential sentence." *Southern Union,* 132 S. Ct. at 2348-49. *Apprendi* "guards against…judicial fact-finding that enlarges the maximum punishment a defendant faces beyond what the jury's verdict or the defendant's admissions allow." *Southern Union*, 132 S. Ct. at 2532. The defendants argue that this Court should extend *Southern Union* to criminal forfeiture.

The Second Circuit in *United States* v. *Fruchter*, 411 F.3d 377 (2d Cir. 2005), specifically rejected this argument, finding that the Supreme Court's holding in *Libretti* remains the law. *Id.* at 382. In *Libretti* the Supreme Court held that "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection." *Libretti*, 516 U.S. at 49. Specifically, the court found that criminal forfeiture was "an aspect of sentencing and thus fell beyond the Sixth Amendment's purview." *Fruchter*, 411 F.3d at 380-81. In addition, the Court recognized that *Apprendi* and the cases that followed *Apprendi, Blakely* v. *Washington*, 542 U.S. 296 (2004) and *United States* v. *Booker*, 543 U.S. 220, 261-62 (2000), address determinate sentencing regimes, and "[c]riminal forfeiture, by contrast, is *not* a determinate scheme." *Fruchter*, 411 F.3d at 383. Thus, while "*Blakely* and *Booker* prohibit a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no such previously specified range." *Id.* Consequently, the Court in *Fruchter* concluded that there was no

---

[2] There is nothing in the Supreme Court's recent decision in *Kaley* that supports the defendants' argument that they are entitled to a jury trial on criminal forfeiture.

Sixth Amendment violation where the jury did not determine all the facts relevant to forfeiture because "[a] judge cannot exceed his constitutional authority by imposing a punishment beyond the statutory maximum if there is no statutory maximum." *Id.*; *see also United States* v. *Pfaff*, 619 F.3d 172 (2d Cir. 2010)(noting "the criminal fine scheme, unlike those for restitution and forfeiture, is in fact subject to statutory maximums").

Although the Second Circuit has not revisited this issue since the Supreme Court's ruling in *Southern Union*, courts that have considered the applicability of *Southern Union* to criminal forfeiture have declined to extend *Southern Union* to criminal forfeiture. *See e.g., United States* v. *Phillips*, 704 F.3d 754, 770 (9th Cir. 2012) (holding criminal forfeiture has no maximum limit and therefore *Southern Union* was not applicable); *United States* v. *Day,* 700 F.3d 713, 733 (4th Cir. 2012) (holding that, even in light of *Southern Union,* "the rule of *Apprendi* does not apply to a sentence of forfeiture"); *United States* v. *Sigillito*, 899 F. Supp. 2d 850, 861 (E.D. Mo. 2012) (court rejected *Apprendi* application on criminal forfeiture due to the lack of applicable statutory maximum in forfeiture matters); *United States* v. *Crews,* 885 F.Supp.2d 791, 802 (E.D.Pa. Aug. 14, 2012) (court rejected argument that *Southern Union* has an effect on forfeiture determinations). Accordingly, the defendants do not have a Sixth Amendment right to have a jury determine the forfeiture money judgment.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court enter a personal forfeiture money judgment against the defendants in the amount of $20,885,281.41. A proposed Preliminary Order of Forfeiture/Money Judgment for each Defendant is attached as Exhibit A for the Court's consideration.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:     ___*/s/ Sharon Cohen Levin*_____
Sharon Cohen Levin
Benjamin Naftalis
Justin Anderson
*Assistant United States Attorneys*
(212) 637-1060/2456/1035

cc:     Fred Cohn, Esq. (by ECF and email)
        Vivian Shevitz, Esq. (by ECF and email)

6