**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2014

**BY ECF AND ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York  10007

> Re:   **United States v. Vilar and Tanaka,**
>          **S3 05 Cr. 621 (RJS)**

Dear Judge Sullivan:

       The Government respectfully submits this letter in response to the April 14, 2014 sentencing submissions of Alberto Vilar and Gary Tanaka. Notably, both defendants persist in their belief that they have done nothing wrong and that the harm they inflicted on their victims is not meaningful. (Vilar Ltr. 24 (characterizing offense conduct as taking "liberties with statements to others"), 32-33 (suggesting that victims were "aware . . . of Mr. Vilar's now-infamous proclivities"); Tanaka Ltr. 6 ("[T]he impact on the victims, while not negligible, should not weigh heavily in the new calculus of sentencing.")). That position should be rejected as contrary to the facts. Equally unworthy of serious consideration is the defendants' assertion that the restrained Amerindo accounts have always contained adequate funds to repay all Amerindo investors. That sufficient funds might exist in 2014 to repay those defrauded investors still pressing claims nearly a decade after the fraud was uncovered has no bearing on whether there were sufficient assets in 2005 to repay *all* investors. Even if there were such assets, that counterfactual proposition would not excuse the defendants' deception to obtain those funds from their victims and then resist the victims' repeated redemption efforts. Accordingly, the Government respectfully submits that re-imposition of a 108-month term of imprisonment for Vilar and a 60-month term of imprisonment for Tanaka is warranted.

### A.   The Loss Exceeds $20 Million

       Remarkably, the defendants continue to press the argument that their conduct caused no loss. (Vilar Ltr. 8; Tanaka Ltr. 4). But this very argument has already been rejected by the Second Circuit. *See United States* v. *Vilar*, 729 F.3d 62, 96 n.34 (2d Cir. 2013) ("Vilar and Tanaka argue that the amount of actual loss should be zero[.]  We disagree because the defendants should not benefit from attempting to ensure the continuation of their scheme . . . or from inducing investors to reinvest certain interest payments received[.]")). Alternatively, the defendants suggest that loss should be cabined to "the time value (interest) on the funds not returned when Ms. Cates and the Mayers requested their redemptions on maturity or rescission

Hon. Richard J. Sullivan
April 23, 2014
Page 2 of 7

of their accounts." (Vilar Ltr. 8-9). Vilar cites no authority to suggest that this wild argument has any legal basis. This is not surprising, as were loss limited to an undelivered rate of interest, fraudsters would enjoy both an economic and sentencing windfall for their fraudulent conduct.[1]

There is also no legal support for the defendants' position. In his submission, Vilar relies on a line of authority for determining loss in market-manipulation and insider-trading cases. (Vilar Ltr. 1-2, 7-8). In those cases, a loss calculation is complex because courts must isolate the consequences of the fraudulent conduct from the "[m]any [other] factors [that] may cause a decline in share price between the time of the fraud and the revelation of the fraud." *United States* v. *Rutkoske*, 506 F.3d 170, 179 (2d Cir. 2007). This case presents no such difficulties because the loss here is not attributable to a rise or fall in the price of any security.[2] Instead, the loss is derived from the deprivation of assets from the victims based on false representations of how the money would be invested, followed by the defendants' refusal to return the funds to the victim-investors. When the fraud entails the deprivation of money from a victim, the loss is the amount of money so taken. *See United States* v. *Hsu*, 669 F.3d 112, 121-22 (2d Cir. 2011) (recognizing that, under the Guidelines, "when an investor puts money into a fraudster's hands, and ultimately receives nothing of value in return, his loss is measured by the amount of principal invested" or the original principal and "accrued interest" at the time of the last reinvestment); *United States* v. *Byors*, 586 F.3d 222, 226 (2d Cir. 2009) (rejecting argument that figure "overstated the loss because, in some instances, [the defendant] used the borrowed money for precisely the purpose he promised investors.").

Vilar also argues that there was no "theft" of investor funds, and consequently no loss, because there are—in April 2014—sufficient funds to repay Amerindo's private investors. (Vilar Ltr. 12). But this argument is just the latest twist on the defendants' "pledged collateral" argument that the Second Circuit has already rejected. *See Vilar,* 729 F.3d at 96 n.34 ("Nor should defendants' liability be reduced by the amount of money available in Amerindo's bank accounts, because the relevant sentencing guideline permits a sentencing court to credit a defendant with available funds only when those funds are designed as collateral for the debt owed the victim."). That there are sufficient funds—a decade after the fraud was uncovered—to repay certain investors who are still pressing claims lends no support either to the defendants'

---

[1] Vilar's alternative theory of loss, if credited, would result in a loss of approximately $900,000, which yields a 14-level enhancement. (Vilar Ltr. 20-21). Were the Court to substitute that loss amount for the one proposed by the Government, the resulting Guidelines range would be 87 to 108 months' imprisonment. A sentence of 108 months' imprisonment for Vilar and 60 months' imprisonment for Tanaka would fall within or below those ranges.

[2] Vilar's discussion of loss causation, reliance, and fraud-on-the-market principles (Vilar Ltr. 9-15) are equally misplaced, as those concepts are factually irrelevant, legally inapplicable, or both. *See, e.g.*, *Vilar*, 729 F.3d at 67 ("[T]he government need not prove that the victims of a fraudulent scheme actually relied on the alleged material misrepresentations or omissions. Because reliance is not an element of a Section 10(b) offense, the District Court did not err by not instructing the jury on the issue of reliance.").

Hon. Richard J. Sullivan
April 23, 2014
Page 3 of 7

contention that the amount of loss should be reduced or to their assertion that, as of May 2005, there were, in fact, sufficient funds to repay investors. (Vilar Ltr. 12).

        Furthermore, the defendants' contention that, as of mid-2005, the value of the four relevant Amerindo accounts at Bear Stearns[3] (the "Bear Stearns Accounts") exceeded investor claims is meritless. (Vilar Ltr. 12). Remarkably, the defendants fail to direct the Court to the value of those very accounts. That is because simple arithmetic completely upends their claim. Specifically, the Bear Stearns Accounts were commingled accounts that held Amerindo's private clients' investments in the GFRDA, the SBIC, and the Amerindo Technology Growth Fund (the "ATGF").[4]  As of May 31, 2005, the Bear Stearns Accounts had the following account balances:

| Account | Balance |
|---|---|
| M26 Account | $2,524,344 |
| ATGF I | $462 |
| ATGF II | $23,512,207 |
| Techno Raquia | $296,701 |
| **TOTAL** | **$26,333,714** |

(GX 8211, 8211-A (attached as Ex. D); May 31, 2005 Account Statements for the Bear Stearns Accounts (attached as Ex. E)).

        The amount owed to investors as of May 2005 far exceeds the $26,333,714 account balance in the Bear Stearns Accounts. To be sure, even a conservative estimate of what was owed to a subset of investors as of May 2005 far exceeds the available funds in the Bear Stearns Accounts at that time:

    (i)     Lily Cates:
            a. SBIC Investment:    $5,000,000.00
            b. Non-Disbursed SBIC
               Interest:    $225,000.00
            c. Rhodes Capital:    $1,000,000.00
            d. Non-Disbursed Interest
               and Dividends:    $3,120,133.85
            e. Sept. 2003 Theft:    $250,000.00

---

[3] The four Bear Stearns accounts were: (1) Account Number 102-01485 (the "AMI Account" or the "M26 Account"); (2) Account Number 102-01490 ("ATGF I"); (3) Account Number 102-01495 ("ATGF II"); and (4) Account Number 102-17995 ("Techno-Raquia").

[4] The ATGF was a separate investment vehicle which, for the most part, was invested only in technology stocks and had a separate assortment of private investors. (*See, e.g.*, Trial Tr. 867-69, 872; SA 732-33 (ATGF investor update describing holdings as 93% equities and 7% cash)).

Hon. Richard J. Sullivan
April 23, 2014
Page 4 of 7

|     |     |     |     |
| --- | --- | --- | --- |
|     | f. Aug. 2004 Theft: | | <u>$175,000.00</u> |
|     | | Cates Subtotal: | $9,770,133.85 |
| (ii) | The Mayer Family | | $11,066,713.44[5] |
| (iii) | Graciela Lecube-Chavez | | $48,434.12 |
| (iv) | Dextra GFRDA[6] | | $19,774,431.18 |
| (v) | ATGF | | $20,453,762 |
|     | **TOTAL** | | **$61,113,474.59** |

(SA 715, 865, 782 (Cates), 628-29 (Mayers), Tr. 352 (Lecube-Chavez)); and Exs. A and C attached to Affidavit of Ian J. Gazes dated April 17, 2014, *SEC* v. *Amerindo Investment Advisors Inc., et al.*, 05 Civ. 5231 (RJS) (Doc. 422-3) (attached as Ex. F) (ATGF)). Accordingly, the defendants' contention that there were sufficient funds to repay Amerindo's private clients in June 2005 is easily dismissed.

Even assuming *arguendo* that there were sufficient funds to repay all of Amerindo's private investors, the defendants still committed the very fraud of which they have been convicted. To be sure, the defendants provide this Court with no explanation of why, if there were sufficient funds available in mid-2005 to repay all their investors, they refused to return Cates's $5 million SBIC investment or why they did not repay their defrauded investors when the relevant demands were made. The flaw in the defendants' logic is obvious: their fraudulent gamble on technology stocks came up short and there never were sufficient funds in the commingled investor accounts to repay every investor. (*See, e.g.*, GX 8211 (attached as Ex. D) (graphing the total net equity of the Bear Stearns Accounts from 1998-2005 and demonstrating their precipitous decline)).

**B.      Dextra Was Never Repaid**

Vilar also argues that Dextra had been repaid "by Renata Tanaka in or about June 2005 with her/Gary Tanaka's funds (when, after the arrests and shutdown, Dextra made a demand for all its funds under the guarantee.)." (Vilar Ltr. 19 n.6). More specifically, Vilar states that Tanaka or his co-conspirator wife (Renata) repaid Dextra "from personal funds." (Vilar Ltr. 55 n.19). This claim—never before asserted at trial or otherwise—is astonishing for at least two reasons. *First*, it is made up of whole cloth, as is plain from Vilar's failure to cite any evidence, record or otherwise, in support of it. *Second*, at trial, the defendants repeatedly protested that they were prevented by the Government from repaying victims following their

---

[5] To the extent the Court concludes that the June 30, 2004 account statement submitted to the Court by Mr. Begos should be used, the Mayers' loss would increase to $11,224,936.

[6] A discussion of Dextra follows at Section B, *infra*.

Hon. Richard J. Sullivan
April 23, 2014
Page 5 of 7

arrests on May 26, 2005 (let alone in June 2005, as Vilar now claims). Had the defendants actually repaid Dextra in 2005—which they of course did not—one can only wonder why they did so, or could have done so, when their other clients' requests redemptions requests were met with deaf ears for so many years.

In brief, the evidence at trial demonstrated that Dextra invested a total of $21,242,288.86 with Amerindo in 1997 and 1998. (GX 8202-B). Although the trial evidence is insufficient to assess the remaining balance owed to Dextra by the defendants, this information is readily ascertainable from other documents, which are attached to this letter. Based on a document signed by Vilar and Tanaka, Dextra's GFRDA investment totaled $25 million on May 1, 1998. (GX 3363-2-N/A, attached as Ex. A).[7]  According to another document, prepared by Renata Tanaka and dated December 8, 1999, Dextra's total principal investment in the GFRDA had declined to $23 million due to "quarterly interest earned withdrawals [] from the $14 million and $5 million sub-accounts."  (AUK-36-04752-N/A, attached as Ex. B). According to this document, Dextra's sub-accounts consisted of three accounts in the amount of $14 million, $5 million, and $4 million, respectively. Lastly, a fax from Dextra to Renata Tanaka, dated June 16, 2005, demanded that Amerindo repay to Dextra the remaining balance of $19,774,431.18. (GX 3362-11-N/A, attached as Ex. C).

In addition to the above, in connection with the defendants' original sentencing, the undersigned spoke personally in 2009 with a representative of Dextra who confirmed that Dextra had never been fully repaid by the defendants and stated that Dextra had decided to write off the remainder of their investment and, therefore, did not wish to be treated as a victim for the purposes of criminal restitution. Accordingly, Vilar's latest assertion that Dextra was paid in June 2005 is impossible to square with reality.

### C.    The Defendants' Other Guidelines Arguments Should Be Rejected

Vilar and Tanaka contend that there should be no enhancement under Section 2B1.1(b)(10)(B) of the United States Sentencing Guidelines because "there is no extraterritorial criminal jurisdiction over alleged violations of 10(b)."[8] (Tanaka Ltr. 2; Vilar Ltr. 21-22). This argument confuses jurisdiction, which the Second Circuit has already confirmed that this Court has, with the application of a sentencing enhancement where "a substantial part of a fraudulent scheme was committed from outside the United States."  U.S.S.G. §  2B1.1(b)(1)(10)(B). Where, as here, a court has jurisdiction over a fraud offense and a "substantial part" of that offense occurs abroad (such as in England and Panama), the enhancement applies. Even if subpart B did not compel such an enhancement, one would be appropriate under subpart A because the defendants "relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to

---

[7] Exhibits A, B, and C were marked with the "AUK-" bates prefix, indicating that they were recovered from the documents maintained at Amerindo UK.  These documents would have been admissible at trial pursuant to the stipulation admitted as GX 9006.

[8] In prior submissions, the Government and Vilar mistakenly attributed this enhancement to Section 2B1.1(b)(1)(9), rather than Section 2B1.1(b)(1)(10).

Hon. Richard J. Sullivan
April 23, 2014
Page 6 of 7

evade law enforcement or regulatory officials." U.S.S.G. § 2B1.1(b)(1)(10)(A). Such an enhancement would be appropriate in light of the facts surrounding the creation of the Panamanian entity, as summarized by the Second Circuit: "Vilar and Tanaka argue that their very intention to evade U.S. law is evidence of their innocence. We see no reason to rescue fraudsters when they complain that their perfect scheme to avoid getting caught has failed." *Vilar*, 729 F.3d at 78 n.12.

Vilar is also wrong to argue that the calculation of loss under the Sentencing Guidelines is a jury question. (Vilar Ltr. 15-17). Under Second Circuit and Supreme Court precedent, that is a question that the Court is empowered to decide. *See, e.g.*, *United States* v. *Singletary*, 458 F.3d 72, 80 (2d Cir. 2006) (observing that, pursuant to Supreme Court precedent, "judicial factfinding is permissible—indeed, required—under an advisory Guidelines regime" (emphasis omitted)); *see also Alleyne* v. *United States*, 133 S. Ct. 2151, 2163 (2013) (limiting requirement of jury fact-finding to "facts that increase [maximum and] mandatory minimum sentences" and stating that its "ruling . . . does not mean that any fact that influences judicial discretion must be found by a jury."). There is no need for further findings by a jury.

