LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                                     http://www.mbachlaw.com
* admitted in N.Y., MN and D.C.                                       michael@mbachlaw.com

July 14, 2014

<u>By ECF</u>
<u>Courtesy copy by email to chambers</u>

The Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

                                          ***Re: United States v. Alberto Vilar,***
                                          ***05 Cr. 621 (RJS)***

Dear Judge Sullivan:

      I have been appointed by the Second Circuit Court of Appeals, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Alberto Vilar in the appeal of the above-referenced matter, and submit this letter-motion to respectfully request that this Court stay the order of forfeiture, dated, April 25, 2014 (*ecf* #684), as well as the fine incorporated into Mr. Vilar's Judgment of that same date (*ecf* #686), pending resolution of said appeal, <u>United States v. Tanaka (Vilar)</u>, 14-1452 (L), 14-1453 (con) (2d Cir.). <u>See</u> Fed.R.Crim.P. 32.2(d), 38(c), and 38(e)(1).

      Rule 32.2(d) of the Federal Rules of Criminal Procedure states:

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review.  A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests.  If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Similarly, Rule 38(c) of the Federal Rules of Criminal Procedure states, in relevant part, "If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs…."

Here, this Court re-sentenced Mr. Vilar on April 24, 2014, after remand for re-sentencing from the Second Circuit, to a term of 60 months imprisonment on counts 1, 4, 5, and 12, and 120 months imprisonment on counts, 2, 3, and 6-11, all to run concurrently, imposed a fine of $10,000,000.00, and ordered restitution in the amount of $26,637,502.69. See Judgment, filed, April 25, 2014 (*ecf* #686); see also Order, dated, April 25, 2014 (*ecf* #682) (order of restitution). This Court also issued an order directing forfeiture in the amount of $20,578,855.28 pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 21 U.S.C. § 982. See Order, dated, April 25, 2014 (*ecf* #684) (order of forfeiture). The combined financial encumbrance of this Court's orders totals $57,216,357.91. A timely Notice of Appeal was filed on April 24, 2014 (see *ecf* #690).

As this Court is aware, the appellate process generally takes 1-2 years from inception to completion, and sometimes longer in cases with extensive records such as is the case here.[1] While every effort will be made to expedite the appellate process, such timeline remains likely, at a minimum, in light of the fact that new counsel has been appointed for each appellant (I have been appointed to represent Alberto Vilar on appeal, and Barry D. Leiwant of the Federal Defenders has been appointed to represent Gary Tanaka on appeal), and time will therefore be required for appellate counsel to familiarize ourselves with the extensive record directly involved in this case, as well as the relevant records associated with the other related proceedings such as SEC v. Amerindo Investment Advisors Inc., et al., 05 Cv. 5231 (RJS).

Here, both defendants' financial assets have already been seized by the Government or are under the control of the court-appointed receiver. As a result, neither defendant is in the position to evade compliance. To the contrary, the seizure of the defendants' assets has already ensured compliance with whatever final orders are ultimately upheld on appeal. The instant application is made, however, to ensure that Mr. Vilar's assets are not dispersed prior to a final resolution of said appeal.

As this Court is aware, the Second Circuit has already remanded this case once for re-sentencing, so it is reasonable to assume that there exists at least a possibility that the case could be remanded a second time. Further, a motion to vacate defendants' conviction and sentence, pursuant to 28 U.S.C. § 2255, remains pending before this Court (see Memorandum in Anticipation of the Sentencing of Alberto Vilar, and in Support of the Defendants' Motion for a New Trial, dated, April 14, 2014 [*ecf* #671], at 50-79; see

---

[1] The undersigned has recently requested that the Second Circuit set a July 1, 2015, deadline for the filing of Appellant Vilar's Opening Brief on Appeal, due entirely to the length and complexity of the District Court record. The Government does not oppose the undersigned's scheduling request and it is expected that counsel for Appellant Tanaka will join in the request as well.

<u>also</u> Transcript, dated, April 24, 2014, at 8).  If granted, or granted on appeal, defendants' 2255 application would directly impact defendants' Judgment and Forfeiture orders.

Accordingly, to ensure that Mr. Vilar's "property remains available pending appellate review", property which in this case includes three substantial money judgments totaling $57,216,357.91, the undersigned respectfully requests a stay of the fine and forfeiture orders issued in this case, pending a resolution of Mr. Vilar's appeal, pursuant to Rules 32.2(d) and 38(c) of the Federal Rules of Criminal Procedure.

The undersigned has spoken with Barry D. Leiwant, counsel for co-Defendant-Appellant Gary Tanaka, and he joins in the instant application on behalf of Mr. Tanaka and Mr. Tanaka's interests.

Respectfully submitted,

Michael K. Bachrach
*Attorney for Alberto Vilar*

MKB/mb
cc:	All parties of record (by ECF)