LAW OFFICE OF

# MICHAEL K. BACHRACH

276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                                      http://www.mbachlaw.com
* admitted in N.Y., MN and D.C.                                            michael@mbachlaw.com

July 30, 2014

<u>By ECF</u>
<u>Courtesy copy by email to chambers</u>

The Hon. Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

*Re: United States v. Alberto Vilar,*
*05 Cr. 621 (RJS)*

Dear Judge Sullivan:

I represent Defendant Alberto Vilar in the appeal of the above-referenced matter, and submit this letter to reply in further submit of Defendants' motion to stay the order of forfeiture, dated, April 25, 2014 (*ecf* #684), as well as the fine incorporated into Mr. Vilar's Judgment of that same date (*ecf* #686), pending resolution of said appeal, <u>United States v. Tanaka (Vilar)</u>, 14-1452 (L), 14-1453 (con) (2d Cir.).   <u>See</u> Fed.R.Crim.P. 32.2(d), and 38(c).  Since Your Honor's Order, dated, July 15, 2014 (*ecf* #697), directed the Government to respond to the instant motion but did not specify whether a reply brief from the defense could follow, the undersigned also respectfully requests permission to do so herein.

At the outset, the defense notes that there does not appear to be any dispute with regard to staying the fine incorporated into Mr. Vilar's Judgement.   Since the $10,000,000 fine is a component of Mr. Vilar's sentence, which is now pending appeal, the Government has represented that it "will not seek to collect upon the fine until [Mr. Vilar's] judgment of conviction becomes final" (Gov't letter, dated, July 20, 2014, at 2).  As such, the only question to be presently resolved is whether to stay the order of forfeiture as well.  For the reasons that follow, we respectfully submit that a stay is appropriate in this case.

Rule 32.2(d) of the Federal Rules of Criminal Procedure provides that an order of forfeiture may be stayed pending appeal "to ensure that the property remains available pending appellate review."  Notably, "A stay does not delay the ancillary proceeding or

the determination of a third party's rights or interests.  If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record."

Here, the Government's opposition to the stay of the forfeiture order is two-fold: first, the Government argues that Rule 32.2(d) relates solely to forfeitures of property or assets but not a "money judgment" and "[t]hus, contrary to the defendant's claim, there is no risk that any property or assets will be dispersed (or become unavailable) pending appellate review" (Gov't letter, dated, June 20, 2014, at 2) (citations omitted); second, the Government argues that "the property subject to restraint by this Court – including the investor accounts at JP Morgan, for example – is being overseen by the Receiver in SEC v. Amerindo, No. 05 Civ. 5231 (RJS)," that "[t]he Receiver's work is ongoing," and "those assets … cannot be dispersed without further application to this Court for the forfeiture of specific property" (id.).

With respect to the Government's first argument, the Government cites to no case – and defense counsel knows of none – that stands for the proposition that Rule 32.2(d) is inapplicable to forfeiture orders related to "money judgments" as opposed to "property" or "assets".  As Judge Weinstein explained in United States v. All Funds on Deposit in Any Accounts Maintained at Merrill Lnch, Pience, FEnner & Smith, 801 F.Supp. 984, 999-1000 (EDNY 1992) (hereinafter cited as, "All Funds"), aff'd sub nom., United States v. Daccarett, 6 F.3d 37 (2d Cir. 1993), "Since the funds are in the possession of the court and gathering interest, there will be no prejudice to the government from a stay of execution of judgment."

> Unlike the typical case where the defendant's ship stealthily absconds from port and leaves the plaintiff with no *res* from which to collect, here the defendant *res* is in the possession of the United States and thus in no danger of disappearing.... Having prevailed below, the government, if it wins on appeal is assured of execution regardless of whether [claimant] files a bond or stays execution of the judgment.

All Funds, 801 F.Supp. 999-1000 (brackets in original), quoting, United States v. $95,945.18 in United States Currency, 913 F.2d 1106, 1109 (4th Cir. 1990); see also United States v. Bowling, Docket No. 07 Cr. 196-C, 2008 WL 4225036, at *2 (W.D. Okla. September 10, 2008) (court grants stay of execution of money judgment vis-à-vis forfeiture proceedings but prohibits defendant from "disposing of any property or other assets that would hinder Plaintiff's ability to enforce the judgment, if available, after disposition of the appeal").

With respect to the Government's second argument, the Government appears to concede that a stay of the forfeiture order will not interfere with the Receiver's ongoing

The Hon. Richard J. Sullivan
July 21, 2014
Page 3 of 3

work, and also concedes that the money in question cannot be dispersed by the Receiver without further application to this Court. By implication then, the only question that remains is whether a stay of the criminal forfeiture is appropriate to ensure that no applications are granted in a forum (i.e., the civil SEC case) that will directly impact the money judgment in the criminal case while the criminal case remains pending on appeal?

Here, Second Circuit had remanded this case for de novo re-sentencing but with the specific direction that, "The District Court must, on remand, determine what acts constitute offense conduct for purposes of calculating loss amount at sentencing, as well as the amount subject to forfeiture." United States v. Vilar, 729 F.3d 62, 99 (2d Cir. 2013).

While the parties may dispute on appeal whether this Court's findings on remand sufficiently addressed the Second Circuit's remand order, for present purposes we respectfully submit that all that is presently relevant is that this Court tied the loss calculations related to Mr. Vilar's sentence of imprisonment to the calculations relevant to the amount subject to forfeiture. See Sentencing Transcript, dated, April 24, 2014, at 30 (this Court holding, "With respect to forfeiture, I find that the appropriate amount is the full loss amount minus the $200,000 that's already been paid to the Mayers."). As such, any successful appeal of this Court's calculations of the loss amount will directly impact this Court's determination of the appropriate forfeiture award.

In light of the fact that the funds in question are already under the control of the Court and/or the Receiver, there is no danger that Mr. Vilar will dissipate the funds while incarcerated pending the outcome of his appeal. There is a very real danger, however, that the funds in question – the res of various accounts to which the defendants no longer maintain control – will be greatly dissipated by the Government or the Receiver if no stay is ordered.

Accordingly, Defendant Vilar respectfully submits that the instant motion for a stay of enforcement of the forfeiture order should be granted in its entirety.

The undersigned has spoken with Barry D. Leiwant, counsel for co-Defendant-Appellant Gary Tanaka, and he once again joins in the instant application on behalf of Mr. Tanaka and Mr. Tanaka's interests.

Respectfully submitted,

Michael K. Bachrach
*Attorney for Alberto Vilar*

MKB/mb
cc:    All parties of record (by ECF)