UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-14

UNITED STATES OF AMERICA

-v-

ALBERTO VILAR and GARY TANAKA,

Defendants.

No. 05-cr-621 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is a letter from Defendants seeking stays of (1) forfeiture pursuant to Rule 32.2(d) of the Federal Rules of Criminal Procedure and (2) fines pursuant to Rule 38(c) of the Federal Rules of Criminal Procedure. (Doc. No. 697.)[1] The Court is also in receipt of the government's letter in response (Doc. No. 699), and Defendants' reply (Doc. No. 700). For the reasons set forth below, the requests are denied.

With respect to the request to stay the forfeiture orders, Rule 32.2(d) allows a court to "stay [an] order of forfeiture on terms appropriate to ensure that the [forfeited] property remains available pending appellate review." Fed. R. Crim. P. 32.2(d). However, "the purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." Fed. R. Crim. P. 32.2 advisory committee's note; *see also United States v. Faison*, No. 07-cr-700 (SJF), 2008 WL 596816, at *1 (E.D.N.Y. Feb. 29, 2008) ("The purpose of Rule 32.2(d) is to insure the integrity of identifiable forfeited property which will be returned to a defendant if an appeal is successful."). As such, a stay under Rule

---

[1] Defendants' letter also cites Rule 38(e)(1) (Doc. No. 697 at 1), which addresses stays of an order of restitution, but the letter does not request a stay of the Court's orders of restitution. (*See id.* at 2 ("[T]he undersigned respectfully requests a stay of the fine and forfeiture orders issued in this case . . . .").)

32.2(d) is inappropriate where, as here, the defendants were ordered to forfeit a sum of money as opposed to specific property. *See Faison*, 2008 WL 596816, at *1 ("If defendant is successful upon appeal, the government will issue an appropriate payment as opposed to the actual fungible currency seized at the time of defendant's arrest. Therefore, defendant's motion for a stay of the Order of Forfeiture pending appeal is denied."). Money is easily fungible, and the Court sees little risk that, if Defendants are successful on appeal, the government would be unable to fully repay them.

With respect to the request to stay the fines, the government has represented to the Court that it does not intend to attempt to collect the fines until after the convictions are final. (Doc. No. 699 at 2.) Therefore, if Defendants do not prevail on appeal, the only consequence of a stay would be to save Defendants the costs of ultimately paying interest on the fines for the period their appeal was pending. To the extent they remain in possession of the money, however, it is appropriate that they be responsible for paying over the potential economic returns of that money. Defendants should not be able to use an appeal to obtain what would amount to an interest-free loan from the government. If, on the other hand, Defendants do prevail on appeal and their fine is reduced or eliminated, even without a stay they would not have to pay the full fine or interest on the full fine.

Accordingly, IT IS HEREBY ORDERED THAT Defendants' requests for a stay are DENIED.

SO ORDERED.

Dated:   July 24, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2