UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/19/20

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

-v-

AMERINDO INVESTMENT ADVISORS
INC., *et al.*,

        Defendants.

No. 05-cv-5231 (RJS)

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR, *et al.*,

        Defendants.

No. 05-cr-621 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On December 9, 2019, the Court entered a Second Preliminary Order of Forfeiture as to Substitute Assets. (Doc. No. 848.) The Court then received (1) a letter from Defendant Vilar, dated December 10, 2019, requesting that the Court vacate the Second Preliminary Order of Forfeiture as to Substitute Assets (Doc. No. 852); (2) a letter from Vivian Shevitz, who represents Defendant Tanaka in this matter on appeal, *see* 2d Cir. Nos. 17-2534, 17-2541, 19-2492, 19-2602, dated December 10, 2019, requesting that the Court appoint counsel for Defendant Tanaka with respect to forfeiture in this matter and also that it vacate the Second Preliminary Order of Forfeiture as to Substitute Assets (Doc. No. 849); (3) a letter from the government, dated December 11, 2019, responding to those letters (Doc. No. 853); and (4) a letter from Defendant Vilar, dated December

11, 2019, replying to the government's letter (Doc. No. 854). On December 13, 2019, the Court issued an Order denying the motion to appoint counsel made by Ms. Shevitz and the motions to vacate the Second Preliminary Order of Forfeiture as to Substitute Assets. (Doc. No. 855.)

The Court is now in receipt of a letter from Ms. Shevitz, dated December 17, 2019, requesting reconsideration of the Court's December 13, 2019 Order. (Doc. No. 858.) "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). First, Ms. Shevitz requests that the Court reconsider its denial of her motion to appoint counsel for Defendant Tanaka. As the Court stated in its December 13, 2019 Order, Ms. Shevitz cannot make such a motion, as she does not represent Defendant Tanaka in this matter. (Doc. No. 855.) *See also United States v. Vilar*, 731 F.3d 255, 255, 257 (2d Cir. 2013) (finding that Ms. Shevitz did not "ha[ve] authority to seek any relief with respect to representation of Tanaka," including to move for "appointment of counsel from this Court's Criminal Justice Act ('CJA') Panel for Tanaka," as she had filed a Notice of Appearance but asserted only "variously limited formulations of [her] role on behalf of Tanaka" that did not "include any authority over his representation for whatever matters remain in connection with this appeal"). Additionally, as the Court emphasized, it previously declined such a request in an Order dated September 7, 2018 in light of persuasive authority that a defendant has no right to counsel in such matters and the fact that Defendant Tanaka's prior counsel, the Federal Defenders of New York, declined to represent him in connection with the enforcement of forfeiture orders.[1] (*See* Doc. Nos. 774, 782, 855.) Ms.

---

[1] According to a letter from Defendant Tanaka's prior counsel, "[o]nce a conviction becomes final, it is the policy of Federal Defenders of New York not to represent our clients on the enforcement of money judgments that may have been imposed as part of the final judgment." (Doc. No. 774.) Because "the conviction became final almost two years ago, and the Government's application involves only the mechanics of collecting the forfeiture that was imposed as part of that judgment," the Federal Defenders concluded that continued representation of Defendant Tanaka in this matter was not warranted. (*Id.*)

Shevitz cites to no persuasive authority to suggest that Defendant Tanaka has a right to counsel in such matters nor has she identified any facts or information that the Court overlooked in reaching its prior decision. Accordingly, IT IS HEREBY ORDERED THAT Ms. Shevitz's motion for reconsideration of the Court's December 13, 2019 Order with respect to the appointment of counsel is DENIED.

Second, Ms. Shevitz requests that the Court reconsider its denial of her motion to vacate the Second Preliminary Order of Forfeiture as to Substitute Assets. The government sought forfeiture of "substitute property" – Vilar and Tanaka's interest in a J.P. Morgan Chase brokerage account identified in the Second Preliminary Order of Forfeiture (the "Additional Assets") – "pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p)." (Doc. No. 845.) Section 853 provides that, if, due to the defendant's own actions or omissions, forfeitable property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been commingled with other property which cannot be divided without difficulty," the "court shall order the forfeiture of any other property of the defendant, up to the value of property" at issue in the forfeiture order. 21 U.S.C. § 853(p). Rule 32.2 provides that the Court may enter such an order "[o]n the government's motion[,] . . . at any time." Fed. R. Crim. P. 32.2(e).[2] Moreover, although Ms. Shevitz points only to the vacated forfeiture orders in this case, the record is clear that on April 25, 2014, the Court entered Preliminary Orders of Forfeiture against Defendants Vilar and Tanaka (Doc. Nos. 684, 687), and Defendants' convictions, including

