UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>ALBERTO WILLIAM VILAR, *et al.*,<br><br>                              Defendants. | No. 05-cr-621 (RJS)<br><br>FINAL ORDER OF FORFEITURE |

RICHARD J. SULLIVAN, Circuit Judge:

On or about August 2, 2019, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (Doc. No. 802), which awarded to the government all right, title, and interest of defendant GARY TANAKA[1] in, *inter alia*, the following property:

> Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.

(the "Substitute Asset," and collectively with other property listed in the Substitute Assets Order, the "Substitute Assets").

The Substitute Assets Order directed the government to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the government's intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).

---

[1] As the Court noted in its Opinion and Order of September 12, 2024, pursuant to which this Final Order of Forfeiture is submitted, defendant Alberto Vilar died in September 2021.  (Doc. No. 1037 at 2).  Therefore, this Final Order of Forfeiture is submitted pursuant to the outstanding forfeiture obligation of defendant Gary Tanaka.

The provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset.  Accordingly, beginning on August 8, 2019, for thirty (30) consecutive days, through September 6, 2019, the government posted a Notice of Forfeiture and of the government's intent to dispose of the Substitute Asset on an official government internet site (www.forfeiture.gov), pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.  Proof of such publication was filed with the Clerk of the Court on September 13, 2024.  (Doc. No. 1038).

Pursuant to Title 21, United States Code, Section 853(n), the government also sent direct notice of the Substitute Assets Order to approximately forty investor-claimants and creditors identified in the related civil action *Securities and Exchange Commission v. Amerindo Investment Advisors, Inc.*, No. 05-cv-5231(RJS).  Eight groups of claimants then filed petitions:  (1) Paul Marcus, The Deane J. Marcus Trust, The Steven E. Marcus Trust, The Cheryl Marcus-Podhaizer Trust, and The Eve S. Marcus Children's Trust (the "Marcus Claimants") (Doc. No. 816); (2) Vivian Shevitz (Doc. No. 826); (3) Alfred Heitkonig (Doc. No. 828); (4) John Preetzman-Aggerholm (Doc. No. 829); (5) E. Ronald Salvitti (Doc. No. 830); (6) Angelika Jordan (Doc. No. 841); (7) Lauranne Christov (Doc. No. 842–43); and (8) Debra and Lisa Mayer (the "Mayers") (Doc. No. 824) (collectively, the "Petitions").

On or about September 30, 2021, the Court denied the petitions of Vivian Shevitz and Lauranne Christov.  (Doc. No. 972).  The Mayers then conceded at oral argument on December

2

15, 2022, that they were not asserting a perfected lien against the Substitute Asset and so had no legal interest in the Substitute Asset. (Doc. No. 1031 at 68). On or about September 12, 2024, the Court denied the remaining petitions of the Marcus Claimants, Alfred Heitkonig, John Preetzman-Aggerholm, E. Ronald Salvitti, and Angelika Jordan. (Doc. No. 1037 (the "September Order")). The September Order also directed the government to submit a draft final order of forfeiture for the Substitute Assets in favor of the United States.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. All right, title, and interest in the Substitute Asset is forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America is deemed to have clear title to the Substitute Asset.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 1039.

SO ORDERED.
Dated:   October 10, 2024
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

3