### D.    The Rule 33 Motion is Untimely and Meritless

The defendants' Rule 33 motion should be denied for at least four reasons. *First*, the motion is untimely. The deadline for filing motions under Rule 33 is no later than three years after the guilty verdict. Fed. R. Crim. P. 33(b). Here, the defendants have filed their motion over five years after the jury returned its verdict. *Second*, the defendants claim that their untimely submission can nevertheless be considered because of "excusable neglect." (Vilar Ltr. 40). They have made no effort, however, to carry their burden of demonstrating excusable neglect. Indeed, the attacks on the adequacy of defense counsel mirror those pressed on appeal. (Vilar App. Br. 36-60). The Second Circuit elected not to consider those claims on appeal but to permit Vilar to raise them, "if he chooses, in a subsequent § 2255 petition." *Vilar*, 729 F.3d at 98. Accordingly, these claims have not been neglected at all, and the Second Circuit has already instructed the defendants on where these claims can be raised—in a 2255 proceeding. They cannot use Rule 33 to evade the Circuit's ruling. *Third*, much of the criticisms lodged against prior defense counsel pertain to performance at the previous sentencing proceedings. (Vilar Ltr. 52-56). Even if those claims had any merit, the remedy would be re-sentencing, which has already been ordered, making this entire line of argument moot. *Fourth*, the balance of allegations reflect current counsel's belief that certain arguments should have been made at trial or pressed more vigorously at trial. (Vilar Ltr. 58-74). Those allegations fall far short of establishing, as required by Second Circuit precedent, that prior "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Rosario* v. *Ercole*, 601 F.3d 118, 129 (2d Cir. 2010) (internal quotation marks omitted). Accordingly, the Rule 33 motion should be denied as untimely (and inexcusably so), barred by the Second Circuit's instructions that these claims be raised in 2255 proceedings, and without any merit in any event.

Hon. Richard J. Sullivan
April 23, 2014
Page 7 of 7

      **E.**     **Victims Who Wish to Speak At Sentencing**

      Consistent with the Court's April 22, 2014 Order, the Government expects that the following victims wish to speak at sentencing:  Lisa Mayer and Graciela Lecube-Chavez (via the letter previously submitted to the Court).

<b>CONCLUSION</b>

      In conclusion, the Government respectfully requests that this Court (i) re-impose sentences of 108 months' imprisonment for Vilar and 60 months' imprisonment for Tanaka, followed by three years' supervised release for each defendant; (ii) impose restitution in the amount of $27,174,960.29, with joint-and-several liability between the defendants; and (iii) impose forfeiture of $20,885,281.41, with joint-and-several liability between the defendants.

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney

By:      _____
                    BENJAMIN NAFTALIS
                    JUSTIN ANDERSON
                    Assistant United States Attorneys
                    (212) 637-2456/ -1035

cc: Defense Counsel (by ECF and email)

# Exhibit A

THIS AGREEMENT is made as of the 1st day of May, 1998, between:

1. AMERINDO INVESTMENT ADVISORS, INC.
   of Sucre Building, Calle 48 Este Bella Vista
   P.O. Box 5168, Panama 5, Republic of Panama
   ("AIA"); and

2. GRAPHIC ENTERPRISES LTD.
   of P.O. Box 2004, Mary Street, George Town
   Grand Cayman, Cayman Islands, B.W.I.
   ("GEL"); and

3. AMERINDO TECHNOLOGY GROWTH FUND II INC.
   of Sucre Building, Calle 48 Este Bella Vista
   P.O. Box 5168, Panama 5, Republic of Panama
   ("the Guarantor"); and

4. WAYNE LEWIS
   of 200 South Ithan Avenue
   Villanova, PA 19085, U.S.A.
   ("Mr. Lewis"); and

5. DEXTRA BANK & TRUST CO. LTD.
   of P.O. Box 2004, Mary Street, George Town
   Grand Cayman, Cayman Islands, B.W.I., ("Dextra" which expression, for the
   purposes of Clause 4, includes any nominee of Dextra)
   on behalf of various customers ("the Customers")
   and not personally (except with respect to clause 9 as mentioned below)

## RECITALS

1. GEL has established an account with Dextra;

2. Mr. Lewis has agreed to recommend to GEL that it invest US$25,000,000 in a
   Guaranteed Fixed Rate Deposit Account with AIA on behalf of the Customers, as set out
   in this Agreement;

3. GEL's investment will be guaranteed by the Guarantor, Mr. Vilar and Mr. Tanaka as set
   out in a separate guarantee of even date herewith ("the Guarantee").

## THE PARTIES AGREE

1. GEL must open a Guaranteed Fixed Rate Deposit Account ("the Account") with AIA and
   must deposit in the Account the sum of not less than US$25,000,000.00 nor more than
   US$30,000,000 . The sum actually deposited together with any permitted additions to
   it and after any permitted subtractions from it is referred to as ("the Guaranteed

*agreement/o2d/dn.amrindo.grad*          Page 1

GOVERNMENT
EXHIBIT
3363-2
05 Cr. 621 (RJS)   (ID)

AUK-36-04866
GX 3363-2-N/A

Amount").   The Guaranteed Amount will remain deposited in the Account for a minimum period of five years from the date of deposit, subject to clause (3) and (6) below.

2.  (a)  GEL must pay not less than US$25,000,000 nor more than US$30,000,000 to AIA for credit to the Account by wire transfer as follows:

>   Citibank N.A.
>   20 Exchange Place, New York, N.Y. 10004
>   for credit:            Bear Stearns Account No.: 09253168
>   for further credit:    Amerindo Investment Advisers Inc./
>                          Guaranteed Fixed Deposit Account
>   Account No.: 102-05128
>   by order of GEL (Ref:?)

(b)  AIA must advise each of the parties when it receives funds for the Account.

3.  The terms of the Account are as follows:

(a)  AIA may invest the funds in the Account in accordance with the terms of the Guaranteed Fixed Deposit Account Subscription Agreement, a copy of which is attached, either separately or in a pool, and must keep accounts to show the debits and credits to the Account and deliver to GEL a statement of account showing the balance in the Account at the end of each quarter as defined under sub-clause (h) of this clause.  GEL may at any time on at least 21 days notice instruct AIA to close the Account on the fifth anniversary of the end of any quarter (unless GEL and AIA otherwise agree in writing).  Any notice given less than 21 days before the end of a quarter will be deemed to be notice given at the end of the next succeeding quarter.

(b)  For so long as AIA holds the Guaranteed Amount, it must pay a return thereon to GEL at the rate of 13.5% per annum of the amount standing to the credit of the Account from time to time, payable at the end of each quarter.  For the avoidance of doubt the rate used for the calculation of quarterly interest payments shall be 3.2165%, which equates to a fully compounded effective annual interest rate of 13.5%.  GEL may at any time by notice given at least seven days before the end of a quarter to AIA elect to reinvest some or all of such return in the Account.

(c)  If any date for payment falls on a Saturday, Sunday or public holiday in the USA, payment must be made on the next succeeding business day.

(d)  AIA must pay all amounts payable to GEL without set off, or deduction of any tax, bank or transmission charge, withholding or other charge of any kind whatever (present or future) (excluding any charges made by a receiving bank), all such amounts to be payable by AIA, unless it is obliged by any applicable law to make any such deduction or withholding.  If that occurs:

AUK-36-04867

    i.      AIA must pay GEL such additional amount as will allow GEL to receive net after the deduction or withholding the amount GEL would have received in the absence of the deduction or withholding: but

    ii.     AIA may immediately end this Agreement by notice to GEL in which event AIA must close the Account and pay all sums owing to GEL including interest at the above rate (grossed up in accordance with sub-paragraph (i)) to the date of payment.

(e)    When this Agreement ends, AIA must pay over in cash to GEL the Guaranteed Amount, together with all accrued but unpaid return pursuant to clause 3 (b) above unless GEL agrees to accept settlement by way of transfer of securities in the Account, or partially in cash and partially in securities.

(f)    If there is any shortfall in any amount payable to GEL under this Agreement, then AIA must make up the shortfall from its own resources. If AIA fails to pay any amount due hereunder the Guarantor must pay the shortfall on demand by GEL pursuant to the Guarantee and Shortfalls must be paid in cash unless otherwise agreed by GEL.

(g)    If GEL so notifies AIA at least 21 days before the end of any quarter, it may, but only if AIA so agrees, add funds to the Account in excess of the amount which is entitled to add under clause 3 (b).

(h)    For the purpose of this Agreement, "quarter" (except for the last quarter), means each period ending on the last days of February, May, August and November in each year.

(i)    GEL may at the end of any quarter but not more than one in each twelve month period from the end of the first quarter, withdraw from the Account either cash or assets (at GEL's option) up to a maximum of 10% of the amount standing to the credit of the Account at the date of withdrawal, on service of not less than 21 days prior notice to AIA (with copies to Dextra and Mr. Lewis). Any notice served less than 21 days prior to the end of a quarter will be deemed to be notice given at the end of the next succeeding quarter.

(j)    On any permitted or required withdrawal from any of the Accounts under any clause of this Agreement (and specifically including a withdrawal to pay fees due to Dextra and to make up a shortfall under clause 3 (f)), AIA or Dextra, as the case may be, may, and at the direction of the person entitled to the withdrawal must, sell any assets necessary to meet the withdrawal request unless the person entitled agrees to the transfer of assets (chosen by the person withdrawing) at their values on the date of withdrawal.

4.    (a)    The Guarantor must deposit into an account ("the Collateral Account") in Dextra's name at Bear Stearns, or such other custody bank as is acceptable to Dextra ("the Custodian") cash or securities or both having an aggregate value of not less than the Guaranteed Amount. Subject to this Agreement, Dextra will

AUK-36-04868

clause, to the extent that the amount in the Collateral Account exceeds the reduced Guaranteed Amount.

(d)    Unless and until Dextra notifies the Custodian in accordance with clause 4 (g), for so long as funds or securities remain in the Collateral Account, they will be managed by AIA on behalf of the Guarantor in its sole and absolute discretion, or otherwise on such terms as may be agreed between AIA and the Guarantor.

(e)    If at any time any quarterly statement on the Collateral Account shows that the net amount or value thereof is less than the Guaranteed Amount, or would so show but for the fact that a guaranteed payment of interest or principal which has become due remains unpaid, then the Guarantor must within 14 days of receipt of that statement deposit additional cash or securities in the Collateral Account, sufficient to bring the value of it up to the Guaranteed Amount after crediting the amount of the quarterly payment then owing but unpaid.

(f)    If the Guarantor does not comply with sub-clause (e) above, then GEL may terminate this Agreement on service of 14 days notice and this Agreement will end on the expiration of that notice.

(g)    On service of notice by GEL pursuant to sub-clauses 4 (f) or 6 (a), Dextra must notify the Custodian that none of the Guarantor nor AIA nor anyone else so authorised by the Guarantor will have any further power to give trading instructions with respect to the Collateral Account.

5.    All amounts referred to in this Agreement are in US Dollars, which is the currency both of payment and of account under this Agreement.

6.    (a)    Despite anything to the contrary in this Agreement, if AIA defaults in paying, or making good when due any amount owing to, or in respect of the Account, then GEL may serve notice of default on AIA and the Guarantor (with a copy to Dextra) specifying the amount due. If such amount is not paid within 10 days after service of such notice of default, then on the expiration of that 10 day period, this Agreement will automatically end, all amounts payable by AIA under this Agreement (whether as principal, interest or otherwise) will become due and payable and the floating charge over the Collateral Account will crystalise and become fixed.

(b)    This Agreement will also automatically end and the floating charge will crystalize and become fixed if:

i.    if AIA makes any assignment or composition for the benefit of its creditors, or passes a resolution or if an order is made to wind it up (other than a winding up resolution for the purposes of amalgamation reorganisation or reconstruction the terms of which GEL approves); or

ii.    if a trustee, receiver or other officer of any court is appointed for a substantial part of AIA's assets; or

*agreement/a2d/dm.amendo.arad*

AUK-36-04870

        iii.     if AIA is unable to pay its debts within the meaning of the Companies Law of the Cayman Islands.

        iv.     if any warranty in clause 7 is at any time incorrect.

7.     AIA and the Guarantor warrant to the other parties that:

    (a)     subject to this Agreement, the Guarantor is and will at all times own all the assets in the Collateral Account; and

    (b)     there is no legal obligation to register the floating charge referred to in clause 4 (a) in any public or private registry, or with any authority or statutory body, under the laws of the USA or any state of the USA; and

    (c)     the Guarantor does not carry on business or have a place of business in the USA.

8.     Every instruction and notice must be in writing and must be given personally or sent by courier to the parties at their respective addresses set out above, or such other address as any party may notify to all others. Every notice or instruction will be deemed to be served on the date of delivery, or refusal of receipt by the addressee.

9.     The Guarantor:

    (a)     must pay Dextra at the end of each quarter a fee of three-eighdeths of one percent of the Guaranteed Amount in the Collateral Account; and

    (b)     authorises Dextra if necessary, to withdraw sufficient funds or transfer sufficient assets from the Collateral Account to pay the fee.

The fee for any broken quarter (for instance if this Agreement begins or is terminated during a quarter) must be pro-rated according to the number of days in that quarter that this Agreement is in force.

10.    This Agreement is governed by and must be construed in accordance with the laws of the Cayman Islands, and the parties submit to the non-exclusive jurisdiction of the Courts of the Cayman Islands. This Agreement binds the respective successors, assigns and personal representatives of each party.

11.    This Agreement, together with guarantees of Mr. Gary Tanaka and Mr. Alberto Vilar and the Guarantee and the Subscription Agreement referred to above, constitute the entire Agreement between the various parties relating to the subject matter of this Agreement and supersede all prior oral or written arrangements, representations or agreements relating to them, which will henceforth be or no further force or effect. No waiver or amendment of any provision of this Agreement will be effective unless in writing and signed by the party to be charged.

AUK-36-04871

IN WITNESS whereof the parties have executed this Agreement the day and date first above written.