---

[2] Contrary to Ms. Shevitz's suggestion, the government is not seeking forfeiture of property that "was located and identified after [a forfeiture] order was entered." (*See* Doc. No. 858 at 7.) Rule 32.2 provides that "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that: (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; *or* (B) is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e) (emphasis added).

the forfeiture order, have been upheld on appeal (Doc. No. 710).

As the Court stated in its December 13, 2019 Order, the Second Preliminary Order of Forfeiture does not suggest that the *entirety* of the J.P. Morgan Chase brokerage account constituting the Additional Assets is subject to forfeiture; to the contrary, the Order merely states that "*Defendants' right, title and interest in* the Additional Assets are hereby forfeited to the United States of America . . . except to the extent that the total portion of the Substitute Assets and the Additional Assets ultimately forfeited to the United States in a Final Order of Forfeiture . . . exceeds the amounts of the Money Judgments." (Doc. No. 848 ¶ 1 (emphasis added).) Again, Ms. Shevitz does not represent Defendant Tanaka in this matter. Nonetheless, she equivocates as to Tanaka's ownership of the Additional Assets.[3] But the exact extent of Defendants' interests in the Additional Assets is a matter to be resolved in the ancillary proceeding. (*See* Doc. No. 853.) As the Sixth Circuit noted in *United States v. Coffman*, a case cited by the Second Circuit in *United States v. Daugerdas*, 892 F.3d 545, 557 n.14 (2d Cir. 2018), a defendant "cannot assert a third party's interest in substitute property in a direct challenge to a preliminary forfeiture order" as "'[t]he forfeiture statute makes it clear that an ancillary proceeding is the sole avenue for a third party to assert an interest in forfeitable property.'" 574 Fed. Appx. 541, 563 (6th Cir. 2014) (quoting *United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012)); *see also* 21 U.S.C. § 853; *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) ("It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets – after the preliminary forfeiture order has been entered.").

---

[3] Indeed, Ms. Shevitz argues that Defendant Tanaka has a right to "determin[e] *whether* property – untainted property – is subject to substitute asset forfeiture" because "[t]he Constitution and rules do not allow cutting off defendants' rights to property before the sentencing requisites are met" (Doc. No. 858 at 2), while at the same time insisting that the Additional Assets are "not the property of the defendants" (*id.* at 5), since they only have an "eventual beneficial interest[] in the UK pension asset" (*id.* at 9).

4

In any event, the Motion to Vacate the Second Preliminary Order of Forfeiture is not actionable at this time since Defendant Vilar filed a Notice of Appeal of that same Order on December 16, 2019. (Doc. No. 856.) The filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see United States v. Connelly*, No. 3:16-CR-125 (MPS), 2019 WL 5966445, at *2 (D. Conn. May 7, 2019) (finding that the defendant's "filing of a notice of appeal from the judgment divest[ed] [the district court] of jurisdiction to amend or reconsider the judgment itself" and the associated forfeiture order); *United States v. Bennett*, No. 97 CR. 639 (SAS), 2004 WL 829015, at *3 (S.D.N.Y. Apr. 15, 2004) ("Although the district court has jurisdiction to consider third party claims to property [subject to a forfeiture order,] . . . after a notice of appeal is filed, the district court lacks jurisdiction to consider a defendant's claims." (quoting *United States v. Libretti*, 38 F.3d 523, 527 (10th Cir.1994)). "A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Accordingly, because the Court does not have jurisdiction to vacate the Second Preliminary Order of Forfeiture, Ms. Shevitz's motion to reconsider the December 13, 2019 denial of vacatur is DENIED.[4]

SO ORDERED.

Dated:     January 14, 2020
              New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation

---

[4] It bears noting that, according to the government, its policy is to "forestall distribution of the defendants' assets pending a final resolution" of such an appeal. (Doc. No. 839.)