EXECUTED for and on behalf of        )        AMERINDO INVESTMENT ADVISORS
AMERINDO INVESTMENT ADVISORS )               INC.
INC. by                              )
in the presence of:                  )        Per: _____
                                     )             President
                                     )
_____            )
Witness

EXECUTED for and on behalf of        )        GRAPHIC ENTERPRISES LTD.
GRAPHIC ENTERPRISES LTD. by          )
Peter Blackman, a director, in the   )        Per: _____
presence of:                         )             Director
                                     )
_____            )
Witness

SIGNED by WAYNE LEWIS in the         )
presence of:                         )
                                     )
_____            )        _____
Witness                                       WAYNE LEWIS

EXECUTED for and on behalf of        )        DEXTRA BANK & TRUST CO. LTD.
DEXTRA BANK & TRUST CO. LTD.         )
by Peter Blackman, Managing Director )        Per: _____
in the presence of:                  )             Managing Director
                                     )
                                     )
_____            )
Witness

EXECUTED for and on behalf of        )        AMERINDO TECHNOLOGY GROWTH
AMERINDO TECHNOLOGY GROWTH )                  FUND II INC.
FUND II INC. in the presence of:     )        Per: _____
                                     )             Director
                                     )
_____            )
Witness

*agreements/a2d/dm.amrndo.arad*                Page 7

AUK-36-04872

# AMERINDO INVESTMENT ADVISORS, INC.

## Guaranteed Fixed Deposit Account

### Subscription Agreement

Subject to the terms and conditions of this Agreement, Graphic Enterprises Ltd. of P.O. Box 2004 G, Grand Cayman, Cayman Islands, B.W.I., ("the Undersigned") hereby agrees to make a deposit of US$25,000,000.00 ("Funds") with AMERINDO INVESTMENT ADVISORS, INC. of Sucre Building, Calle 48 Este Bella Vista, P.O. Box 5168, Panama 5, Republic of Panama (herein "Amerindo").

1.   This Subscription Agreement and the deposit to be made under it are made subject to the terms and conditions of this paragraph 1 and of an agreement ("the Main Agreement") of even date between Amerindo, the Undersigned, the Guarantor (as defined in it), Wayne Lewis and Dextra Bank & Trust Co. Ltd.   Amerindo may invest the Funds as it sees fit in accordance with good investment practice, but as an indication, funds for this type of investment, are typically invested as follows:

   (i)   Approximately seventy-five percent (75%) are to be invested in a range of very high quality short-term investments, such as U.S. Treasury Bills, Government National Mortgage Association Certificates, Government Bonds, Certificates of Deposit, Money Market Funds, and similar investments.   It is anticipated that Amerindo will carry out arbitrage operations with these investments with the objective of obtaining a high stream of small capital gains.

   (ii)   The remainder of the Funds are to be invested in publicly traded stocks that fall within Amerindo's principal field of expertise, which have produced a compounded annual growth in excess of thirty percent (30%) over the past fifteen (15) years.

2.   Amerindo must repay the Funds and pay interest on them at an annual rate of thirteen and one-half percent (13.5%) in accordance with the Main Agreement.

3.   Amerindo represents to the Undersigned that:

   (i)   Mr. Alberto W. Vilar and Mr. Gary A. Tanaka (together "the Principals") and Techno Raquia ("the Guarantor") have agreed to guarantee Amerindo's obligations under the Main Agreement and under this Agreement as set out in two separate guarantees of even date herewith;

   (ii)   it has had an independent third party valuation which produced a value for the group of companies of which Amerindo is a part ("the Amerindo Group") in the

*agreement/a2d/dm.amerin.sub*                    1

AUK-36-04873

range of One Hundred Million United States Dollars (US$100,000,000.00), and the Principals' net worth is in excess of this amount;

(iii)     at the present time the Amerindo Group maintains a ratio of coverage between its assets (net of liabilities other than deposits) and deposits of greater than three (3) to one (1);

(iv)     the Amerindo Group presently manages approximately Three Billion Dollars ($3,000,000,000.00) for U.S. and European pension funds, large family trusts, and university endowments;

(v)     the liabilities under the Guaranteed Fixed Deposit Accounts which it operates constitute a small fraction of the Amerindo Group's assets, and the program was developed over the past 15 years principally for equity clients who have a long established relationship with the Amerindo Group. The program competes indirectly with insurance companies and banks that offer a variety of comparable guaranteed annuities and/or fixed rate deposits; and

(vi)     the Amerindo Group was established in 1980 to specialize in leading edge technology-oriented companies including electronics, software, companies benefiting from technological advances, biotechnology and allied small healthcare companies which increase both productivity and standards of living, and improve the quality of life through healthcare advances.

(vii)     The Amerindo Group's emerging growth stock portfolios have produced returns over the five years ending 1996 in excess of thirty-six percent (36%) (before deduction of fees).

4.     On execution of the Main Agreement, this Subscription Agreement, and the Guarantees referred to in clause 2, and when the Guarantor has complied with the last sentence of clause 4 (a) of the Main Agreement, the Undersigned must wire transfer the Funds to:

         Citibank N.A.
         20 Exchange Place, New York, N.Y. 10004

| | |
|---|---|
| Credit: | Bear Stearns |
| Account No. | 09253186 |
| For Further Credit: | Amerindo Investment Advisors Inc. |
| Account No. | 102-05128 |
| Ref: | Techno Raquia |

5.     This Agreement is governed by and must be construed in accordance with the laws of the Cayman Islands, and the parties submit to the non-exclusive jurisdiction of the Courts of the Cayman Islands. This Agreement binds the respective successors, assigns and personal representatives of each party.

*agreement/a2d/dm.amerin.sub*

AUK-36-04874

6.  This Agreement, together with the Main Agreement and guarantees of Mr. Gary Tanaka and Mr. Alberto Vilar and ~~Techno-Raquia~~, constitute the entire agreement between the various parties relating to the subject matter of this Agreement and supersedes all prior oral or written arrangements, representations or agreements relating to them, which will henceforth be or no further force or effect.  No waiver or amendment of any provision of this Agreement will be effective unless in writing and signed by the party to be charged.

7.  Each undersigned hereby warrants and requests that it has full power and authority under all applicable laws to enter into and perform its obligations under this Agreement and the Main Agreement.

DATED the _1st_ day of _May_, 1998.

SIGNED for and on behalf of GRAPHIC          )
ENTERPRISES LTD. by Peter Blackman           )
in the presence of:                                              )
                                                                         )
                                                                         )
_Patsy Ann Jackson_                                      )
Witness

GRAPHIC ENTERPRISES LTD.

Per:  _[signature]_
      Peter Blackman - Director


SIGNED for and on behalf of                         )
AMERINDO INVESTMENT ADVISORS )
INC. by Alberto W. Vilar in the                       )
presence of:                                                    )
                                                                        )
                                                                        )
_Kisha Rockban_                                          )
Witness

AMERINDO INVESTMENT ADVISORS INC.

Per:  _[signature]_
      Alberto W. Vilar - Director

*agreement/a2d/dm.amerin.sub*

3

AUK-36-04875

# GUARANTEE

TO:   **Graphic Enterprises Ltd.**
of P.O. Box 2004, George Town
Grand Cayman, Cayman Islands, B.W.I.
("the Depositor")

**IN CONSIDERATION** of the Depositor, at the request of **ALBERTO VILAR** and **GARY TANAKA**, both in care of Amerindo Investment Advisors Inc., 43 Upper Grosvenor Street, London W1X 9PG, England, (together "the Guarantor") placing money on fixed deposit in an account with AMERINDO INVESTMENT ADVISORS INC., a company incorporated under the laws of Panama and having its main offices at Sucre Building, Calle 48 Este Bella Vista, P.O. Box 5168, Panama 5, Republic of Panama, ("Amerindo"), the Guarantor AGREES to pay to the Depositor all Amerindo's liabilities to the Depositor under an agreement ("the Agreement") made the _1ˢᵗ_ day of __May__ , 1998 between Amerindo, Graphic Enterprises Ltd. of P.O. Box 2004, George Town, Grand Cayman, Cayman Islands, B.W.I., ATGF II of Sucre Building, Calle 48 Este Bella Vista, P.O. Box 5168, Panama 5, Republic of Panama, Wayne Lewis of 200 South Ithan Avenue, Villanova, PA 19085, U.S.A, and Dextra Bank & Trust Co. Ltd. of P.O. Box 2004, George Town, Grand Cayman, Cayman Islands, B.W.I.

**AND IT IS AGREED** that:-

1.    This Guarantee is a continuing guarantee of Amerindo's liabilities to the Depositor.  The Guarantor's liability is that of a principal debtor as between the Guarantor and the Depositor but that of a Guarantor as between himself and Amerindo.

2.    The Depositor need not exhaust its rights against Amerindo or enforce any other security or obligation it has before demanding payment from the Guarantor under this Guarantee. The Depositor must not start legal proceedings based on this Guarantee until it demands payment from the Guarantor in accordance with the Agreement and the Guarantor's liability first arises after the Depositor notifies the Guarantor of a default by Amerindo and demands payment from the Guarantor.

3.    This Guarantee is in addition to and not in substitution for any other guarantee or other security or obligation which the Guarantor or any other person gives or has given to the Depositor.

4.    (1)    None of the following matters reduces or affects the Guarantor's obligations under this Guarantee:-

*guarantee/a2h/dm.gel.amerin2*                    1

AUK-36-04876

(a)     anything the Depositor does or does not do in its dealings with Amerindo or any third party; or

(b)     anything the Depositor does or does not do with any security that it has for repayment of Amerindo's liabilities to the Depositor.

(2)     In this clause, "security" includes any guarantee, indemnity, pledge, assignment, debenture, mortgage, charge, lien and other security interest of any kind.

(3)     This clause applies regardless of whether or not the Guarantor knows about or consents to anything that the Depositor does nor does not do.

5.      None of the following events affects this Guarantee:-

(1)     any change in Amerindo's name;

(2)     the acquisition of all or part of Amerindo's business by any person;

(3)     any change in Amerindo's objects, capital structure or constitution; or

(4)     the amalgamation of Amerindo's business with another person.

If any of the events described in this clause occurs, this Guarantee continues to apply to all of Amerindo's liabilities to the Depositor arising either before or after those events, and then the word "Amerindo" in this Guarantee includes every person referred to in this clause.

6.      This Guarantee will not be affected by:

(1)     any irregularity, defect or informality in the documents effecting or evidencing Amerindo's liabilities to the Depositor; or

(2)     any lack or limitation of power, incapacity or disability of Amerindo or of its directors, officers or agents,

and whether or not the Depositor knew about any of these things.

7.      Until the Guarantor pays the Depositor in full Amerindo's liabilities to the Depositor, the Guarantor has no right to be subrogated to any of the rights of or security which the Depositor holds.

8.      After the Depositor demands payment, the Guarantor will be liable to the Depositor for all reasonable legal costs and expenses resulting from any action based on this Guarantee.

9.      If any judgment or order is given or made for the payment of any amount due under this Guarantee and is expressed in a currency other than that in which the amount is payable by the Guarantor under this Guarantee, the Guarantor will indemnify the Depositor

AUK-36-04877

against any loss which the Depositor incurs as a result of any variation having occurred in rates of exchange between the date as at which the amount is converted into that other currency for the purposes of the judgment or order and the date of actual payment under it. This indemnity constitutes a separate and independent obligation of the Guarantor and applies irrespective of any indulgence granted to the Guarantor and will continue in force notwithstanding any such judgment or order referred to in this clause.

10.  This Guarantee is for the benefit of the Depositor and its successors and assigns. It also binds the Guarantor's heirs, executors, administrators, legal representatives and successors.

11.  This document contains all the agreements between the Depositor and the Guarantor about this Guarantee. No other representation or promise concerning this Guarantee affects or binds the Guarantor or the Depositor.

12.  Every notice must be in writing and must be given personally or sent by courier to the parties at their respective addresses set out above, or such other address as either party notifies the others. Every notice will be deemed to be served on the date of delivery, or refusal of receipt by the addressee.

13.  This Guarantee is governed by and must be interpreted in accordance with the laws of the Cayman Islands and the parties submit to the jurisdiction of the courts of the Cayman Islands, but the Depositor may bring an action against the Guarantor in the courts of any other jurisdiction.

14.  In this Guarantee unless inconsistent with the context or subject matter or the circumstances:-

    (1)  "Amerindo's liabilities to the Depositor" means all debts and liabilities of any kind owing or remaining unpaid by Amerindo to the Depositor under the Agreement;

    (2)  "person" includes corporation;

    (3)  words of one gender include any other gender;

    (4)  singular words include the plural and vice versa;

    (5)  an obligation imposed is to be performed and a power or discretion conferred is exercisable, in each case from time to time;

    (6)  "business day" means a day which is not a Saturday, Sunday or public holiday in the Cayman Islands; and

    (7)  if there is more than one Guarantor, their liabilities under this Guarantee are joint and separate.

*guarantee/a2h/dm.gel.amerin2*

AUK-36-04878

DATED the _18_ day of _____May_____, 1998.

EXECUTED by ALBERTO VILAR as a )
deed and delivered in the presence of: )
  )
_____ )  _____
Witness )  ALBERTO VILAR

EXECUTED by GARY TANAKA as a )
deed and delivered in the presence of: )
  )
_____ )  _____
Witness )  GARY TANAKA

*guarantee/a2h/dm.gel.nmerln2*

4

AUK-36-04879

# GUARANTEE

TO:    Graphic Enterprises Ltd.
       of P.O. Box 2004, George Town
       Grand Cayman, Cayman Islands, B.W.I.
       ("the Depositor")

**IN CONSIDERATION** of the Depositor, at the request of **AMERINDO TECHNOLOGY GROWTH FUND II INC.** of Sucre Building, Calle 48 Este Bella Vista, P.O. Box 5168, Panama 5, Republic of Panama ("the Guarantor") placing money on fixed deposit in an account with AMERINDO INVESTMENT ADVISORS INC., a company incorporated under the laws of Panama and having its main offices at Sucre Building, Calle 48 Este Bella Vista, P.O. Box 5168, Panama 5, Republic of Panama, ("Amerindo"), the Guarantor AGREES to pay to the Depositor all Amerindo's liabilities to the Depositor under an agreement ("the Agreement") made the 1st day of May , 1998 between Amerindo, Graphic Enterprises Ltd. of P.O. Box 2004, George Town, Grand Cayman, Cayman Islands, B.W.I., the Guarantor, Wayne Lewis of 200 South Ithan Avenue, Villanova, PA 19085, U.S.A, and Dextra Bank & Trust Co. Ltd. of P.O. Box 2004, George Town, Grand Cayman, Cayman Islands, B.W.I.

**AND IT IS AGREED** that:-

1.    This Guarantee is a continuing guarantee of Amerindo's liabilities to the Depositor. The Guarantor's liability is that of a principal debtor as between the Guarantor and the Depositor but that of a Guarantor as between himself and Amerindo.

2.    The Depositor need not exhaust its rights against Amerindo or enforce any other security or obligation it has before demanding payment from the Guarantor under this Guarantee. The Depositor must not start legal proceedings based on this Guarantee until it demands payment from the Guarantor in accordance with the Agreement and the Guarantor's liability first arises after the Depositor notifies the Guarantor of a default by Amerindo and demands payment from the Guarantor.

3.    This Guarantee is in addition to and not in substitution for any other guarantee or other security or obligation which the Guarantor or any other person gives or has given to the Depositor.

4.    (1)    None of the following matters reduces or affects the Guarantor's obligations under this Guarantee:-

           (a)    anything the Depositor does or does not do in its dealings with Amerindo or any third party; or

*guarantee/a2h/dm.gel.amerind*       1

AUK-36-04880

       (b)     anything the Depositor does or does not do with any security that it has for repayment of Amerindo's liabilities to the Depositor.

    (2)     In this clause, "security" includes any guarantee, indemnity, pledge, assignment, debenture, mortgage, charge, lien and other security interest of any kind.

    (3)     This clause applies regardless of whether or not the Guarantor knows about or consents to anything that the Depositor does nor does not do.

5.     None of the following events affects this Guarantee:-

    (1)     any change in Amerindo's name;

    (2)     the acquisition of all or part of Amerindo's business by any person;

    (3)     any change in Amerindo's objects, capital structure or constitution; or

    (4)     the amalgamation of Amerindo's business with another person.

If any of the events described in this clause occurs, this Guarantee continues to apply to all of Amerindo's liabilities to the Depositor arising either before or after those events, and then the word "Amerindo" in this Guarantee includes every person referred to in this clause.

6.     This Guarantee will not be affected by:

    (1)     any irregularity, defect or informality in the documents effecting or evidencing Amerindo's liabilities to the Depositor; or

    (2)     any lack or limitation of power, incapacity or disability of Amerindo or of its directors, officers or agents,

and whether or not the Depositor knew about any of these things.

7.     Until the Guarantor pays the Depositor in full Amerindo's liabilities to the Depositor, the Guarantor has no right to be subrogated to any of the rights of or security which the Depositor holds.

8.     After the Depositor demands payment, the Guarantor will be liable to the Depositor for all reasonable legal costs and expenses resulting from any action based on this Guarantee.

9.     If any judgment or order is given or made for the payment of any amount due under this Guarantee and is expressed in a currency other than that in which the amount is payable by the Guarantor under this Guarantee, the Guarantor will indemnify the Depositor against any loss which the Depositor incurs as a result of any variation having occurred in rates of exchange between the date as at which the amount is converted into that other currency for the purposes of the judgment or order and the date of actual payment under

*guarantee/a2h/dm.gel.amerind*           2

AUK-36-04881

EXECUTED for and on behalf of          )      AMERINDO TECHNOLOGY GROWTH
**Amerindo Technology Growth Fund II**   )      FUND II INC.
**Inc.** by ALBERTO D. VILAR, a director, )
as a deed and delivered in the presence   )
of:                                       )      Per: _____
                                          )
                                          )

_Ksha Rackla_
Witness

AUK-36-04883

IN WITNESS WHEREOF, the undersigned have signed these presents this _____ day of _____, 199....

WITNESS:

_____          _____
                                          Alberto W. Vilar

_____          _____
                                          Gary A. Tanaka

_____          _____
                                          Amerindo Investment Advisors, Inc.

AUK-36-04884

it. This indemnity constitutes a separate and independent obligation of the Guarantor and applies irrespective of any indulgence granted to the Guarantor and will continue in force notwithstanding any such judgment or order referred to in this clause.

10.   This Guarantee is for the benefit of the Depositor and its successors and assigns. It also binds the Guarantor's heirs, executors, administrators, legal representatives and successors.

11.   This document contains all the agreements between the Depositor and the Guarantor about this Guarantee. No other representation or promise concerning this Guarantee affects or binds the Guarantor or the Depositor.

12.   Every notice must be in writing and must be given personally or sent by courier to the parties at their respective addresses set out above, or such other address as either party notifies the others. Every notice will be deemed to be served on the date of delivery, or refusal of receipt by the addressee.

13.   This Guarantee is governed by and must be interpreted in accordance with the laws of the Cayman Islands and the parties submit to the jurisdiction of the courts of the Cayman Islands, but the Depositor may bring an action against the Guarantor in the courts of any other jurisdiction.

14.   In this Guarantee unless inconsistent with the context or subject matter or the circumstances:-

   (1)   "Amerindo's liabilities to the Depositor" means all debts and liabilities of any kind owing or remaining unpaid by Amerindo to the Depositor under the Agreement;

   (2)   "person" includes corporation;

   (3)   words of one gender include any other gender;

   (4)   singular words include the plural and vice versa;

   (5)   an obligation imposed is to be performed and a power or discretion conferred is exercisable, in each case from time to time;

   (6)   "business day" means a day which is not a Saturday, Sunday or public holiday in the Cayman Islands; and

   (7)   if there is more than one Guarantor, their liabilities under this Guarantee are joint and separate.

DATED the _18th_ day of _May_, 1998.

_guarantee/a2h/dm.gel.amerind_                                    3

AUK-36-04882

# Exhibit B

# AMERINDO INVESTMENT ADVISORS, INC.

Sucre Building
Calle 48 Este Bella Vista
P.O. Box 5168, Panama 5, Panama
Tel: (507) 264-9673
Fax: (507) 264-9667

December 8, 1999

Jane Tivan
Dextra Bank & Trust Co Ltd
P.O.Box 2004 GT
51 Mary Street
Grand Cayman
British West Indies

Dear Jane:

**Re: Amerindo Technology Growth Fund & Fixed Rate Deposit Account**

We are pleased to confirm the various transactions requested in your letter of November 5, 1999, which occurred during the month of November.

1     Bear Stearns, our custodian bank, confirm receiving your fund in the amount of $600,000, value date November 15, 1999.  Your funds were admitted to **Amerindo Technology Growth Fund** same day.

2     As instructed, we redeemed $6,000,000 from the **Fixed Rate Deposit Account** on November 25, 1999.  The same amount was invested in **Amerindo Technology Growth Fund** on November 30, 1999.

3     Currently your **Fixed Rate Deposit Account** has a total principle investment of $23,000,000. The quarterly interest earned withdrawals are from the $14,000,000 and $5,000,000 sub-accounts.  The new account of $4,000,000 will continue to accrue interest.

4     Bear Stearns confirmed receiving your further funds, in the amount of $400,000, value date November 30, 1999.  Your funds were invested in **Amerindo Technology Growth Fund** same day.

5     We requested a wire transfer in the sum of $652,571.54 to be sent to you on December 3, 1999. This amount represents your interest earned for the quarter ending November 25, 1999 in the sum of $611,135;  Dextra Custodial Fee in the amount of $10,875;  the additional withdrawal of $30,000 and additional interest for late payment on the above amounts in the sum of $561.54.

6     We also confirm that we have credited your **Fixed Rate Account** with $349,238.81. This represents interest earned on the $10,000,000 sub-account.

AUK-36-04752-N/A

AUK-36-04752

# Exhibit C

06/16/2005 10:56  FAX 345 949 2795          DEXTRA BANK                                    ☑01



# Dextra Bank & Trust Co. Ltd.

GLOBAL HOUSE, NORTH CHURCH STREET, GEORGE TOWN, GRAND CAYMAN, BRITISH WEST INDIES
P.O. BOX 2004 G.T.
TELEPHONE: (345) 949-7844, TELEFAX (345) 949-2795, EMAIL: Dextra@Candw.ky

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Renata Tanaka | A. Wood |
| **COMPANY:** | **DATE:** |
| Amerindo Investment Advisors Inc. | 6/16/2005 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| 011 44 207 493 5158 | 4 |
| 011 44 207 499 5166 | |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| **RE:** | **YOUR REFERENCE NUMBER:** |
| Notices | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached.

**GX 3362-11-N/A**



AUK-36-02100

TO:      Amerindo Technology Growth Fund II Inc.
Sucre Building
Calle 48 Este Bella Vista
P.O. Box 5168
Panama 5
Republic of Panama

      and

c/o Renata Tanaka
Amerindo Investment Advisors Inc.
43 Upper Grosvenor Street
London, W1X 9PG
England

**Your Guarantee in favour of Graphic Enterprises Ltd. dated
18th May, 1998.**

Pursuant to the above guarantee, we hereby demand immediate payment from you of all money owing to us by Amerindo Investment Advisors Inc.  The amount due as of today is US$ 19,774,431.18, together with interest accruing at the rate of US$7,313.83 per day.

If we do not receive immediate payment from you in full, we will institute proceedings against you to recover the amount due.

DATED the 15th day of June, 2005.

GRAPHIC ENTERPRISES LTD.

Per: ~~Dextra Management Ltd~~
         Director

*C:\Documents and Settings\alitsia.fitilson.DEXTRABANK\Local Settings\Temporary Internet Files\Content.IE5\WPY3O16R\dm.Graphic Enl.V8er Tanaka Nation Mundar (2).doc*

AUK-36-02101

06/16/2005 10:56  FAX 345 949 2795          DEXTRA BANK                    Ø03

TO:   (1)   Alberto Vilar
            and
      (2)   Gary Tanaka
            both c/o Amerindo Investment Advisors Inc.
            43 Upper Grosvenor Street
            London, W1X 9PG
            England


**Your Guarantee In favour of Graphic Enterprises Ltd. dated**
**18th May, 1998.**


Pursuant to the above guarantee, we hereby demand immediate payment from you of all
money owing to us by Amerindo Investment Advisors Inc.  The amount due as of today is
US$ 19,774,431.18, together with interest accruing at the rate of US$7,313.83 per day.

If we do not receive immediate payment from you in full, we will institute proceedings against
you to recover the amount due.

                    DATED the 15th day of June, 2005.


                    GRAPHIC ENTERPRISES LTD.

                    Per:  _Dextra Management Ltd_
                                Director

C:\Documents and Settings\aifkris.finlason.DEXTRABANK\Local Settings\Temporary Internal Files\Content.IE5\WPY3O16Rdm.Graphic Ent.Vilar Tanaka
Notice.doc


AUK-36-02102

06/16/2005 10:56   FAX 345 949 2795          DEXTRA BANK                            ☒04

TO:   (1)   Alberto Vilar
            and
      (2)   Gary Tanaka
            both c/o Amerindo Investment Advisors Inc.
            43 Upper Grosvenor Street
            London, W1X 9PG
            England

**Your Guarantee in favour of Graphic Enterprises Ltd. dated
18th May, 1998.**

Pursuant to the above guarantee, we hereby demand immediate payment from you of all
money owing to us by Amerindo Investment Advisors Inc.  The amount due as of today is
US$ 19,774,431.18, together with interest accruing at the rate of US$7,313.83 per day.

If we do not receive immediate payment from you in full, we will institute proceedings against
you to recover the amount due.

DATED the 15th day of June, 2005.

GRAPHIC ENTERPRISES LTD.

Per:   **Dextra Management Ltd**
                Director

AUK-36-02103

# Exhibit D

Total Net Equity for Bear Stearns Accounts: ATGF I, ATGF II, Techno-Raquia, M26
1998-2005

GOVERNMENT
EXHIBIT
8211
05 Cr. 621 (RJS)   (ID)



Source: Exhibits Listed on Gx 8211-A

Total Net Equity for Bear Stearns Accounts: ATGF I, ATGF II, Techno- Raquia, M26

| 1998 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|---|---|---|---|---|---|
| January | 54,832,664 | 15,841,902 | 2,921,291 | 266,193 | 73,862,050 |
| February | 61,825,474 | 21,912,348 | 4,537,987 | 289,569 | 88,565,378 |
| March | 71,719,460 | 27,934,330 | 5,181,588 | 378,354 | 105,211,732 |
| April | 81,479,346 | 27,492,800 | 5,594,701 | 426,059 | 114,992,906 |
| May | 71,663,167 | 22,987,495 | 5,086,960 | 448,413 | 100,186,035 |
| June | 82,707,179 | 26,686,813 | 4,908,980 | 599,023 | 114,901,995 |
| July | 70,706,136 | 23,395,852 | 10,700,430 | 549,881 | 105,352,299 |
| August | 51,159,166 | 18,197,634 | 5,799,989 | 394,078 | 75,550,867 |
| September | 69,425,166 | 2,857,396 | 1,728,377 | 952,127 | 74,963,066 |
| October | 49,195,567 | 2,950,308 | 1,858,934 | 993,341 | 54,998,350 |
| November | 62,490,778 | 3,220,306 | 2,255,622 | 1,230,230 | 69,196,936 |
| December | 58,117,143 | 3,961,428 | 7,548,601 | 930,809 | 70,557,981 |

| 1999 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|---|---|---|---|---|---|
| January | 90,166,786 | 8,256,884 | 11,052,868 | 1,753,808 | 111,230,346 |
| February | 80,798,793 | 11,712,663 | 11,911,793 | 1,581,121 | 104,284,370 |
| March | 97,264,145 | 16,091,621 | 14,779,084 | 1,886,098 | 130,020,948 |
| April | 91,607,249 | 30,724,340 | 28,611,035 | 2,359,713 | 153,302,337 |
| May | 96,546,359 | 48,044,079 | 36,417,700 | 2,057,180 | 183,065,327 |
| June | 98,803,334 | 50,032,589 | 38,287,553 | 2,299,829 | 189,423,305 |
| July | 102,288,174 | 80,284,191 | 42,442,727 | 1,951,893 | 226,966,685 |
| August | 137,685,070 | 84,633,569 | 42,791,039 | 2,286,393 | 267,396,071 |
| September | 149,825,947 | 85,329,190 | 44,195,774 | 2,695,215 | 282,047,126 |
| October | 167,785,723 | 92,119,306 | 41,829,448 | 2,588,032 | 304,922,609 |
| November | 233,635,984 | 178,787,309 | 34,636,487 | 2,720,716 | 449,780,476 |
| December | 276,785,246 | 205,861,659 | 29,924,145 | 4,477,720 | 517,048,770 |

| 2000 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|---|---|---|---|---|---|
| January | 250,643,153 | 211,729,064 | 36,313,289 | 3,912,465 | 502,597,971 |
| February | 263,297,873 | 324,700,312 | 30,350,964 | 4,238,482 | 622,587,631 |
| March | 289,681,447 | 304,205,258 | 40,827,197 | 4,107,749 | 638,871,689 |
| April | 233,417,441 | 182,506,361 | 49,637,199 | 3,273,464 | 468,834,465 |
| May | 161,858,337 | 116,703,889 | 59,213,956 | 2,719,716 | 340,495,898 |
| June | 292,335,315 | 245,431,700 | 58,013,877 | 3,181,171 | 598,962,063 |
| July | 282,882,708 | 233,009,904 | 58,210,939 | 3,187,021 | 577,290,572 |
| August | 336,341,310 | 319,039,731 | 64,073,529 | 3,654,708 | 723,109,277 |
| September | 329,711,701 | 272,758,549 | 65,656,167 | 3,061,093 | 671,187,510 |
| October | 282,291,290 | 201,893,866 | 69,568,627 | 2,321,280 | 536,075,063 |
| November | 127,712,251 | 81,735,662 | 64,421,737 | 1,475,585 | 275,345,255 |
| December | 92,363,174 | 115,699,113 | 65,545,591 | 1,396,006 | 275,003,884 |

| 2001 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|---|---|---|---|---|---|
| January | 139,454,404 | 84,484,927 | 71,190,864 | 1,566,249 | 296,696,444 |
| February | 77,439,098 | 57,193,524 | 37,342,331 | 1,013,419 | 172,988,372 |
| March | 48,819,757 | 44,567,859 | 14,674,521 | 600,216 | 108,662,353 |
| April | 57,293,182 | 46,284,065 | 18,057,176 | 732,951 | 122,367,374 |
| May | 69,143,658 | 53,687,372 | 20,451,529 | 788,258 | 144,070,817 |
| June | 57,605,757 | 47,605,984 | 16,754,333 | 844,530 | 122,891,604 |
| July | 43,381,377 | 28,721,721 | 11,123,475 | 696,721 | 83,923,294 |
| August | 25,609,731 | 13,756,986 | 4,895,179 | 444,244 | 44,708,140 |
| September | 10,596,104 | 3,365,842 | 4,326,234 | 275,847 | 18,563,827 |
| October | 16,857,037 | 30,240,641 | 5,730,794 | 360,432 | 53,188,904 |
| November | 28,285,364 | 19,094,808 | 8,913,123 | 437,232 | 56,730,527 |
| December | 24,944,970 | 17,789,939 | 10,394,938 | 524,584 | 53,654,431 |

| 2002 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|---|---|---|---|---|---|
| January | 19,311,520 | 16,359,049 | 8,386,306 | 503,040 | 44,559,915 |
| February | 11,271,140 | 9,602,393 | 4,937,422 | 269,107 | 26,080,071 |
| March | 16,629,145 | 10,762,673 | 3,129,954 | 445,674 | 30,967,447 |
| April | 12,406,316 | 7,712,515 | 1,405,561 | 343,765 | 21,868,157 |
| May | 7,364,844 | 4,583,971 | 880,968 | 330,725 | 13,160,507 |
| June | 998,824 | 2,580,146 | 658,355 | 3,559,611 | 7,796,937 |
| July | 352,492 | 188,265 | 496,360 | 1,821,192 | 2,858,309 |
| August | 105,562 | 199,684 | 491,438 | 2,747,259 | 3,543,743 |
| September | 97,087 | 704,386 | 332,440 | 2,121,963 | 3,255,876 |
| October | 109,195 | 799,120 | 482,932 | 3,109,234 | 4,500,481 |
| November | 121,381 | 672,606 | 646,372 | 2,477,822 | 3,918,181 |
| December | 109,991 | 80,331 | 425,281 | 1,995,378 | 2,610,981 |

| 2003 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|---|---|---|---|---|---|
| January | 107,395 | 2,508,778 | 370,930 | 1,732,567 | 4,719,671 |
| February | 89,630 | 2,347,558 | 344,830 | 1,339,483 | 4,121,501 |
| March | 131,377 | 2,233,667 | 320,620 | 2,000,571 | 4,686,235 |
| April | 91,963 | 2,419,141 | 112,678 | 1,832,358 | 4,456,139 |
| May | 119,834 | 8,615,551 | 243,282 | 2,389,035 | 11,367,702 |
| June | 123,366 | 8,283,752 | 267,698 | 2,089,416 | 10,764,233 |
| July | 62,816 | 8,379,097 | 436,014 | 2,146,658 | 11,024,586 |
| August | 399,583 | 6,965,634 | 419,281 | 1,919,191 | 9,703,688 |
| September | 97,449 | 5,871,253 | 339,410 | 1,098,772 | 7,406,884 |
| October | 101,182 | 5,288,869 | 412,955 | 1,010,729 | 6,813,735 |
| November | 101,234 | 9,218,318 | 439,339 | 1,252,278 | 11,011,169 |
| December | 101,268 | 10,431,419 | 235,065 | 624,715 | 11,392,467 |



GOVERNMENT EXHIBIT 8211-A   05 Cr. 621 (RJS)

Sources: ATGFI (GX 712, GX 712-C); ATGF II (GX 721, GX 721-A); Techno-Raquia (GX 716, GX 716-G); M26 (GX 703, GX 703-C); 8211-B

Total Net Equity for Bear Stearns Accounts: ATGF I, ATGF II, Techno- Raquia, M26

| 2004 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|------|--------|---------|--------------|-----|-------|
| January | 101,313 | 7,469,117 | 243,480 | 742,276 | 8,556,185 |
| February | 101,356 | 6,760,834 | 253,081 | 773,820 | 7,889,091 |
| March | 101,398 | 7,730,371 | 296,551 | 1,068,078 | 9,196,399 |
| April | 101,442 | 12,014,548 | 243,413 | 1,419,104 | 13,778,506 |
| May | 101,485 | 13,866,744 | 259,326 | 1,752,367 | 15,979,922 |
| June | 102,154 | 13,792,963 | 288,010 | 1,397,228 | 15,580,356 |
| July | 102,215 | 6,711,076 | 276,362 | 1,048,559 | 8,138,212 |
| August | 173,390 | 6,862,595 | 344,753 | 1,032,134 | 8,412,873 |
| September | 180,668 | 6,845,065 | 235,282 | 1,205,461 | 8,466,476 |
| October | 195,631 | 7,798,368 | 251,096 | 1,320,702 | 9,565,797 |
| November | 171,560 | 6,922,607 | 311,291 | 1,211,546 | 8,617,005 |
| December | 179,211 | 10,924,171 | 369,526 | 1,825,134 | 13,098,041 |

| 2005 | ATGF I | ATGF II | Tech- Raquia | M26 | Total |
|------|--------|---------|--------------|-----|-------|
| January | 134,764 | 8,730,042 | 295,437 | 1,287,157 | 10,447,400 |
| February | 140,286 | 12,883,000 | 308,259 | 1,032,071 | 14,363,615 |
| March | 201,699 | 9,263,980 | 289,733 | 2,240,785 | 11,996,197 |
| April | 346 | 9,831,337 | 242,409 | 1,413,426 | 11,487,517 |
| May | 462 | 23,512,207 | 296,701 | 2,524,344 | 26,333,715 |
| June | 462 | 22,638,734 | 315,724 | 2,630,094 | 25,585,014 |
| July | 463 | 23,379,576 | 339,993 | 2,764,828 | 26,484,861 |

Sources:  ATGFI (GX 712, GX 712-C);  ATGF II (GX 721, GX 721, GX 721-A);  Techno-Raquia (GX 716, GX 716, GX 716-G);  M26 (GX 703, GX 703, GX 703-C);  8211-B

# Exhibit E



# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

TECHNO RAQUIA S A

| STATEMENT PERIOD | April 30, 2005 |
|---|---|
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-17995 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## What's In This Statement

TECHNO RAQUIA S A
C/O AMERINDO INVESTMENT
ADVISORS INC
ATTN JAMES STABLEFORD
43 UPPER GROVESNOR STREET
LONDON W1X 9PG ENGLAND

Financial Summary ................. 3
Your Portfolio Holdings ............. 3
Transaction Detail ................. 4

## Market Value of Your Portfolio

Cash & Equivalent

| | |
|---|---|
| $-104,678 | |
| $-104,345 | |

Equities

$401,379
$346,754

Current market value
Last statement's market value
Short market value

## Your Portfolio at a Glance

| | |
|---|---|
| TOTAL VALUE OF SECURITIES THIS PERIOD* | 401,379 |
| NET DEBIT BALANCE | -104,678 |
| NET EQUITY THIS PERIOD | $296,701 |
| NET EQUITY LAST STATEMENT | 242,409 |
| CHANGE SINCE LAST STATEMENT | 54,293 |

*This portfolio includes one or more unpriced securities that are not
reflected in the Total Value of Securities and the Net Equity This Period.

There are no "Stop Loss" orders or other pending buy
or sell open orders on file for your account.

This summary is for informational purposes only. It is not intended as a tax document.
This statement should be retained for your records. See reverse side for important information.

027
06/01/05;10:18 .001

V678

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

TECHNO RAQUIA S.A

2 of 4

STATEMENT BACKER IS PRINTED ON THIS PAGE

027          05/01/05:10:18  001          W878

# BEAR STEARNS

3 of 4

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

TECHNO RAQUIA S.A

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-17995 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## Cash Flow Analysis

| | THIS PERIOD |
|---|---|
| Opening Balance | $-104,345.42 |
| Dividends/Interest Charged | -332.22 |
| Amount Debited | $-332.22 |
| Net Cash Activity | -332.22 |
| Closing Balance | $-104,677.64 |

## Cash Balance Summary

| | OPENING | CLOSING |
|---|---|---|
| Margin | -104,345.42 | -104,677.64 |
| Net Cash Balance | $-104,345.42 | $-104,677.64 |

## Income Summary

| | THIS PERIOD | YEAR TO DATE |
|---|---|---|
| Margin Int. Paid | -332.22 | -1,573.78 |

## Portfolio Composition

| | SHORT | LONG |
|---|---|---|
| Cash/Cash Equivalent | 104,678 | |
| Equities | | 401,379 |
| Total | $104,678 | $401,379 |

### Your Portfolio Allocation



Short Cash & Equivalent, 20%

Equities 80%

Unshaded portions denote cash balance and/or short market values. The allocation percentage is derived from the absolute market value of your portfolio.

## Your Portfolio Holdings

### CASH & CASH EQUIVALENTS

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|
| CASH BALANCE | | | | -104,678 | | |
| TOTAL CASH & CASH EQUIVALENTS | | | | $-104,678 | | |

027

08/001/05:10:18  001

V678

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

TECHNO RAQUIA SA

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-17995 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

4 of 4

## Your Portfolio Holdings (continued)

### EQUITIES

### Equities & Options

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| DIVINE INC CL A | DVINQ | MRGN | 3,393 | 0.0010 | 3 | | |
| NET2000 COMMUNICATIONS INC | NTKKQ | MRGN | 700 | Unpriced | | | |
| QUOKKA SPORTS INC NEW | QKKAQ | MRGN | 166 | 0.0050 | 1 | | |
| XM SATELLITE RADIO HLDGS INC CL A | XMSR | MRGN | 12,500 | 32.1100 | 401,375 | | |
| Total Equities & Options | | | | | $401,379 | $0 | |
| TOTAL EQUITIES | | | | | $401,379 | $0 | |

YOUR PRICED PORTFOLIO HOLDINGS                    $296,701

## Transaction Detail

### INTEREST

| DATE | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | RATE (%) | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|
| 05/23/05 | INT DB 102-17995  MAY 05 | | | | 332.22 | |
| TOTAL | | | | | $-332.22 | |

027                    0600105/10:18  001



# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M3B |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

AMERINDO TECHNOLOGY GROWTH
FUND II INC   C/O AMERINDO
INVEST ADVISORS INC      *
ATTN JAMES STABLEFORD
43 UPPER GROVESNOR STREET
LONDON W1X 9PG ENGLAND

## What's In This Statement

Financial Summary ...................... 3
Your Portfolio Holdings ................ 4
Transaction Detail ...................... 12

## Your Portfolio at a Glance

TOTAL VALUE OF SECURITIES THIS PERIOD*   20,277,268

NET CREDIT BALANCE                        3,234,919

NET EQUITY THIS PERIOD          $23,512,207

NET EQUITY LAST STATEMENT         9,831,337

CHANGE SINCE LAST STATEMENT      13,680,870

*This portfolio includes one or more unpriced securities that are not
reflected in the Total Value of Securities and the Net Equity This Period.

There are no "Stop Loss" orders or other pending buy
or sell orders on file for your account.

## Market Value of Your Portfolio

Cash & Equivalent — $3,234,919
$1,585,541

Equities — $9,565,307 : $-1,319,511
$21,704,757 : $-1,427,469

Current market value
Last statement's market value
Short market value

SPIC This summary is for informational purposes only. It is not intended as a tax document.
This statement should be retained for your records. See reverse side for important information.
027
0G01105010:18 :001

V878

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

V878

0601A05;10.16   001

027

STATEMENT BACKER IS PRINTED ON THIS PAGE

2 of 16

# BEAR STEARNS

3 of 16

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## Cash Flow Analysis

| | THIS PERIOD |
|---|---|
| Opening Balance | $1,585,541.14 |
| Securities Sold | 49,002,747.91 |
| Dividends/Interest | 307.40 |
| Miscellaneous | 3,884.69 |
| Amount Credited | $49,006,940.00 |
| Securities Bought | -47,356,201.20 |
| Dividends/Interest Charged | -752.41 |
| Miscellaneous | -608.51 |
| Amount Debited | $-47,357,562.12 |
| Net Cash Activity | 1,649,377.88 |
| Closing Balance | $3,234,919.02 |

Same day transfers of cash between account types are not included in this
section; such transfers, as well as details for all other transactions this period,
appear in Transaction Detail.

## Cash Balance Summary

| | OPENING | CLOSING |
|---|---|---|
| Margin | 173,821.40 | 1,881,512.96 |
| Short | 1,411,719.74 | 1,353,406.06 |
| Net Cash Balance | $1,585,541.14 | $3,234,919.02 |

## Income Summary

| | THIS PERIOD | YEAR TO DATE |
|---|---|---|
| Credit Balance Int. | 307.40 | 6,930.23 |
| Short Int. Rebate | 3,276.18 | 4,241.20 |
| Total | $3,583.58 | $11,171.43 |
| Margin Int. Paid | -752.41 | -10,928.88 |
| Short Debit Fee | 0.00 | -5.16 |

## Portfolio Composition

| | SHORT | LONG |
|---|---|---|
| Cash/Cash Equivalent | | 3,234,919 |
| Equities | 1,427,469 | 21,704,757 |
| Total | $1,427,469 | $24,939,676 |



**Your Portfolio Allocation**

Cash & Equivalents
13%

Short Equities
5%

Equities
82%

Unshaded portions denote debit balance and/or short
market values. The allocation percentage is derived
from the absolute market value of your portfolio.

V97B

027

06/01/05/10:16 001

**BEAR STEARNS**

4 of 16

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## Your Portfolio Holdings

### CASH & CASH EQUIVALENTS

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|
| CASH BALANCE | | | | 3,234,919 | | |
| TOTAL CASH & CASH EQUIVALENTS | | | | $3,234,919 | | |

### EQUITIES

#### Equities & Options

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| CGI GROUP INC-CL A SUB-VTG | GIB | SHRT | -1,916 | 5.7200 | -10,960 | | |
| EYETECH PHARMACEUTICALS  INC | EYET | MRGN | 136,200 | 12.8300 | 1,747,446 | | |
| CALL GOOGLE INC JUN 240**** EXP 06/18/2005 | GOUF240 | MRGN | 3,650 | 38.4000 | 14,016,000 | | |
| JAMDAT MOBILE INC | JMDT | SHRT | -50,213 | 28.2100 | -1,416,509 | | |
| PARAGON FINANCIAL CORPORATION | PGNF | MRGN | 21,488 | 0.0550 | 1,182 | | |
| XM SATELLITE RADIO HLDGS INC CL A | XMSR | MRGN | 65,000 | 32.1100 | 2,087,150 | | |
| ZONETRADER.COM INC SER B CV PFD RSTD | 9300335 | CASH | 1,653,629 | Unpriced | | | |
| ARK INTERFACE II INC RSTD | 9300388 | CASH | 289,855 | Unpriced | | | |
| CELOMICS INC RSTD | 9300528 | CASH | 2,323,124 | Unpriced | | | |
| TROIKA NETWORKS INC RSTD | 9301157 | CASH | 7,974 | Unpriced | | | |
| DIOVEBID INC RSTD | 9301979 | CASH | 66,969 | Unpriced | | | |

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

5 of 16

## Your Portfolio Holdings (continued)

### Equities & Options (continued)

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| COUNTERPANE INTERNET SECURITY INC-RSTD | 9302640 | MRGN | 31,414 | Unpriced | | | |
| ADERO, INC RSTD | 9311082 | CASH | 30,893 | Unpriced | | | |
| ADERO, INC RSTD | 9311082 | MRGN | 239,715 | Unpriced | | | |
| SPARKS.COM INC SERIES D PFD RSTD | 9311552 | CASH | 1,277,465 | Unpriced | | | |
| MYCFO INC SER C PFD RSTD | 9311669 | CASH | 1,606,623 | Unpriced | | | |
| MULTITUDE INC SERIES E CONV PFD RSTD | 9311702 | CASH | 646,579 | Unpriced | | | |
| ABGENIX, INC RSTD | 9312234 | CASH | 5,262 | 7.2000 | 37,886 | | |
| EYETECH PHARMACEUTICALS INC RSTD | 9312908 | CASH | 17,025 | 12.8300 | 218,431 | | |
| CIDRA CORP NON-VTGRED PFD RSTD | 9313736 | MRGN | 3,305 | Unpriced | | | |
| CIDRA CORP CLASS A COM RSTD | 9313737 | MRGN | 112,054 | Unpriced | | | |
| CIDRA CORP SERIES D CONV PFD RSTD | 9313738 | MRGN | 19,700 | Unpriced | | | |
| METRICSTREAM INC SERIES A-1 PFD RSTD | 9314585 | CASH | 286,598 | Unpriced | | | |
| THERAVANCE INC RSTD | 9381809 | CASH | 204,472 | 17.5900 | 3,596,662 | | |
| Total Equities & Options | | | | | $20,277,288 | $0 | |

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

STATEMENT PERIOD   April 30, 2005
THROUGH   May 31, 2005

ACCOUNT NUMBER   102-01485 M38
TAXPAYER NUMBER   Not Applicable
LAST STATEMENT   April 29, 2005

## Your Portfolio Holdings (continued)

### Preferred Equities

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| CELLOMICS INC SER NNN PFD RSTD | 9300526 | CASH | 2,323,124 | Unpriced | | | |
| ANDA NETWORKS INC SER-D PFD- RSTD | 9300641 | MRGN | 316,680 | Unpriced | | | |
| ARRAYCOMM INC SER-E PFD-RSTD | 9300648 | CASH | 537,350 | Unpriced | | | |
| NEXSI CP SER C PFD RSTD | 9300774 | CASH | 487,518 | Unpriced | | | |
| ARRAYCOMM INC SER-F PFD-RSTD | 9300776 | CASH | 121,212 | Unpriced | | | |
| MAPLE OPTICAL SYSTEMS INC-RSTD SERIES B PFD | 9300841 | CASH | 783,840 | Unpriced | | | |
| CHORUM TECH. SER.E PFD-RSTD | 9301136 | MRGN | 72,808 | Unpriced | | | |
| MAYAN NETWORK CORP SER-D PFD- RSTD | 9301316 | CASH | 845,313 | Unpriced | | | |
| INTOUCH GROUP INC SER B PFD RSTD | 9301434 | CASH | 128,334 | Unpriced | | | |
| CENTERPOINT BROADBAND TECH. INC SER-D PFD-RSTD | 9301538 | MRGN | 192,692 | Unpriced | | | |
| INTOUCH GROUP INC SER A PFD RSTD | 9301754 | CASH | 607,600 | Unpriced | | | |
| INTOUCH GROUP INC SER-D PFD -RSTD | 9301770 | CASH | 113,636 | Unpriced | | | |
| TROIKA NETWORKS INC SER C PFD RSTD | 9301784 | CASH | 797,412 | Unpriced | | | |
| FORCE10 NETWORKS INC SER B-2 PFD RSTD | 9303049 | MRGN | 424,359 | Unpriced | | | |



CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M3B |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

**BEAR STEARNS**

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

7 of 16

# Your Portfolio Holdings (continued)

## Preferred Equities (continued)

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| FINANCIAL ENGINES INC SER E PFD RSTD | 9303235 | CASH | 19,234 | Unpriced | | | |
| IOSPAN WIRELESS INC SER C PFD RSTD | 9304115 | CASH | 487,089 | Unpriced | | | |
| COLO.COM SER C PFD RSTD | 9304410 | CASH | 354,644 | Unpriced | | | |
| ALLEGIS CORP SER-E PFD-RSTD | 9305478 | MRGN | 122,149 | Unpriced | | | |
| ETHNICGROCER.COM SER-C PFD-RSTD | 9305786 | CASH | 198,020 | Unpriced | | | |
| FITINXX INC SERIES B PFD RSTD | 9305787 | CASH | 660,917 | Unpriced | | | |
| FINANCIAL ENGINES INC SERIES D PFD RSTD | 9305810 | CASH | 202,340 | Unpriced | | | |
| ESSENTIAL.COM INC SER-C CV PFD-RSTD | 9305856 | CASH | 256,441 | Unpriced | | | |
| ZAMBEEL INC SER B-2 PFD RSTD | 9305937 | CASH | 603,611 | Unpriced | | | |
| ADEXA INC SER C PFD RSTD | 9305951 | MRGN | 78,740 | Unpriced | | | |
| 3PARDATA INC SER A-3 PFD RSTD | 9306077 | CASH | 141,518 | Unpriced | | | |
| 3PARDATA INC SER A-2 PFD RSTD | 9306080 | CASH | 34,852 | Unpriced | | | |
| PROPERTYFIRST.COM INC SER-B CONV PFD-RSTD | 9310138 | CASH | 424,251 | Unpriced | | | |
| CALIENT NETWORKS INC SERIES A-1 PFD RSTD | 9310150 | CASH | 20,956 | Unpriced | | | |
| LOCUS DISCOVERY INC SERIES C PFD | 9310228 | CASH | 1,475,055 | Unpriced | | | |
| COREEXPRESS INC PFD-RSTD | 9310492 | CASH | 323,729 | Unpriced | | | |

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## Your Portfolio Holdings (continued)

### Preferred Equities (continued)

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| 800.COM,INC.SER-C PFD-RSTD | 9310701 | MRGN | 487,430 | Unpriced | | | |
| ADAUCTION.COM,INC. SER-D PFD-RSTD | 9310705 | MRGN | 555,000 | Unpriced | | | |
| FURNITURE.COM INC SER-E CV PFD RSTD | 9310820 | CASH | 130,000 | Unpriced | | | |
| CURRENEX ,INC SERIES C PFD RSTD | 9310851 | CASH | 606,183 | Unpriced | | | |
| MAPLE OPTICAL SYSTEMS INC SER-C PFD-RSTD | 9310910 | CASH | 241,875 | Unpriced | | | |
| KNOWLEDGEPLANET.COM SER-B RSTD | 9310974 | CASH | 580,118 | Unpriced | | | |
| MERCATA INC SER-C PFD-RSTD | 9310981 | CASH | 252,500 | Unpriced | | | |
| ADAUCTION.COM,INC. SERIES E PFD RSTD | 9311083 | MRGN | 130,779 | Unpriced | | | |
| 800.COM,INC.SERIES D PFD RSTD | 9311100 | MRGN | 133,333 | Unpriced | | | |
| AGILITY COMMUNICATIONS INC SERIES C PFD RSTD | 9311119 | MRGN | 402,846 | Unpriced | | | |
| JETSTREAM COMM,INC SER-H PFD-RSTD | 9311170 | CASH | 15,669 | Unpriced | | | |
| HYPERCHIP INC CL-C PFD-RSTD | 9311173 | CASH | 1,136,367 | Unpriced | | | |
| APPLIED SCIENCE FICTION INC SERIES D PFD RSTD | 9311175 | MRGN | 205,174 | Unpriced | | | |
| PROCKET NETWORKS INC SER-C PFD RSTD | 9311189 | CASH | 877,309 | Unpriced | | | |
| ANCESTRY.COM INC SERIES B PFD RSTD | 9311297 | MRGN | 104,707 | Unpriced | | | |



BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

9 of 16

## Your Portfolio Holdings (continued)

### Preferred Equities (continued)

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| ALIDIAN NETWORKS INC RSTD SERIES B PFD | 9311324 | MRGN | 1,138,130 | Unpriced | | | |
| SEECOMMERCE SERIES E PFD RSTD | 9311336 | CASH | 28,654 | Unpriced | | | |
| HOMESTEAD.COM INC SERIES C PFD RSTD | 9311431 | CASH | 152,362 | Unpriced | | | |
| AXSUN TECHNOLOGIES INC SER C CV PFD RSTD | 9311432 | CASH | 205,670 | Unpriced | | | |
| ARK INTERFACE II INC SER B PFD RSTD | 9311442 | CASH | 429,292 | Unpriced | | | |
| ARK INTERFACE II INC SER A PFD RSTD | 9311472 | CASH | 1,603,132 | Unpriced | | | |
| REALNAMES CORP SER C PFD RSTD | 9311524 | CASH | 521,500 | Unpriced | | | |
| REALNAMES CORP SER E PFD RSTD RSTD | 9311525 | CASH | 249,200 | Unpriced | | | |
| CENTRAL CORP SERIES B PFD RSTD | 9311533 | CASH | 1,105,000 | Unpriced | | | |
| APPLIED SCIENCE FICTION INC SER E PFD RSTD | 9311546 | MRGN | 500,000 | Unpriced | | | |
| CODEON CORP SER-DCV-PFD-RSTD | 9311548 | MRGN | 100,587 | Unpriced | | | |
| CHORUM TECHNOLOGIES INC SER D PFD RSTD | 9311551 | MRGN | 749,088 | Unpriced | | | |
| COMERGENT TECHNOLOGIES INC SER B PFD RSTD | 9311594 | CASH | 364,844 | Unpriced | | | |
| CYBERMEDICA INC SER B PFDS RSTD | 9311596 | CASH | 1,767,184 | Unpriced | | | |



# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York  10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-7000

AMERINDO TECHNOLOGY GROWTH

STATEMENT PERIOD    April 30, 2005
THROUGH            May 31, 2005

ACCOUNT NUMBER     102-01495 M38
TAXPAYER NUMBER    Not Applicable

LAST STATEMENT     April 29, 2005

**10** of 16

## Your Portfolio Holdings (continued)

### Preferred Equities (continued)

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| DIGITAL CHIEF INC SER E PFD RSTD | 9311597 | CASH | 46,296 | Unpriced | | | |
| DOUBLETWIST INC SER D PFD RSTD | 9311598 | CASH | 651,162 | Unpriced | | | |
| EBAGS SER B PFD RSTD | 9311605 | CASH | 528,814 | Unpriced | | | |
| SPARKS.COM INC SER-C PFD-RSTD | 9311635 | CASH | 511,570 | Unpriced | | | |
| IMPRESSE CORP SER-C-PFD-RSTD | 9311670 | CASH | 161,000 | Unpriced | | | |
| FURNITURE.COM INC SER-C PFD -RSTD | 9311673 | CASH | 726,982 | Unpriced | | | |
| FITLINXX INC SER-C-PFD-RSTD | 9311674 | CASH | 86,222 | Unpriced | | | |
| INTOUCH GROUP INC SER-C PFD-RSTD | 9311682 | CASH | 156,334 | Unpriced | | | |
| CIELO COMMUNICATIONS INC SER B PFD RSTD | 9311697 | MRGN | 385,000 | Unpriced | | | |
| MIADORA INC SER-B PFD-RSTD | 9311705 | CASH | 141,121 | Unpriced | | | |
| MERCATA INC SER-B PFD-RSTD | 9311706 | CASH | 270,000 | Unpriced | | | |
| KEEN.COM INC SER-C-PFD-RSTD | 9311711 | CASH | 352,728 | Unpriced | | | |
| KOZMO.COM INC SER-F PFD-RSTD | 9311718 | CASH | 248,173 | Unpriced | | | |
| KVM TECHNOLOGIES INC SER-B PFD RSTD | 9311220 | CASH | 393,785 | Unpriced | | | |
| JETSTREAM COMMUNICATIONS INC SER-G PFD-RSTD | 9311737 | CASH | 136,956 | Unpriced | | | |
| LOCUS PHARMACEUTICALS INC SERIES D PFD RSTD | 9313303 | CASH | 250,000 | Unpriced | | | |

V678

Case 1:05-cr-00621-RJS   Document 678   Filed 04/23/14   Page 53 of 70

BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

STATEMENT PERIOD  April 30, 2005
THROUGH           May 31, 2005

ACCOUNT NUMBER    102-01495 M38
TAXPAYER NUMBER   Not Applicable
LAST STATEMENT    April 29, 2005

11 of 16

## Your Portfolio Holdings (continued)

### Preferred Equities (continued)

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| TELLME NETWORKS INC SER D PFD RSTD | 9380072 | CASH | 218,965 | Unpriced | | | |
| APPIAN COMMUNICATIONS SER-D CV PFD RSTD | 9380223 | MRGN | 139,464 | Unpriced | | | |
| ZOHO CORP SER-C PFD-RSTD | 9380248 | CASH | 266,127 | Unpriced | | | |
| ENSIM CORP SER-C PFD RSTD | 9380391 | CASH | 219,808 | Unpriced | | | |
| ASERA INC SER-C PFD-RSTD | 9380449 | CASH | 56,048 | Unpriced | | | |
| ONFIBER COMMUNICATIONS INC SER-B PFD-RSTD | 9380586 | CASH | 490,100 | Unpriced | | | |
| MOBILIAN CP SER C PFD RSTD | 9380651 | CASH | 140,500 | Unpriced | | | |
| WHEELHOUSE CORP SER B CV PFD RSTD | 9381271 | CASH | 255,271 | Unpriced | | | |
| ULTRABAND FIBER OPTICS INC SER C PFD RSTD | 9381559 | CASH | 945,627 | Unpriced | | | |
| BROADBAND OFFICE INC SER-C PFD RSTD | 9381647 | CASH | 326,526 | Unpriced | | | |
| Total PreferredEquities | | | | | $0 | $0 | |
| TOTAL EQUITIES | | | | | $20,277,288 | $0 | |

YOUR PRICED PORTFOLIO HOLDINGS   $23,512,207

027     0d301d5b10:18 001     V878

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One McIntosh Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

12 of 16

## Transaction Detail

### INVESTMENT ACTIVITY

| SETTLEMENT DATE | TRADE DATE | TRANSACTION | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 05/03/05 | 05/02/05 | BOUGHT | CALL GOOGLE INC MAY 230****<br>EXP 05/21/2005<br>CMTA<br>AS OF 05/02/05 | 3Q199W9E2 | 500 | 2.70190 | 135,610.00 | |
| 05/11/05 | | DELIVERED | CYVERA CORP SERIES A PFD RSTD | 9313739 | -39,611 | | | |
| 05/17/05 | 05/12/05 | BOUGHT | JAM/DAT MOBILE INC<br>COVER SHORT<br>EXECUTION BY CANT<br>COMMISSION    500.00<br>AS OF 05/12/05 | JMDT | 25,000 | 23.69000 | 592,775.00 | |
| 05/17/05 | | JOURNAL | XM SATELLITE RADIO HLDGS INC<br>CL A<br>FROM: 70P/102-01495-2-USD<br>*JRL | XMSR | 9,000 | | 254,610.00 | |
| 05/17/05 | | JOURNAL | XM SATELLITE RADIO HLDGS INC<br>CL A<br>TO: 70P/102-01495-1-USD<br>*JRL | XMSR | -9,000 | | | 254,610.00 |
| 05/19/05 | 05/16/05 | SOLD | XM SATELLITE RADIO HLDGS INC<br>CL A<br>EXECUTION BY BTRD<br>COMMISSION    450.00<br>FEE    10.69<br>AS OF 05/16/05 | XMSR | -9,000 | 28.39550 | | 255,073.81 |
| 05/19/05 | 05/16/05 | SOLD | CALL GOOGLE INC MAY 190****<br>EXP 05/21/2005<br>CMTA<br>CLOSING CONTRACT<br>AS OF 05/16/05 | 3Q199W9E2 | -400 | 40.52950 | | 1,619,497.23 |
| 05/19/05 | 05/16/05 | BOUGHT | JAM/DAT MOBILE INC<br>COVER SHORT<br>EXECUTION BY BTRD<br>COMMISSION    75.00<br>AS OF 05/16/05 | JMDT | 1,500 | 23.10000 | 34,750.00 | |

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

13 of 16

## Transaction Detail (continued)

### INVESTMENT ACTIVITY (continued)

| SETTLEMENT DATE | TRADE DATE | TRANSACTION | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 05/2005 | 04/07/05 | BOUGHT | CALL GOOGLE INC APR 195 **** EXP 04/16/2005 CMTA ORIGINAL S/D 04/11/05 AS OF 04/07/05 | 3O199W9D4 | 1,477 | 1.47660 | 224,016.82 | |
| 05/20/05 | 04/07/05 | CANCEL BUY | CALL GOOGLE INC APR 195 **** EXP 04/16/2005 CMTA A/O S/D 04/11/05 AS OF 04/07/05 TO CXL PREVIOUS BUY | 3O199W9D4 | -1,477 | 1.47660 | | 219,685.82 |
| 05/20/05 | 04/15/05 | CANCEL SELL | PUT RESEARCH IN APR 075 **** EXP 04/16/2005 CMTA A/O S/D 04/18/05 AS OF 04/15/05 TO CXL PREVIOUS SELL | 7A699W9P3 | 1,200 | 4.14510 | 496,176.20 | |
| 05/20/05 | 04/15/05 | SOLD | PUT RESEARCH IN APR 075 **** EXP 04/16/2005 CMTA ORIGINAL S/D 04/18/05 AS OF 04/15/05 | 7A699W9P3 | -1,200 | 4.14510 | | 492,576.20 |
| 05/20/05 | 04/14/05 | CANCEL SELL | PUT RESEARCH IN APR 080 **** EXP 04/16/2005 CMTA A/O S/D 04/18/05 AS OF 04/14/05 TO CXL PREVIOUS SELL | 7A699W9P3 | 90 | 8.80000 | 79,091.68 | |
| 05/20/05 | 04/15/05 | CANCEL SELL | PUT RESEARCH IN APR 080 **** EXP 04/16/2005 CMTA A/O S/D 04/18/05 AS OF 04/15/05 TO CXL PREVIOUS SELL | 7A699W9P3 | 510 | 8.91100 | 453,917.00 | |
| 05/20/05 | 04/14/05 | SOLD | PUT RESEARCH IN APR 080 **** EXP 04/16/2005 CMTA ORIGINAL S/D 04/18/05 AS OF 04/14/05 | 7A699W9P3 | -90 | 8.80000 | | 78,821.68 |

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY-OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M3B |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

14 of 16

## Transaction Detail (continued)

### INVESTMENT ACTIVITY (continued)

| SETTLEMENT DATE | TRADE DATE | TRANSACTION | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 05/20/05 | 04/15/05 | SOLD | PUT RESEARCH IN APR 080 **** EXP 04/16/2005 CMTA ORIGINAL S/D 04/18/05 AS OF 04/15/05 | 7A699W9P3 | -510 | 8.91100 | | 452,387.00 |
| 05/20/05 | 05/16/05 | BOUGHT | CALL GOOGLE INC JUN 240 **** EXP 06/18/2005 CMTA AS OF 05/16/05 | QGOUF240 | 3,650 | 4.43130 | 1,632,039.50 | |
| 05/23/05 | | JOURNAL | CALL GOOGLE INC MAY 230 **** EXP 05/21/2005 A/E QGOUE230EXERCISED 00613 | 3Q199W9E2 | -1,500 | | | |
| 05/23/05 | | JOURNAL | CALL GOOGLE INC MAY 190 **** EXP 05/21/2005 A/E QGOUE190EXERCISED 00602 | 3Q199W9E2 | -400 | | | |
| 05/24/05 | | DELIVERED | WTS STRUCTURAL GENOMIX INC EXP 9/28/2011 RSTD DUE 09/28/11 EXP 09/28/2011 | 9311454 | -1 | | | |
| 05/24/05 | | DELIVERED | STRUCTURAL GENOMIX INC SERIES C-1 PFD RSTD | 9314584 | -222,586 | | | |
| 05/25/05 | 05/20/05 | BOUGHT | GOOGLE INC CL A A/E QGOUE190EXERCISED AS OF 05/2005 | GOOG | 40,000 | 190.00000 | 7,600,025.00 | |
| 05/25/05 | 05/20/05 | BOUGHT | GOOGLE INC CL A A/E QGOUE230EXERCISED AS OF 05/2005 | GOOG | 150,000 | 230.00000 | 34,500,025.00 | |
| 05/25/05 | 05/20/05 | SOLD | GOOGLE INC CL A EXECUTION BY BTRD COMMISSION 9,500.00 FEE 1,907.83 AS OF 05/2005 | GOOG | -190,000 | 240.21910 | | 45,630,196.17 |

027                    0G601.05510.18 .001                    V878

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York  10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Mecatech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

## AMERINDO TECHNOLOGY GROWTH

| STATEMENT PERIOD | April 30, 2005 |
|---|---|
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## Transaction Detail (continued)

### INVESTMENT ACTIVITY (continued)

| SETTLEMENT DATE | TRADE DATE | TRANSACTION | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 05/27/05 | 05/24/05 | BOUGHT | EYETECH PHARMACEUTICALS  INC UNSOLICITED AS OF 05/24/05 | EYET | 100,000 | 13.52860 | 1,353,165.00 | |
| TOTAL | | | | | | | $-47,356,201.20 | $49,002,747.91 |

### INTEREST

| DATE | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | RATE (%) | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|
| 05/23/05 | INT CR 102-01495  MAY 05 | | | | | 307.40 |
| 05/23/05 | INT DB 102-01495  MAY 05 | | | | 752.41 | |
| TOTAL | | | | | $-752.41 | $307.40 |

### MISCELLANEOUS

| DATE MM/DAY | TRANSACTION | DESCRIPTION | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|
| 05/02/05 | JOURNAL | MARK TO MARKET | | 92,208.88 |
| 05/02/05 | JOURNAL | MARK TO MARKET SHORT POS | 92,208.88 | |
| 05/09/05 | JOURNAL | MARK TO MARKET | 557,626.87 | |
| 05/09/05 | JOURNAL | MARK TO MARKET SHORT POS | | 557,626.87 |
| 05/16/05 | JOURNAL | MARK TO MARKET | | 73,912.72 |
| 05/16/05 | JOURNAL | MARK TO MARKET SHORT POS | 73,912.72 | |
| 05/19/05 | JOURNAL | TO:70P/102-01495-2-USD * JRL * | 463.81 | |
| 05/19/05 | JOURNAL | FROM: 70P/102-01495-1-USD * JRL * | | 463.81 |

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01495 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

16 of 16

## Transaction Detail (continued)

### MISCELLANEOUS (continued)

| DATE MO/DAY/YR | TRANSACTION | DESCRIPTION | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|
| 05/23/05 | JOURNAL | SM/CR 102-01495 MAY 05 | 144.70 | |
| 05/23/05 | JOURNAL | MARK TO MARKET | 261,040.47 | |
| 05/23/05 | JOURNAL | SM/CR 102-01495 MAY 05 | | 3,420.88 |
| 05/23/05 | JOURNAL | MARK TO MARKET SHORT POS | | 261,040.47 |
| 05/31/05 | JOURNAL | MARK TO MARKET | 83,334.42 | |
| 05/31/05 | JOURNAL | MARK TO MARKET SHORT POS | | 83,334.42 |
| TOTAL | | | $1,068,731.87 | $1,072,008.05 |

 ****** End of Statement******



# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01490 M3B |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## What's In This Statement

| | |
|---|---|
| Financial Summary ............................ | 3 |
| Your Portfolio Holdings ...................... | 3 |
| Transaction Detail ............................. | 4 |

AMERINDO TECHNOLOGY GROWTH
FUND INC
C/O AMERINDO INVEST ADVISORS *
INC ATTN: JAMES STABLEFORD
43 UPPER GROVESNOR ST
LONDON W1X 9PG ENGLAND

## Your Portfolio at a Glance

| | | |
|---|---|---|
| NET CREDIT BALANCE | 462 | Cash & Equivalent |
| NET EQUITY THIS PERIOD | $462 | |
| NET EQUITY LAST STATEMENT | 346 | |
| CHANGE SINCE LAST STATEMENT | 116 | |

*This portfolio includes one or more unpriced securities that are not reflected in the Total Value of Securities and the Net Equity This Period.

There are no "Stop Loss" orders or other pending buy or sell orders on file for your account.

## Market Value of Your Portfolio

$346
$462

▓ Current market value
▒ Last statement's market value

**SIPC** This summary is for informational purposes only. It is not intended as a tax document. This statement should be retained for your records. See reverse side for important information.

027        0601105010.18 .001        V878

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

2 of 4

STATEMENT BACKER IS PRINTED ON THIS PAGE

027          06/01/05-10:18  001          V878

# BEAR STEARNS

3 of 4

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |

| | |
|---|---|
| ACCOUNT NUMBER | 102-01490 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## Cash Flow Analysis

| | THIS PERIOD |
|---|---|
| OpeningBalance | $345.78 |
| Dividends/Interest | 116.47 |
| Amount Credited | $116.47 |
| Net Cash Activity | 116.47 |
| ClosingBalance | $462.25 |

## Income Summary

| | THIS PERIOD | YEAR TO DATE |
|---|---|---|
| Credit Balance Int. | 116.47 | 285.39 |
| Total | $116.47 | $285.39 |
| Margin Int. Paid | 0.00 | -1,533.61 |

## Portfolio Composition

| | MARKET VALUE |
|---|---|
| Cash/Cash Equivalent | 462 |
| Total | $462 |



**Your Portfolio Allocation**

Cash & Equivalents
100%

Unshaded portions denote debit balance and/or short
market values. The allocation percentage is derived
from the absolute market value of your portfolio.

V878

## Cash Balance Summary

| | OPENING | CLOSING |
|---|---|---|
| Margin | 345.78 | 462.25 |
| Net Cash Balance | $345.78 | $462.25 |

## Your Portfolio Holdings

### CASH & CASH EQUIVALENTS

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|
| CASH BALANCE | | | | 462 | | |
| TOTAL CASH & CASH EQUIVALENTS | | | | $462 | | |

027                                           06/01/05/10/18 .001

**BEAR STEARNS**

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO TECHNOLOGY GROWTH

STATEMENT PERIOD  April 30, 2005
THROUGH          May 31, 2005

ACCOUNT NUMBER    102-01490 M38
TAXPAYER NUMBER   Not Applicable
LAST STATEMENT    April 29, 2005

4 of 4

## Your Portfolio Holdings (continued)

### EQUITIES

### Equities & Options

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| IBEAM BROADCASTING CORP COM NEW | IBEMQ | MRGN | 850 | Unpriced | | | |
| Total Equities & Options | | | | | $0 | $0 | |
| TOTAL EQUITIES | | | | | $0 | $0 | |

| YOUR PRICED PORTFOLIO HOLDINGS | $462 |
|---|---|

## Transaction Detail

### INTEREST

| DATE | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | RATE (%) | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|
| 05/23/05 | INT CR 102-01490  MAY 05 | | | | | 116.47 |
| TOTAL | | | | | | $116.47 |

(STOP) ****** End of Statement******

027                           06/01/05:10:18  001                           V878



# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO MANAGEMENT INC

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01485 M3B |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

## What's In This Statement

| | |
|---|---|
| Financial Summary ........................ | 3 |
| Your Portfolio Holdings ................ | 4 |
| Transaction Detail ........................ | 5 |

AMERINDO MANAGEMENT INC
SUB ACCOUNT M26
C/O AMERINDO INVEST ADVISORS *
43 UPPER GROSVENOR STREET
LONDON W1X 9PG ENGLAND

## Your Portfolio at a Glance

| | |
|---|---|
| TOTAL VALUE OF SECURITIES THIS PERIOD* | 2,183,480 |
| NET CREDIT BALANCE | 340,864 |
| NET EQUITY THIS PERIOD | $2,524,344 |
| NET EQUITY LAST STATEMENT | 1,413,426 |
| CHANGE SINCE LAST STATEMENT | 1,110,918 |

*This portfolio includes one or more unpriced securities that are not reflected in the Total Value of Securities and the Net Equity This Period.

There are no "Stop Loss" orders or other pending buy or sell orders on file for your account.

## Market Value of Your Portfolio

Cash & Equivalent — $340,864 / $672,894

Equities — $2,183,480 / $2,086,320

- Current market value
- Last statement's market value
- Short market value

SIPC  The summary is for informational purposes only. It is not intended as a tax document. This statement should be retained for your records. See reverse side for important information.

027                          05/01/05-10:18   001                          V978

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO MANAGEMENT INC

W878

06/01/05:10:18 001

027

2 of 5

STATEMENT BACKER IS PRINTED ON THIS PAGE

# BEAR STEARNS

3 of 5

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY

Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO MANAGEMENT INC

| | | |
|---|---|---|
| STATEMENT PERIOD | April 30, 2005 | |
| THROUGH | May 31, 2005 | |
| ACCOUNT NUMBER | 102-01485 M38 | |
| TAXPAYER NUMBER | Not Applicable | |
| LAST STATEMENT | April 29, 2005 | |

## Cash Flow Analysis

| | THIS PERIOD |
|---|---|
| OpeningBalance | $-672,894.49 |
| Securities Sold | 24,015,880.88 |
| Miscellaneous | 681,137.65 |
| Amount Credited | $24,697,018.53 |
| Securities Bought | -23,000,025.00 |
| Dividends/Interest Charged | -2,097.85 |
| Miscellaneous | -681,137.65 |
| Amount Debited | $-23,683,260.50 |
| Net Cash Activity | 1,013,758.03 |
| ClosingBalance | $340,863.54 |

## Cash Balance Summary

| | OPENING | CLOSING |
|---|---|---|
| Margin | -672,894.49 | 340,863.54 |
| Net Cash Balance | $-672,894.49 | $340,863.54 |

## Income Summary

| | THIS PERIOD | YEAR TO DATE |
|---|---|---|
| Credit Balance Int. | 0.00 | 1,518.86 |
| Total | $0.00 | $1,518.86 |
| Margin Int. Paid | -2,097.85 | -6,324.09 |

## Portfolio Composition

| | |
|---|---|
| Cash/Cash Equivalent | 340,864 |
| Equities | 2,183,480 |
| Total | $2,524,344 |

## Your Portfolio Allocation



Cash & Equivalent
14%

Equities
86%

Unshaded portions denote debit balance and/or short
market values. The allocation percentage is derived
from the absolute market value of your portfolio.

V878

027

06/01/05:10:18  001



**BEAR STEARNS**

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

**AMERINDO MANAGEMENT INC**

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01485 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

4 of 5

# Your Portfolio Holdings

## CASH & CASH EQUIVALENTS

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|
| CASH BALANCE | | | | 340,864 | | |
| TOTAL CASH & CASH EQUIVALENTS | | | | $340,864 | | |

## EQUITIES

### Equities & Options

| DESCRIPTION | SYMBOL/CUSIP | ACCT TYPE | QUANTITY | PRICE | MARKET VALUE | ESTIMATED ANNUAL INCOME | CURRENT YIELD (%) |
|---|---|---|---|---|---|---|---|
| XM SATELLITE RADIO HLDGS INC CL A | XMSR | MRGN | 68,000 | 32.1100 | 2,183,480 | | |
| ZEPHYR INTERNATIONAL INC NEW | ZPYR | MRGN | 1,000 | Unpriced | | | |
| Total Equities & Options | | | | | $2,183,480 | $0 | |
| TOTAL EQUITIES | | | | | $2,183,480 | $0 | |

| | | | | |
|---|---|---|---|---|
| YOUR PRICED PORTFOLIO HOLDINGS | | | | $2,524,344 |

027          03/01/05/10/18 .001          V878

# BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, New York 10179
(212) 272-2000

CLEARED THROUGH ITS
WHOLLY OWNED SUBSIDIARY
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

AMERINDO MANAGEMENT INC

| | |
|---|---|
| STATEMENT PERIOD | April 30, 2005 |
| THROUGH | May 31, 2005 |
| ACCOUNT NUMBER | 102-01485 M38 |
| TAXPAYER NUMBER | Not Applicable |
| LAST STATEMENT | April 29, 2005 |

5 of 5

## Transaction Detail

### INVESTMENT ACTIVITY

| SETTLEMENT DATE | TRADE DATE | TRANSACTION | DESCRIPTION | SYMBOL/CUSIP | QUANTITY | PRICE | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 05/23/05 | | JOURNAL | CALL GOOGLE INC  MAY 230 **** EXP 05/21/2005 A/E GGOUE230EXERCISED 00612 | 30199W9E2 | -1,000 | | | |
| 05/25/05 | 05/20/05 | BOUGHT | GOOGLE INC CL A A/E GGOUE230EXERCISED AS OF 05/20/2005 | GOOG | 100,000 | 230.0000 | 23,000,025.00 | |
| 05/25/05 | 05/20/05 | SOLD | GOOGLE INC CL A EXECUTION BY BTRD COMMISSION        5,000.00 FEE            1,004.12 AS OF 05/20/2005 | GOOG | -100,000 | 240.21910 | | 24,015,880.88 |
| TOTAL | | | | | | | $-23,000,025.00 | $24,015,880.88 |

### INTEREST

| DATE | DESCRIPTION | | SYMBOL/CUSIP | QUANTITY | RATE (%) | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|---|---|
| 05/23/05 | INT DB 102-01485  MAY 05 | | | | | 2,097.85 | |
| TOTAL | | | | | | $-2,097.85 | |

### MISCELLANEOUS

| DATE MO/DAY | TRANSACTION | DESCRIPTION | SYMBOL/CUSIP | DEBIT AMOUNT | CREDIT AMOUNT |
|---|---|---|---|---|---|
| 05/02/05 | JOURNAL | TO CLOSE LINE | | 681,137.65 | |
| 05/02/05 | JOURNAL | CASH TO CLOSE LINE | | | 681,137.65 |
| TOTAL | | | | $-681,137.65 | $681,137.65 |

# Exhibit F

EXHIBIT B TO RECEIVER'S MOTION FOR AN ORDER
(A) FIXING INVESTOR CLAIMS AND (B) AUTHORIZING INTERIM DISTRIBUTION

| Claim No. | Claimant | Total Allowed Claim (new) | REVISED Total Allowed Claim | Change | Interim Distribution Amount (new) | REVISED Interim Distribution Amount | Change |
|---|---|---|---|---|---|---|---|
| 1 | E. Ronald Salviti, M.D. | $6,000,000.00 | $6,000,000.00 | $0.00 | $2,251,953.47 | $2,251,953.47 | $0.00 |
| 2 | John Preetzmann - Aggerholm | $234,745.76 | $234,745.76 | $0.00 | $88,106.09 | $88,106.09 | $0.00 |
| 3 | QGCI Nominees Limited a/k/a Quilter Cheviot Limited f/b/a Quilter Goodison Ltd. | $95,000.00 | $95,000.00 | $0.00 | $35,655.93 | $35,655.93 | $0.00 |
| 4 | Lisa Mayer & Debra Mayer c/o Begos Brown & Green LLP | $7,658,501.23 | $7,658,501.23 | $0.00 | $2,874,431.41 | $2,874,431.41 | $0.00 |
| 6 | Elizabeth Knope | $5,021.00 | $5,021.00 | $0.00 | $1,884.51 | $1,884.51 | $0.00 |
| 7 | Michael Walsh | $180,791.19 | $247,608.19 | $66,817.00 | $67,855.56 | $92,933.69 | $25,078.13 |
| 8 | Surinder Ranetra | $250,000.00 | $250,000.00 | $0.00 | $93,831.39 | $93,831.39 | $0.00 |
| 9 | Sheridan Securities | $500,000.00 | $500,000.00 | $0.00 | $187,662.79 | $187,662.79 | $0.00 |
| 10 | James Charles | $175,726.14 | $175,726.14 | $0.00 | $65,954.52 | $65,954.52 | $0.00 |
| 11 | Ariadna Sanchez | $2,076,274.00 | $2,076,274.00 | $0.00 | $779,278.74 | $779,278.74 | $0.00 |
| 12 | Robin Sayko | $199,028.08 | $275,872.99 | $76,844.91 | $74,700.33 | $103,542.19 | $28,841.86 |
| 13 | Donald & Marilyn Walsh | $150,775.48 | $225,775.13 | $74,999.65 | $56,589.89 | $84,739.17 | $28,149.28 |
| 14 | Frank Harris | $47,400.00 | $47,400.00 | $0.00 | $17,790.43 | $17,790.43 | $0.00 |
| 15 | Charles Kaye | $174,988.00 | $174,988.00 | $0.00 | $65,677.47 | $65,677.47 | $0.00 |
| 16 | Alfred Heitkoenig for himself and on behalf of Elna Charlotte Olga a/b/a Elna Heitkoenig and Maaike Maria Hickok a/b/a Heitkoenig | $5,259,365.37 | $5,259,365.37 | $0.00 | $1,973,974.35 | $1,973,974.35 | $0.00 |
| 17 | The Winsford Corporation | $1,500,000.00 | $1,500,000.00 | $0.00 | $562,988.37 | $562,988.37 | $0.00 |
| 18 | Peter Sweetland | $41,670.47 | $41,670.47 | $0.00 | $15,639.99 | $15,639.99 | $0.00 |
| 19 | John W. Sweetland, Sr. | $1,874,988.59 | $1,874,988.59 | $0.00 | $703,731.18 | $703,731.18 | $0.00 |
| 20 | Timothy Sweetland | $191,670.47 | $191,670.47 | $0.00 | $71,938.83 | $71,938.83 | $0.00 |
| 21 | John W. Sweetland, Jr. | $41,670.47 | $41,670.47 | $0.00 | $15,639.99 | $15,639.99 | $0.00 |
| 22 | Anthony W. Gibbs | $1,287,619.98 | $1,287,619.98 | $0.00 | $483,276.71 | $483,276.71 | $0.00 |
| 23 | Patricia A. Ksbara | $61,129.73 | $135,770.62 | $74,640.89 | $22,943.55 | $50,958.18 | $28,014.63 |
| 24 | National Investors Group Holdings Ltd. f/b/a NIG-Ameritech Ltd. | $1,000,000.00 | $1,000,000.00 | $0.00 | $375,325.58 | $375,325.58 | $0.00 |
| 25 | Angelica Jordan | $3,344,967.13 | $3,344,967.13 | $0.00 | $1,255,451.72 | $1,255,451.72 | $0.00 |
| 29-a | Paul Marcus | $3,025,835.38 | $3,025,835.38 | $0.00 | $1,135,673.41 | $1,135,673.41 | $0.00 |
| 29-b | The Deane J. Marcus Trust | $425,776.89 | $425,776.89 | $0.00 | $159,804.96 | $159,804.96 | $0.00 |
| 29-c | The Steven E. Marcus Trust | $425,776.89 | $425,776.89 | $0.00 | $159,804.96 | $159,804.96 | $0.00 |
| 29-d | The Cheryl Marcus-Podhaizer Trust | $516,322.05 | $516,322.05 | $0.00 | $193,788.87 | $193,788.87 | $0.00 |
| 29-e | The Eve S. Marcus Children's Trust | $30,000.00 | $30,000.00 | $0.00 | $11,259.77 | $11,259.77 | $0.00 |
| 30 | Imagineers Profit Sharing Plan | $169,503.13 | $169,503.13 | $0.00 | $63,618.86 | $63,618.86 | $0.00 |
| 32 | Lily Cates | $9,198,189.51 | $9,198,189.51 | $0.00 | $3,452,315.80 | $3,452,315.80 | $0.00 |
| 33 | Robert Cox | $85,248.51 | $85,248.51 | $0.00 | $31,995.95 | $31,995.95 | $0.00 |
| Other | Gracida Lecube Chavez | $48,434.12 | $48,434.12 | $0.00 | $18,178.56 | $18,178.56 | $0.00 |
| Total | | $46,276,419.57 | $46,569,722.02 | $293,302.45 | $17,368,723.94 | $17,478,807.84 | $110,083.90 |

Amerindo Investment Advisors Inc. et. al.
Summary of Claims and Distributions Scenarios

| Investment Instrument | 1a Amended Motion (as Filed) | 1b Amended Motion (Adjusted for Walsh Claims) [No Additional Interest Through May 25, 2005] | | Interest Calculation From Contribution Date and/or Last Statement Date Through May 25, 2005 | 2 Claims Calculation with Interest for All Investment Instruments (ATGF, GFRDA and Other) thru May 25, 2005 | |
|---|---|---|---|---|---|---|
| Investments by Instrument: | | | | | | |
| ATGF | $ 20,453,762.42 | $ 20,453,762.42 | 43.9% | $ 10,151,234.44 | $ 30,604,996.86 | 50.2% |
| GFRDA | 13,794,828.12 | 14,256,581.09 | 30.6% | 3,259,118.63 | 17,515,699.72 | 28.7% |
| Other Instruments (1) | 12,027,829.03 | 11,859,378.51 | 25.5% | 1,040,151.73 | 12,899,530.24 | 21.1% |
| Total Claims | $ 46,276,419.57 | $ 46,569,722.02 | 100.0% | $ 14,450,504.80 | $ 61,020,226.82 | 100.0% |
| ADDITIONAL Interest Calculation From 5/25/05 through 12/31/13 | 24,422,765.28 | 24,572,558.09 | | | 32,203,932.17 | |
| Total Claims (with Interest through 12/31/13) | $ 70,699,184.85 | $ 71,147,280.11 | | | $ 93,224,158.99 | |

(1) The Other Instruments are noted as the following allowed claims per Scenario 1b, aggregating $11,859,378.51:
Claim #6 - Elizabeth Knope - Claim for Rhodes Capital that was never converted to GFRDA, net of distributions received ($5,021.00)
Claims #25 - Angela Jordan - Claim for Amerindo International Investment Fund I and Individual portfolio of equities per the Last Statement Balance ($2,656,168.00)
Claims #32 - Lily Cates - Claim for SBIC, Rhodes Capital and dividends and interest per the Last Statement Balance ($9,198,189.51)